E. SCOTT DOSEK (AZSBN #012114)
JOHN P. PASSARELLI
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ  85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>　　　　　Defendant. | NO.:<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF AND DEMAND FOR JURY TRIAL** |

Plaintiff, Soilworks, LLC ("Soilworks"), brings this action against Defendant, Midwest Industrial Supply, Inc. ("Midwest"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is a Complaint for an injunction, damages and other appropriate relief to stop Midwest from misrepresenting material facts concerning Soilworks and its products and Midwest and its products. In this action, Soilworks asserts violations of the Lanham Act, 15 U.S.C. § 1041 et. seq., of the Arizona Deceptive Trade Practices Act, and of Arizona common law. In addition, Soilworks seeks declaratory relief under 28 U.S.C. §§ 2201 and 1338 with regard to U.S. Patent No. 7,081,270 which Midwest purports to own.

2. This Court has subject matter over Soilworks' claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and supplemental jurisdiction under 28 U.S.C. § 1367.

4811-3471-4881.1

3. This Court has personal jurisdiction over Midwest by virtue of the fact that Midwest does business in this judicial district, has a substantial nexus with the State of Arizona and has committed tortious conduct in this judicial district.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because (i) Midwest conducts business in this judicial district; and (ii) a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property that is the subject of the action is situated, in this judicial district.

**THE PARTIES**

5. Soilworks is a limited liability company that maintains its principal place of business at 681 North Monterey Street, Suite 101, Gilbert, Arizona 85233. All of the members of Soilworks are residents and citizens of the state of Arizona.

6. Upon information and belief, Midwest is a corporation incorporated under the laws of a state other than Arizona and maintains its principal place of business in Canton, Ohio.

**FACTUAL BACKGROUND**

7. Soilworks distributes environmentally-safe soil stabilizers, dust control agents and erosion control agents throughout the United States. Soilworks has spent substantial resources in the form of effort and capital in the sourcing, distribution and marketing of the foregoing products and has built a reputation for providing excellent products in a timely manner at a reasonable price. Soilworks' business is national in scope and Soilworks has earned the respect of distributors, customers and end users throughout the United States.

8. Midwest competes with Soilworks and has recently embarked on a scheme to injure the reputation that Soilworks has established with its distributors, customers and end users. Pursuant to this scheme, Midwest has disparaged Soilworks and its products, falsely represented that Soilworks is infringing alleged patent rights of Midwest, and falsely represented that Soilworks' products fall within the scope of alleged patent claims owned by Midwest. Midwest also falsely represents characteristics and attributes of its company and products. Pursuant to this scheme, Midwest has attempted to divert sales from Soilworks

and injure Soilworks' reputation by, among other things, representing that Soilworks' products infringe Midwest's alleged patent rights.

9. Midwest has disseminated information and documentation to Soilworks' distributors, customers and end users which is inaccurate, misleading and which is causing irreparable harm and damage to Soilworks, Soilworks' reputation and the reputation of Soilworks' products.

10. Midwest's conduct is intended to cause mistake, deception and consumer confusion and was done by Midwest with the intention of damaging Soilworks and the reputation Soilworks has earned in the industry. The conduct of Midwest wrongfully diverts the potential market and customer loyalty to which Soilworks is entitled.

11. Defendant has engaged in the foregoing wrongful conduct intentionally and in order to profit from such conduct. Midwest's conduct is causing, and will continue to cause, irreparable harm to Soilworks and to tarnish and diminish the substantial goodwill Soilworks has cultivated with respect to its company, products and the proprietary rights associated therewith.

12. Midwest has allegedly obtained a United States Patent with respect to a method of chemical soil stabilization and dust control, U.S. Patent No. 7,081,270. Midwest intentionally has misrepresented the scope of said patent rights and has misrepresented to Soilworks' distributors, customers and end users that Soilworks' products fall within the scope of said patent rights, which is false. Midwest has also represented to Soilworks' distributors, customers and end users that Midwest owns a proprietary position with regard to Midwest's products and services which is false and/or misleading.

13. Midwest has disseminated marketing communications with regard to U.S. Patent No. 7,081,270 that are false, misleading and intended to tarnish and diminish the substantial goodwill Soilworks has cultivated with respect to its company, products and Soilworks' proprietary rights associated therewith.

14. Midwest has disseminated marketing communications with regard to U.S. Patent No. 7,081,270 that are false, misleading and intended to misrepresent characteristics of Midwest's products and its proprietary position with regard to those products.

## COUNT I

## FALSE REPRESENTATION UNDER LANHAM ACT, § 43(A)

15. Soilworks incorporates by reference paragraphs 1 through 14 above.

16. Midwest is disseminating information and documentary materials in a manner that is likely to cause confusion, mistake and deception among consumers of Soilworks' products regarding Soilworks' conduct and products. Such activities will mislead and divert customers of Soilworks and damage and tarnish the excellent reputation Soilworks has established in the marketplace.

17. Midwest has used, and continues to use, false and misleading statements and representations of fact in commercial advertising and promotion, thereby misrepresenting the nature, characteristics and qualities of their products, services and commercial activities of those of competitors.

18. Midwest's conduct constitutes false designation of origin and association in violation of the Lanham Act, 15 U.S.C. § 1125(a).

19. Midwest's unlawful conduct is causing Soilworks severe and irreparable harm that cannot be adequately remedied solely by monetary damages. Unless restrained and enjoined by this Court, Midwest's unlawful actions are likely to continue, to Soilworks' harm and detriment.

## COUNT II

## DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

20. Soilworks incorporates by reference paragraphs 1 through 19 above.

21. Midwest has averred that the U.S. Patent No. 7,081,270 was duly and legally issued, that Midwest is the lawful owner, including the right to sue and to recover for any and all infringement of U.S. Patent No. 7,081,270 and that Soilworks infringes said patent.

22. Soilworks denies that, either directly, contributorily and by inducement, it has infringed, and that it is infringing, any valid and/or enforceable claim of U.S. Patent No. 7,081,270 and Soilworks further asserts that U.S. Patent No. 7,081,270 is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103 and 112.

23. Soilworks alleges that there has been and is now an actual controversy between Soilworks and Midwest as to the validity and scope of U.S. Patent No. 7,081,270.

## COUNT III
## MISAPPROPRIATION OF GOODWILL

24. Soilworks incorporates by reference paragraphs 1 through 23 above.

25. Midwest's conduct, as set forth above, constitutes misappropriation of Soilworks' valuable goodwill, reputation and business property.

26. As a direct result of Midwest's actions, as set forth above, Soilworks has been damaged. Midwest's unlawful conduct has caused Soilworks severe and irreparable harm that cannot be adequately remedied solely by monetary damages. Unless restrained and enjoined by this Court, Midwest's unlawful actions are likely to continue, to Soilworks' harm and detriment.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS
## RELATIONSHIP AND EXPECTANCY

27. Soilworks incorporates by reference paragraphs 1 through 26 above.

28. Soilworks makes a substantial number of sales and has established customer relationships and has the expectancy to establish additional customer relationships as a result of the excellent reputation of its products.

29. Midwest knows of Soilworks' business relationships and expectancies and without justification, intentionally interfered with existing business relationships and has sought to frustrate Soilworks expected customer relationships.

30.  As a direct result of Midwest's actions, as set forth above, Soilworks has been damaged. Midwest's unlawful conduct is causing Soilworks severe and irreparable harm that cannot be adequately remedied solely by monetary damages. Unless restrained and enjoined by this Court, Midwest's unlawful actions are likely to continue, to Soilworks' harm and detriment.

## COUNT VI

## ARIZONA COMMON LAW AND UNFAIR COMPETITION

31.  Soilworks incorporates by reference paragraphs 1 through 30 above.

32.  Midwest's conduct constitutes unfair competition prohibited by Arizona common law. Midwest's conduct has caused, and will continue to cause, damage to Soilworks.

33.  As a result of Midwest's actions, Soilworks has been damaged. Midwest's unlawful conduct is causing Soilworks severe and irreparable harm that cannot be adequately remedied solely by monetary damages. Unless restrained and enjoined by this Court, Midwest's unlawful actions are likely to continue, to Soilworks' harm and detriment.

## PRAYER FOR RELIEF

WHEREFORE, Soilworks respectfully requests that the Court enter judgment against Midwest as follows:

1.  For judgment against Midwest that it has committed the wrongful acts as described herein.

2.  That the Court issue temporary and permanent injunctive relief against Midwest, and Midwest's officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Midwest from:

   (a)  Disparaging Soilworks and Soilworks' products;

   (b)  Falsely representing that Soilworks is infringing alleged patent rights of Midwest;

   (c)  Falsely representing that Midwest owns a proprietary position with regard to its products which it does not, in fact, own;

    (d) Using and misusing any and all alleged patent rights under U.S. Patent No. 7,081,270 in competition with Soilworks; and

    (e) Disseminating marketing communications which are in any respect false, misleading and are intended to tarnish and diminish the substantial goodwill Soilworks has cultivated with respect to its company, products and Soilworks' proprietary rights associated therewith.

  3. That the Court declare that Soilworks has not and does not infringe any valid and/or enforceable claim of U.S. Patent No. 7,081,270, directly or indirectly, literally or by equivalence.

  4. That the Court declare that each claim of U.S. Patent No. 7,081,270 is invalid.

  5. That the Court enjoin Midwest, its officers, agents, representatives, distributors, employees, affiliates, parent and subsidiary corporations, attorneys and other persons in active concert or participation with them from charging infringement or instituting any action for infringement of U.S. Patent No. 7,081,270 against Soilworks or anyone in privity with Soilworks, including its successors, assigns, agents, suppliers, distributors, customers, licensees and sublicensees.

  6. That the Court award Soilworks actual damages, in an amount to be proven at trial.

  7. That the Court award Soilworks treble damages, in an amount to be proven at trial.

  8. That the Court award Soilworks punitive damages, in an amount to be proven at trial.

  9. That the Court award Soilworks its attorneys' fees and costs incurred herein.

  10. That the Court grant Soilworks all other relief to which it is entitled and such other or additional relief as is just and proper.

Dated this 7th day of September, 2006.

KUTAK ROCK LLP

By /s/ E. Scott Dosek
E. Scott Dosek
John P. Passarelli
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742

*Attorneys for Plaintiff*

**DEMAND FOR JURY**

Soilworks hereby demands a trial by jury of all issues triable of right by a jury.

KUTAK ROCK LLP

By /s/ E. Scott Dosek
E. Scott Dosek
John P. Passarelli
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742

*Attorneys for Plaintiff*