**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Soilworks, LLC, an Arizona Limited Liability Company,<br><br>       Plaintiff,<br><br>vs.<br><br>Midwest Industrial Supply, Inc., an Ohio corporation authorized to do business in Arizona,<br><br>       Defendant. | No. 06-2141-PHX-DGC<br><br>**ORDER** |

Pending before the Court is Defendant Midwest Industrial Supply, Inc.'s motion to dismiss all claims asserted by Plaintiff Soilworks, LLC. Dkt. #8. For the reasons stated below, the Court will deny Defendant's motion.[1]

**I.      Factual Background**.

Plaintiff distributes environmentally-safe dust and erosion control agents throughout the United States, including a dust control product named Durasoil. Dkt. #11 at 2-3. Defendant also provides dust and erosion control products, for several of which it recently was issued U.S. Patents numbered 7,074,266 and 7,081,270. Dkt. #8 at 3. Upon receipt of these patents, Defendant sent Plaintiff two letters informing it of the patents, expressing

---

[1] The request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

concern that Durasoil infringes the patents, and seeking more information about Durasoil upon which to base a decision of infringement or non-infringement. *Id.* at 4-6. Defendant also sent a letter to one of Plaintiff's customers, Polar Supply Company, Inc., regarding the patents, Plaintiff's possible infringement, and Defendant's ability to pursue anyone who makes, sells, or uses an infringing product. Dkt. #11, Ex. 1. Finally, Defendant published marketing materials describing its new patents, its ability to pursue infringers, and Plaintiff's position as an imitator of Defendant's products. *Id.*, Ex. 4.

In response, Plaintiff filed a complaint on September 7, 2006 seeking an injunction and damages under the Declaratory Judgment Act, the Lanham Act, and state law. Dkt. #1. Plaintiff seeks a declaration that it is not infringing Defendant's patents and an end to Defendant's accusations of infringement. *Id.* at 4-6. Defendant moves to dismiss all counts for lack of jurisdiction and failure to state a claim upon which relief can be granted. Dkt. #8.

## II. Count II: Declaratory Judgment.

### A. Legal Standard

The Declaratory Judgment Act authorizes the Court to "declare the rights and other legal relations of any interested party seeking such declaration" when there is an "actual controversy." 28 U.S.C. § 2201(a). In patent cases, declaratory judgment is usually sought by a party who, rather than waiting to be sued for patent infringement, seeks a legally binding affirmation that it is not infringing on another party's patent. *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975 (Fed. Cir. 1993). Federal Circuit law controls such actions. *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 888 (Fed. Cir. 1984); *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 955 (Fed. Cir. 1987).

"Whether an actual controversy exists is a question of law" for the Court to decide. *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1273 (Fed. Cir. 1998). The Federal Circuit has developed a two-part test to guide the Court's analysis:

> There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

*Sierra Applied Sciences, Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361, 1373 (Fed. Cir. 2004); *see Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 944 (9th Cir. 1981). "The first prong looks to the patentholder's conduct, and the second prong looks to the potential infringer's conduct. The burden is on the . . . plaintiff 'to establish that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the complaint was filed.'" *Sierra Applied Sciences*, 363 F.3d at 1373 (citations omitted).

"Even if there is an actual controversy, the district court is not required to exercise declaratory judgment jurisdiction, but has discretion to decline that jurisdiction" if doing so would better serve the policy behind the Declaratory Judgment Act, which is to afford relief from uncertainty with respect to rights, status, and other legal relations. *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 810 (Fed. Cir. 1996) (citing *Public Serv. Comm'n v. Wycoff, Co.*, 344 U.S. 237, 241 (1952)).

**B.     Analysis**.

Defendant's accusations of infringement satisfy the first prong of the Federal Circuit test. "If the defendant has expressly charged a current activity of the plaintiff as an infringement," reasonable apprehension is established. *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988). Defendant's letters to Plaintiff appear to have been carefully drafted to avoid a direct accusation of infringement, but Defendant's letter to Polar Supply Company was more direct, setting forth Defendant's claimed rights under the patents and then referring to Plaintiff as "someone . . . accused of infringement." Dkt. #11, Ex. 1.

Plaintiff's marketing and selling of its Durasoil product, in light of Defendant's letter regarding possible infringement by that product, satisfies the second prong of the Federal Circuit test. Neither party appears to dispute that Plaintiff's present activity could constitute infringement.

///

Defendant argues that the instant claim is premature and that allowing it to proceed would discourage patent holders from communicating with potential infringers. Dkt. #8 at 16. Communications can occur, however, without accusations. Defendant elected to accuse Plaintiff of patent infringement in the communications with Plaintiff's customer, Polar Supply. Such accusations create an actual controversy and enable the accused infringer to seek relief under the Declaratory Judgment Act. The Court finds that retaining jurisdiction would best serve the purpose of the Act.[2]

### III. Count I: False Representation under Lanham Act, § 43(A).

#### A. Legal Standard for Dismissal Under Rule 12(b)(6).

A district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the Court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). Defendant has provided no controlling authority to support its argument that claims under the Lanham Act require the heightened pleading of Rule 9(b). The Court accordingly will apply traditional pleading standards.

#### B. Analysis.

To state a claim for false advertising under the Lanham Act, a plaintiff must allege the following:

> 1) defendant made false or misleading statements about his own [or another's] product; 2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; 3) such deception is material,

---

[2]Defendant may divest the court of jurisdiction over this claim by covenanting not to sue Plaintiff or its customers for infringement. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995).

- 4 -

> in that it is likely to influence the purchasing decision; 4) . . . falsely advertised goods [were caused] to enter interstate commerce; and 5) plaintiff has been or is likely to be injured as the result of the foregoing either by direct diversion of sales form itself to defendant, or by lessening of the good will which its products enjoy with the buying public.

*Cook, Perkiss and Leihe, Inc. v. Northern California Collection Service Inc.*, 911 F.2d 242, 244 (9th Cir. 1990). The Court has reviewed Plaintiff's complaint and finds that it sufficiently pleads each of these elements.

Citing *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1354 (Fed. Cir. 1999), Defendant argues that the complaint must be dismissed because it fails to plead bad faith. *Zenith* establishes a bad faith requirement when the Lanham Act claim arises from "marketplace statements regarding patent infringement" and patent scope. *Id.* Count I of Plaintiff's complaint, however, does not mention patent infringement allegations. Dkt. #1 at 4. Moreover, *Zenith* is a decision of the Federal Circuit and Ninth Circuit law controls this Lanham Act claim. *See* 28 U.S.C. § 1295.

### IV. Count III: Misappropriation of Goodwill.

Defendant argues that misappropriation of goodwill is only a claim under Lanham Act § 43(a), and that because Plaintiff neither specified that it brings the claim under the Lanham Act nor adequately pled a claim under the Lanham Act, Count III should be dismissed. In response, Plaintiff clarifies that it does indeed bring the misappropriation of goodwill claim under the Lanham Act. Rather than dismissing the count with leave to amend, the Court will construe the misappropriation of goodwill claim as part of Plaintiff's § 43(a) claim.

### V. Counts IV and VI: State Law Claims.

Plaintiff alleges state law claims of tortious interference and unfair competition. Dkt. #1 at 5-6. These claims are closely related to the federal law claims and form part of the same controversy. The Court will exercise supplemental jurisdiction over the state law claims in the interest of efficiency. *See* 28 U.S.C. § 1367.

**IT IS ORDERED** that Defendant's motion to dismiss all claims ( Dkt. #8) is **denied**.

DATED this 5th day of March, 2007.

*Daniel G. Campbell*

David G. Campbell
United States District Judge