BRYAN CAVE LLP, 00145700
Lawrence G. Scarborough, 006965
George C. Chen, 019704
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
Email: lgscarborough@bryancave.com
Email: george.chen@bryancave.com

Attorneys for Defendant/Counterclaimant
Midwest Industrial Supply, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Soilworks, LLC, an Arizona corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Midwest Industrial Supply, Inc., an Ohio corporation authorized to do business in Arizona,<br><br>　　　　Defendant. | No. 2:06-CV-02141-DGC |
| Midwest Industrial Supply, Inc., an Ohio corporation authorized to do business in Arizona,<br><br>　　　　Counterclaimant,<br><br>　v.<br><br>Soilworks, LLC, an Arizona corporation,<br><br>　　　　Counterdefendant. | |

## MIDWEST INDUSTRIAL SUPPLY, INC.'S ANSWER AND COUNTERCLAIMS

574414.1/0203953

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

## MIDWEST INDUSTRIAL SUPPLY, INC.'S ANSWER

Defendant, Midwest Industrial Supply, Inc. ("Defendant"), through the undersigned counsel of record, hereby Answers the Complaint of Plaintiff, Soilworks, LLC, ("Plaintiff") as follows:

### JURISDICTION AND VENUE

1. Defendant admits that Plaintiff purports to allege a Complaint for an injunction, damages and other relief. Defendant admits that Plaintiff purports to allege a violation of the Lanham Act, the Arizona Deceptive Trade Practices Act, and of Arizona common law. Defendant admits that Plaintiff purports to seek a declaratory judgment but otherwise denies each and every remaining allegation of Paragraph 1 of the Complaint.

2. Defendant denies the allegations of Paragraph 2 of the Complaint.

3. Defendant admits that it does business within this judicial district but otherwise denies each and every remaining allegation of Paragraph 3 of the Complaint.

4. Defendant denies the allegations of Paragraph 4 of the Complaint.

### THE PARTIES

5. Upon information and belief, Defendant admits that Soilworks is a limited liability company with its principal place of business located at 681 North Monterey Street, Suite 101, Gilbert Arizona 85233. Defendant is without sufficient information to form a belief as to the remaining allegations of Paragraph 5 of the Complaint and, on that basis, denies the same.

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

### FACTUAL BACKGROUND

7. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 7 of the Complaint and, on that basis, denies the same.

8. Defendant admits that Defendant competes with Plaintiff but otherwise denies each and every remaining allegation of Paragraph 8 of the Complaint.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant admits that is has obtained U.S. Patent No. 7,081,270. Defendant denies that it has made any false statement and/or misrepresentation to any of Plaintiff's distributors, customers and end users. Defendant is without sufficient information to form a belief as to what meaning Plaintiff gives regarding "Midwest owns a proprietary position" and, on that basis, denies the allegation of Paragraph 12 of the Complaint. Defendant denies any remaining allegation of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

## COUNT I
## FALSE REPRESENTATION UNDER LANHAM ACT, § 43(A)

15. Defendant repeats and realleges its answers to paragraphs 1-14 as if fully set forth herein.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

## COUNT II
## DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

20. Defendant repeats and realleges its answers to paragraphs 1-19 as if fully set forth herein.

21. Defendant admits that it has averred "U.S. Patent No. 7,081,270 was duly and legally issued [to Defendant], that [it] is the lawful owner, including the right to sue and to recover for any and all infringement (sic) of U.S. Patent No. 7,081,270" but otherwise denies that Defendant has averred Plaintiff "infringes said patent."

22. Paragraph 22 of the Complaint sets forth legal and factual conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation of Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

## COUNT III
## MISAPPROPRIATION OF GOODWILL

24. Defendant repeats and realleges its answers to paragraphs 1-23 as if fully set forth herein.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP AND EXPECTANCY

27. Defendant repeats and realleges its answers to paragraphs 1-26 as if fully set forth herein.

28. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 28 of the Complaint and, on that basis, denies the same.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

## COUNT VI
## ARIZONA COMMON LAW AND UNFAIR COMPETITION

31. Defendant denies there is a Count VI since there is no Count V. Defendant repeats and realleges its answers to paragraphs 1-30 as if fully set forth herein.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

## AFFIRMATIVE DEFENSES

34. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

35. Plaintiff is not entitled to the damages sought in the Complaint.

36. Plaintiff's claims for unfair competition are barred, in whole or in part, on the ground that Defendant's business practices are not unfair.

37. The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

38. The Complaint is barred, in whole or in part, because Plaintiff has not suffered any damages or injury to its business or property as a result of the acts alleged to have been committed by Defendants.

39. Plaintiff's state law claims are preempted by federal statutes.

WHEREFORE, Defendant Midwest Industrial Supply, Inc. prays for judgment as to Plaintiff's Complaint as follows:

A. Plaintiff be required to pay Defendant its attorneys' fees and costs pursuant to the defense of this Complaint;

B. That Plaintiff be afforded such other and further relief as the Court may deem just and equitable;

C. That Plaintiff take nothing by way of its Complaint;

D. That judgment be entered in favor of Defendant and that Plaintiff's Complaint be dismissed with prejudice;

E. The Court enter judgment in favor of Defendant in the amount of its actual damages sustained as a consequence of Plaintiff's unlawful conduct, trebled as provided by law;

F. That judgment be entered declaring that Defendant's patent is not invalid;

G. That judgment be entered declaring that Plaintiff is not entitled to injunctive relief;

H. That this be declared an exceptional case pursuant to 35 U.S.C. § 285; and,

I. Such other and further relief as the Court may deem appropriate.

4

# MIDWEST INDUSTRIAL SUPPLY, INC.'S COUNTERCLAIMS

For its counterclaims against Soilworks, LLC ("Soilworks"), Midwest Industrial Supply, Inc. ("Midwest") restates and incorporates by reference the allegations set forth in its Answer as if fully set forth herein and further states as follows:

## THE PARTIES

1. Midwest is an Ohio corporation that maintains its principal place of business in Canton, Ohio.

2. Based on information and belief, Soilworks is a limited liability company that maintains its principal place of business at 681 North Monterey Street, Suite 101, Gilbert, Arizona 85233. Based on information and belief, each of the members of Soilworks is a resident and citizen of the State of Arizona.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity between Midwest and Soilworks and the amount in controversy exceeds $75,000. This Court also has subject matter jurisdiction over Midwest's federal claims under the Lanham Act, 15 U.S.C. §§ 1041 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1338, and has supplemental jurisdiction over Midwest's state law claims against Soilworks pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Soilworks by virtue of the facts that Soilworks has its principal place of business in the State of Arizona in this judicial district, does business in the State of Arizona in this judicial district, and has committed tortious conduct in this judicial district.

5. Venue is proper in this Court and this judicial district pursuant to 28 U.S.C. § 1391(b) by virtue of the facts that Soilworks resides in this judicial district and a substantial part of the events or omissions giving rise to Midwest's claims against Soilworks occurred in this judicial district.

**FACTUAL BACKGROUND**

6. Midwest manufacturers, distributes, promotes, markets, and sells dust control, erosion control, soil stabilization and anti-icing/de-icing products and related services for use to a number of customers in various industries located throughout the United States and the world.

7. During the course of its thirty years in business, Midwest has developed a substantial reputation and good will as a manufacturer of chemical soil stabilization and dust control products, including its products promoted and marketed under the federally registered trademarks of Soil-Sement®, Envirokleen®, EK35®, Road Oyl®, Road Pro NT®, Haul Road Dust Control®, Dustfyghter®, and Diamond Dr®, Arena Rx®, Base-Bldr®, and ROAD-BLDR® (collectively, Midwest's Marks).

8. Midwest has received U.S. Patent No. 7,074,266 and U.S. Patent No. 7,081,270 for its innovative soil stabilization and dust control technology, trademarked as "synthetic organic dust control™". Midwest's patented technology is made available under the registered trademarks EnviroKleen®, EK35®, Arena Rx®, and Diamond Dr® (collectively, "Midwest's Products")

9. Midwest has expended substantial money, good will, and other resources in advertising and promoting each of its products using Midwest's Marks and Midwest's Products for commercial purposes.

10. As a result of Midwest's extensive and continuous use of Midwest's Marks in connection with Midwest's Products, Midwest's customers and the relevant market recognize and understand Midwest's Marks as indicating Midwest's proprietary products and services as emanating from a single source, Midwest.

11. Soilworks is a competitor of Midwest. On information and belief, Soilworks distributes and markets soil stabilization and dust control agents in interstate commerce.

12. Midwest has not licensed or otherwise authorized Soilworks to use any of Midwest's Marks or its patented technology.

13. In connection with the advertising and promotion of its soil stabilization and dust control agents, Soilworks has embarked on a scheme to trade upon and injure the substantial goodwill and reputation that Midwest has developed in the soil stabilization and dust control industry. Soilworks has used Midwest's Marks in commerce in an attempt to divert sales and goodwill from Midwest, thereby causing confusion, mistake and/or deception as to the affiliation, connection, or association of Soilworks with Midwest, and/or the origin, sponsorship, or approval of Soilworks' products, services, or commercial activities from Midwest.

14. Soilworks has also made false or misleading statements of fact in its commercial advertisements and promotions that misrepresent the nature, characteristics, qualities, or origin of its own services, products, or commercial activities.

15. Soilworks' conduct was intended to cause mistake, deception, and consumer confusion, and was undertaken with the intention of damaging Midwest's goodwill, reputation, and business in the soil stabilization and dust control industries.

16. As a result of Soilworks' conduct, Midwest's goodwill, reputation, and business has been and continues to be severely and irreparable damaged.

**COUNT I**
**Federal Trademark Infringement; False Designation; Unfair Competition**
**(15 U.S.C. §1125(a); §43(a) of the Lanham Act)**

17. Midwest restates and incorporates by reference the allegations set forth in Paragraph 1 through 16 of its Counterclaims as if fully set forth herein.

18. Soilworks has used, and continues to use, one or more of Midwest's Marks in commerce without Midwest's authorization.

19. Soilworks' use of Midwest's Marks has caused and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Soilworks with Midwest.

20. Soilworks' use of Midwest's Marks has likely caused the consuming public to mistakenly believe that the Soilworks' products originate from, are sponsored by, or are associated with Midwest.

7

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

21. Soilworks' use of Midwest's Marks was committed with the purpose of exploiting and trading on the substantial goodwill and reputation of Midwest as symbolized by and associated with Midwest's Marks.

22. Soilworks had actual knowledge of Midwest's rights exclusive rights in Midwest's Marks and willfully and deliberately infringed Midwest's rights in Midwest's Marks.

23. Soilworks also holds itself out as a manufacturer of one or more products, when, in fact, Soilworks manufactures no product whatsoever.

24. Soilworks uses words and/or phrases, marketing, advertising, etc., taken directly from Midwest, with the intent to pass off itself as equal to Midwest.

25. Soilworks' conduct described herein constitutes unfair competition, false designation of origin, and federal trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26. Soilworks' conduct has caused and continues to cause Midwest severe and irreparable harm that cannot be adequately remedied solely by monetary damages. Unless restrained and enjoined by this Court, Soilworks' unlawful actions are likely to continue, to Midwest's harm and detriment.

**COUNT II**
**False Advertising**
**(15 U.S.C. § 1125(a); §43(a) of the Lanham Act)**

27. Midwest restates and incorporates by reference the allegations set forth in Paragraph 1 through 26 of its Counterclaims as if fully set forth herein.

28. Upon information and belief, Soilworks has made false or misleading statements of fact in its commercial advertisements and promotions that misrepresent the nature, characteristics, qualities or origin of its products, services, or commercial activities, including misrepresenting on its website that Soilworks is the "manufacturer" of the "Soiltac® soil stabilizer and dust control agent", when, in fact, Soilworks is not a manufacturer of any product whatsoever.

8

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

29. Soilworks' false or misleading statements have actually deceved, or have a tendency to deceive, a substantial portion of Soilworks' intended audience.

30. Soilworks' false or misleading statements are material in that the statements are likely to influence potential customers' purchasing decisions.

31. As a result of Soilworks' false or misleading statements, Midwest has suffered and will continue to suffer injury and damages, including losses and irreparable injury to its sales, business reputation, and goodwill.

32. Soilworks' unlawful conduct has caused and continues to cause Midwest severe and irreparable harm that cannot be adequately remedies solely by monetary damages. Unless restrained and enjoined by this Court, Soilworks' unlawful actions are likely to continue, to Midwest's harm and detriment.

**COUNT III**
**Declaratory Judgment for Validity and Infringement of U.S. Patent No. 7,081,270**
**(22 U.S.C. § 2201)**

33. Midwest restates and incorporates by reference the allegations set forth in Paragraph 1 through 32 of its Counterclaims as if fully set forth herein.

34. In its Complaint, Soilworks has asserted that Midwest's U.S. Patent No. 7,081,270 is invalid and that Soilworks has not infringed any valid and/or enforceable claim of U.S. Patent No. 7,081,270. Soilworks further alleges that an actual controversy exists between Soilworks and Midwest as to the validity and scope of U.S. Patent No. 7,081,270.

35. Given Soilworks' assertions, an actual and substantial controversy presently exists between Soilworks and Midwest with respect to the validity and infringement of U.S. Patent No. 7,081,270 by Soilworks, and warrants the issuance of a declaratory judgment by the Court.

**COUNT IV**
**Arizona Common Law and Unfair Competition**

36. Midwest restates and incorporates by reference the allegations set forth in Paragraphs 1 through 35 of its Counterclaims as if fully set forth herein.

9

37. Soilworks' conduct has been and continues to be likely to deceive the public, and constitutes unfair competition in violation of Arizona common law.

38. Soilworks' conduct has caused and continues to cause Midwest severe and irreparable harm that cannot be adequately remedies solely by monetary damages. Unless restrained and enjoined by this Court, Soilworks' unlawful actions are likely to continue, to Midwest's harm and detriment.

**COUNT V**
**Unjust Enrichment**

39. Midwest restates and incorporates by reference the allegations set forth in Paragraphs 1 through 38 of its Counterclaims as if fully set forth herein.

40. Soilworks has been unjustly and inequitably enriched, to the detriment of Soilworks, by the conduct alleged above.

41. Soilworks is obligated to compensate Midwest for the substantial benefit conferred upon it and unjustly retained by it.

**PRAYER FOR RELIEF**

WHEREFORE, Midwest prays that this Court enter an Order comprising:

A. Judgment against Soilworks that it has commited the wrongful acts as described herein.

B. Declaratory relief that U.S. Patent No. 7,081,270 is a fully valid and enforceable patent, and Soilworks has infringed U.S. Patent No. 7,081,270.

C. A preliminary and permanent injunction issued enjoining Soilworks from making, importing, using, offering for sale or selling products that infringe U.S. Patent No. 7,081,270;

D. An accounting for damages resulting from Soilworks' infringement and contributory infringement and the trebling of such damages because of the knowing, willful, and wanton nature of Soilworks' conduct;

E. Temporary, preliminary, and permanent injunctive relief against Soilworks, and Soilworks' officers, agents, representatives, servants, employees, attorneys,

successors, and assigns, and all other in active concert or participation with Midwest enjoining them from:

    1.    using Midwest's Marks or any other mark confusingly similar to Midwest's Marks and from otherwise infringing Midwest's Marks;

    2.    falsely designating the origin of the Soilworks' products and services;

    3.    falsely advertising or promoting its products, services, or commerical activities; and

    4.    competing unfairly with Midwest; and

F.    Judgment for an award of actual damages in favor of Midwest and the trebling of such damages because of the knowing, willful, and wanton nature of Soilworks' conduct.

G.    Judgment for an award of punitive damages against Soilworks and in favor of Midwest.

H.    Judgment that the costs of this action, attorney's fees, and prejudgment interest be awarded to Midwest.

I.    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Midwest hereby demands a trial by jury in the above-entitled action.

DATED this 26th day of March, 2007.

                      Bryan Cave LLP

                      By s/ George C. Chen
                         Lawrence G. Scarborough
                         George C. Chen
                         Two N. Central Avenue, Suite 2200
                         Phoenix, AZ 85004-4406

                         Attorneys for Defendant/Counterclaimant
                         Midwest Industrial Supply, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2007, the foregoing Answer and Counterclaims of Midwest Industrial Supply, Inc. was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                               s/ Denise M. Aleman
                                               Denise M. Aleman

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000