E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
SOILWORKS, LLC, an Arizona corporation

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>        Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>        Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**REPLY TO MIDWEST INDUSTRIAL SUPPLY, INC.'S COUNTERCLAIMS** |

Plaintiff, Soilworks, LLC ("Soilworks"), through the undersigned counsel of record, hereby replies to the Counterclaims of Midwest Industrial Supply, Inc. ("Defendant") as follows:

1.   Soilworks admits the allegations contained in Paragraph 1 of the Counterclaims.

2.   Soilworks admits the allegations contained in Paragraph 2 of the Counterclaims.

3.   Soilworks admits that this Court has subject matter jurisdiction over the claims and counterclaims asserted herein, that there is complete diversity between Midwest and

4839-1005-9009.1

Soilworks and that Defendant's Counterclaims purport to assert an amount in controversy that exceeds $75,000 and, except as so admitted, denies the allegations contained in Paragraph 3 of the Counterclaims.

4. Soilworks admits that this Court has personal jurisdiction over Soilworks and that its principal place of business is in the State of Arizona and that it does business in the State of Arizona, but otherwise denies all of the remaining allegations contained in Paragraph 4 of the Counterclaims.

5. Soilworks admits that venue is proper in this Court and, except as so admitted, denies the allegations contained in Paragraph 5 of the Counterclaims.

6. Soilworks is without sufficient information to form a belief as to the allegations of Paragraph 6 of the Counterclaims and, on that basis, denies the allegations contained in Paragraph 6 of the Counterclaims.

7. Soilworks is without sufficient information to form a belief as to the allegations of Paragraph 7 of the Counterclaims and, on that basis, denies the allegations contained in Paragraph 7 of the Counterclaims.

8. Soilworks is without sufficient information to form a belief as to the allegations of Paragraph 8 of the Counterclaims and, on that basis, denies the allegations contained in Paragraph 8 of the Counterclaims.

9. Soilworks is without sufficient information to form a belief as to the allegations of Paragraph 9 of the Counterclaims and, on that basis, denies the allegations contained in Paragraph 9 of the Counterclaims.

10. Soilworks denies the allegations contained in Paragraph 10 of the Counterclaims.

11. Soilworks admits the allegations contained in Paragraph 11 of the Counterclaims.

12. Soilworks admits the allegations contained in Paragraph 12 of the Counterclaims.

13. Soilworks denies the allegations contained in Paragraph 13 of the Counterclaims.

14. Soilworks denies the allegations contained in Paragraph 14 of the Counterclaims.

15. Soilworks denies the allegations contained in Paragraph 15 of the Counterclaims.

16. Soilworks denies the allegations contained in Paragraph 16 of the Counterclaims.

17. Soilworks repeats and realleges its reply to Paragraphs 1 through 16 as if fully set forth herein.

18. Soilworks denies the allegations contained in Paragraph 18 of the Counterclaims.

19. Soilworks denies the allegations contained in Paragraph 19 of the Counterclaims.

20. Soilworks denies the allegations contained in Paragraph 20 of the Counterclaims.

21. Soilworks denies the allegations contained in Paragraph 21 of the Counterclaims.

22. Soilworks denies the allegations contained in Paragraph 22 of the Counterclaims.

23. Soilworks denies the allegations contained in Paragraph 23 of the Counterclaims.

24. Soilworks denies the allegations contained in Paragraph 24 of the Counterclaims.

25. Soilworks denies the allegations contained in Paragraph 25 of the Counterclaims.

26. Soilworks denies the allegations contained in Paragraph 26 of the Counterclaims.

27. Soilworks repeats and realleges its reply to Paragraphs 1 through 26 as if fully set forth herein.

28. Soilworks denies the allegations contained in Paragraph 28 of the Counterclaims.

29. Soilworks denies the allegations contained in Paragraph 29 of the Counterclaims.

30. Soilworks denies the allegations contained in Paragraph 30 of the Counterclaims.

31. Soilworks denies the allegations contained in Paragraph 31 of the Counterclaims.

32. Soilworks denies the allegations contained in Paragraph 32 of the Counterclaims.

33. Soilworks repeats and realleges its reply to Paragraphs 1 through 32 as if fully set forth herein.

34. Soilworks admits the allegations contained in Paragraph 34 of the Counterclaims.

35. Soilworks admits the allegations contained in Paragraph 35 of the Counterclaims.

36. Soilworks repeats and realleges its reply to Paragraphs 1 through 35 as if fully set forth herein.

37. Soilworks denies the allegations contained in Paragraph 37 of the Counterclaims.

38. Soilworks denies the allegations contained in Paragraph 38 of the Counterclaims.

39. Soilworks repeats and realleges its reply to Paragraphs 1 through 38 as if fully set forth herein.

40. Soilworks denies the allegations contained in Paragraph 40 of the Counterclaims.

41. Soilworks denies the allegations contained in Paragraph 41 of the Counterclaims.

## GENERAL DENIAL

All allegations contained in the Counterclaims not expressly admitted are herein denied.

## AFFIRMATIVE DEFENSES

1. Soilworks is not infringing and has not infringed, is not inducing and has induced others to infringe, and is not contributorily infringing and has not contributorily infringed, any valid and/or enforceable claim of the '266 Patent.

2. Soilworks is not infringing and has not infringed, is not inducing and has induced others to infringe, and is not contributorily infringing and has not contributorily infringed, any valid and/or enforceable claim of the '270 Patent.

3. Upon information and belief, the claims of the '266 Patent are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 et. seq. including, without limitation, §§ 101, 102, 103 and/or 112.

4. Upon information and belief, the claims of the '270 Patent are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 et. seq. including, without limitation, §§ 101, 102, 103 and/or 112.

5. Upon information and belief, Defendant's remedies are limited by 35 U.S.C. § 287.

6. Upon information and belief, Soilworks is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

7. Upon information and belief, Soilworks contests infringement and validity of the '266 and '270 Patents. Soilworks reserves the right to assert additional bases for contesting these issues, and all claims in Defendant's Counterclaims, as may be developed further in discovery in this action and any other action between the parties.

8. Soilworks is not infringing, and has not infringed, any trademark, service mark and/or trade name of Defendant.

9. The Counterclaims, in whole or in part, fail to state a claim upon which relief may be granted.

10. Defendant is not entitled to any damages sought in the Counterclaims.

11. Defendant's claims for unfair competition are barred, in whole or in part, on the ground that Soilworks' business practices are not unfair.

12. The Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

13. The Counterclaims are barred, in whole or in part, because Midwest has not suffered any damages or injury to its business or property as a result of the acts alleged to have been committed by Soilworks.

14. Midwest's state law claims asserted in its Counterclaims are preempted by federal statutes.

15. The Counterclaims are barred, in whole or in part, by the doctrine of fair use.

## COUNTERCLAIM

Soilworks' Counterclaim against Defendant Midwest as follows:

1. Soilworks is a limited liability company that maintains its principal place of business at 681 North Monterrey Street, Suite 101, Gilbert, Arizona 85233. All of the members of Soilworks are residents and citizens of the State of Arizona.

2. Midwest is a corporation incorporated under the laws of the State of Ohio and maintains its principal place of business in Canton, Ohio.

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 2201 as it arises under an act of Congress relating to patents.

4. Venue is proper in this District under 28 U.S.C. § 1391.

# COUNTERCLAIM FOR DECLARATORY JUDGMENT
# FOR INVALIDITY AND NONINFRINGEMENT
# OF THE '266 AND '270 PATENTS

5. Soilworks repeats and realleges the allegations of Paragraphs 1 through 4 of its Counterclaim.

6. This Declaratory Judgment Counterclaim is asserted against Defendant under the patent laws, Title 35, United States Code and under Title 28, United States Code §§ 2201 and 1338(a).

7. Defendant has averred that the '266 and '270 Patents were duly and legally issued, it is the lawful owner of those two patents, including the right to sue and recover for any and all infringement of the '266 and '270 Patents and that Midwest infringes the "266 and/or '270 Patents.

8. Soilworks denies that, either directly, contributorily and by inducement, it has infringed, and that it is infringing, any valid and/or enforceable claim of the '266 and '270 Patents and Soilworks further asserts that the '266 and '270 Patents are invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code including, but not limited to, §§ 101, 102, 103 and 112.

9. Therefore, there has been and is now an actual controversy between Soilworks and Defendant as to the invalidity and noninfringement of the '266 and '270 Patents.

# PRAYER FOR RELIEF

WHEREFORE, Soilworks prays that this Court:

(a) Dismiss the Counterclaims of Defendant against Soilworks with prejudice.

(b) Declare that Soilworks has not, and does not, infringe any valid and/or enforceable claim of the '266 Patent directly or indirectly, literally or by equivalence.

(c) Declare that Soilworks has not, and does not, infringe any valid and/or enforceable claim of the '270 Patent directly or indirectly, literally or by equivalence.

(d) Declare that each claim of the '266 Patent is invalid.

(e) Declare that each claim of the '270 Patent is invalid.

(f) Enjoin Defendant, their officers, agents, representatives, distributors, employees, affiliates, parent and subsidiary corporations, attorneys and other persons in active concert or participation with them from charging infringement or instituting any action for infringement of the '266 and '270 Patents against Soilworks or anyone in privity with Soilworks, including its successors, assigns, agents, suppliers, customers, licensees and sublicensees.

(g) Award Soilworks costs, together with reasonable attorneys' fees and all other expenses for the suit under governing law.

(h) Award Soilworks such other relief as this Court may deem just and proper.

Dated this <u>16th</u> day of April, 2007.

          KUTAK ROCK LLP


By   /s/
   E. Scott Dosek
   John P. Passarelli
   Suite 300
   8601 North Scottsdale road
   Scottsdale, AZ 85253-2742

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2007, the foregoing Reply to Midwest Industrial Supply, Inc.'s Counterclaims was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/
Amy S. Fletcher