E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018 (NE)
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ  85253-2742
(480) 429-5000
Facsimile: (480) 429-5001
*Attorneys for Plaintiff*
*SOILWORKS, LLC, an Arizona corporation*

JOHN M. SKERIOTIS #0069263 (OH)
JILL A. GRINHAM #075560 (OH)
BROUSE MCDOWELL
388 S. Main Street
Suite 500
Akron, OH 44311-4407
(330) 535-5711
Facsimile: (330) 253-8601
*Attorneys for Midwest Industrial Supply, Inc.*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>　　　　Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>　　　　Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**CASE MANAGEMENT REPORT** |

In furtherance of this Court's Order dated March 27, 2007, the parties met and conferred by telephone on Friday, April 20, 2007, and for the purpose of developing the following case management report. Trial counsel respectfully submit the following in that

4844-6987-0849.1

regard:

**1. The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report.**

The parties who attended the Rule 26(f) meeting and assisted in developing this Case Management Report were, representing the Plaintiff, E. Scott Dosek, Kutak Rock LLP, Suite 300, 8601 North Scottsdale Road, Scottsdale, AZ 85253-2742, (480) 429-5000 and John P. Passarelli, Kutak Rock LLP, 1650 Farnam Street, Omaha, NE 68102-2186, (402) 346-6000; and representing Defendant was John M. Skeriotis, Brouse McDowell, 388 S. Main Street, Akron, OH 44311-4407, (330) 535-5711.

**2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes).**

The parties in the case are as follows: Plaintiff/Counterdefendant is Soilworks, LLC, a limited liability company whose members include Chad and Dorian Falkenberg, both of whom are residents and citizens of Arizona. The Defendant/Counterclaimant is Midwest Industrial Supply, Inc. whose principal officer is Robert Vitale.

**3. A short statement of the nature of the case (3 pages or less), including a description of each claim and defense.**

This is an action by Soilworks, LLC for damages, injunctive relief and for declaratory relief. Soilworks distributes dust and erosion control agents throughout the United States, including a dust control product named Durasoil. Defendant also provides dust and erosion control products, for several products of which it recently was issued U.S. Patent Nos. 7,074,266 and 7,081,270. Defendant sent Plaintiff two letters informing it of the patents, expressing concern regarding the Durasoil product, and seeking more information about Durasoil upon which to base a decision of infringement or non-infringement. Defendant also sent a letter to Polar Supply Company, Inc., who happened to be a customer of Soilworks, regarding the patents, Plaintiff's possible infringement, and Defendant's ability to pursue anyone who makes, sells, or uses an infringing product. Finally, Defendant published marketing materials describing its new patents, and its ability to pursue infringers.

1 In response to Defendant's actions, Plaintiff filed a complaint on September 7, 2006 seeking an injunction and damages under the Declaratory Judgment Act, the Lanham Act, and Arizona law. Plaintiff seeks a declaration that it is not infringing Defendant's patents and an end to Defendant's alleged accusations of infringement. Defendant moved to dismiss all counts for lack of jurisdiction and failure to state a claim upon which relief can be granted.

By Order dated March 5, 2007, this Court denied Defendant's Motion to Dismiss. On March 26, 2007, Midwest Industrial Supply, Inc. filed an Answer and Counterclaims. On April 16, 2007, Soilworks filed a Reply to Midwest's Counterclaims.

Soilworks' Complaint asserts six causes of action as follows: (a) false representation under 43(a) of the Lanham Act in that Midwest is disseminating information and documentary materials in a manner that is likely to cause confusion, mistake and/or deception among consumers of Soilworks' products and services; (b) for declaratory judgment under 28 U.S.C. § 2201 seeking a declaration that Soilworks does not infringe Midwest's patents and/or Midwest's patents are invalid; (c) misappropriation of goodwill; (d) tortious interference with business relationship and expectancy; and (e) violation of Arizona common law and unfair competition.

As and for affirmative defenses, Midwest claims: (a) the Complaint, in whole or in part, fails to state a claim upon which relief may be granted; (b) Soilworks is not entitled to the damages sought in the Complaint; (c) Soilworks' claims for unfair competition are barred, in whole or in part, on the ground that Midwest's business practices are not unfair; (d) the Complaint is barred, in whole or in part, by the doctrine of unclean hands; and (e) the Complaint is barred, in whole or in part, because Soilworks has not suffered any damages or injury to its business or property as a result of the acts alleged to have been committed by Midwest.

In its Counterclaims, Midwest asserts claims for: (a) trademark infringement, false designation and unfair competition under 43(a) of the Lanham Act; (b) false advertising under 43(a) of the Lanham Act; (c) declaratory judgment for validity infringement of U.S.

patent number 7,081,270; (d) violation of Arizona common law and unfair competition; and (e) unjust enrichment.

As and for affirmative defenses, Soilworks asserts: (a) Soilworks is not infringing and has not infringed, is not inducing and has induced others to infringe, and is not contributorily infringing and has not contributorily infringed, any valid and/or enforceable claim of the '266 Patent; (b) Soilworks is not infringing and has not infringed, is not inducing and has induced others to infringe, and is not contributorily infringing and has not contributorily infringed, any valid and/or enforceable claim of the '270 Patent; (c) upon information and belief, the claims of the '266 Patent are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 et. seq. including, without limitation, §§ 101, 102, 103 and/or 112; (d) upon information and belief, the claims of the '270 Patent are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 et. seq. including, without limitation, §§ 101, 102, 103 and/or 112; (e) upon information and belief, Defendant's remedies are limited by 35 U.S.C. § 287; (f) upon information and belief, Midwest is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit; (g) upon information and belief, Soilworks contests infringement and validity of the '266 and '270 Patents. Soilworks reserves the right to assert additional bases for contesting these issues, and all claims in Defendant's Counterclaims, as may be developed further in discovery in this action and any other action between the parties; (h) Soilworks is not infringing, and has not infringed, any trademark, service mark and/or trade name of Defendant; (i) the Counterclaims, in whole or in part, fail to state a claim upon which relief may be granted; (j) Midwest is not entitled to any damages sought in the Counterclaims; (k) Midwest's claims for unfair competition are barred, in whole or in part, on the ground that Soilworks' business practices are not unfair; (l) the Counterclaims are barred, in whole or in part, by the doctrine of unclean hands; (m) the Counterclaims are barred, in whole or in part, because Midwest has not suffered any damages or injury to its business or property as a result of the acts alleged to have been committed by Soilworks; (n) Midwest's state law claims asserted in its Counterclaims are preempted by federal statutes; and (o) the

Counterclaims are barred, in whole or in part, by the doctrine of fair use.

Soilworks also counterclaims for declaratory judgment relief seeking to have Midwest's patents declared invalid and not infringed.

Midwest shall reply, or otherwise plead/move as to Soilworks' counterclaim.

**4. The jurisdictional basis for the case, describing the basis for the jurisdiction and citing specific jurisdictional statutes.**

Soilworks asserts the following jurisdictional basis for its Complaint: The Complaint seeks an injunction, damages and other appropriate relief to stop Midwest from misrepresenting material facts concerning Soilworks and its products and Midwest and its products. Soilworks asserts violations of the Lanham Act, 15 U.S.C. § 1041 et. seq., of the Arizona Deceptive Trade Practices Act, and of Arizona common law. In addition, Soilworks seeks declaratory relief under 28 U.S.C. §§ 2201 and 1338 with regard to U.S. Patent No. 7,081,270 which Midwest purports to own. This Court has subject matter jurisdiction over Soilworks' claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and supplemental jurisdiction under 28 U.S.C. § 1367. This Court has personal jurisdiction over Midwest by virtue of the fact that Midwest does business in this judicial district, has a substantial nexus with the State of Arizona and has committed tortious conduct in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because (i) Midwest conducts business in this judicial district; and (ii) a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property that is the subject of the action is situated, in this judicial district.

Midwest asserts the following jurisdictional basis for its Counterclaims: This Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. § 1332(a), as there is complete diversity between Midwest and Soilworks and the amount in controversy exceeds $75,000. This Court also has subject matter jurisdiction over Midwest's federal claims under the Lanham Act, 15 U.S.C. §§ 1041 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and has supplemental jurisdiction over Midwest's state law claims against Soilworks pursuant to

28 U.S.C. § 1367. This Court has personal jurisdiction over Soilworks by virtue of the facts that Soilworks has its principal place of business in the State of Arizona in this judicial district, does business in the State of Arizona in this judicial district, and is alleged to have committed tortious conduct in this judicial district. Venue is proper in this Court and this judicial district pursuant to 28 U.S.C. § 1391(b) by virtue of the facts that Soilworks resides in this judicial district and a substantial part of the events or omissions giving rise to Midwest's claims against Soilworks occurred in this judicial district.

**5. Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared.**

All parties have been served.

**6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline of not later than 60 days after the Case management conference to joint parties or amend pleadings).**

Neither party expects to add additional parties to the case. The parties would like to reserve the right to amend the pleadings within 60 days of the date Initial Disclosures are made.

**7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal rules of Evidence 702, 703, 704 and 705).**

Both parties anticipate filing dispositive motions, including *Daubert* motions, but are not in a position to identify those until at least some discovery is undertaken.

**8. Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial.**

The parties believe that this case is suitable for reference to a United States Magistrate Judge for a settlement conference. The parties did not consent to a trial before a United States Magistrate Judge.

**9. The status of related cases pending before other courts or other judges of this Court.**

There are no related cases pending before other courts or other judges of this Court.

**10. A statement of when the parties exchanged Federal Rule of Procedure 26(a) initial disclosures.**

The parties anticipate exchanging initial disclosures within fourteen days from the May 4, 2007, conference date, *i.e.*, on or before May 18, 2007.

**11. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced (*see* Rules 16(b)(5), 26(f)(3)).**

The parties do not anticipate any specific issues concerning the disclosure or discovery of electronically stored information but have agreed to meet and confer once the parties have exchanged initial discovery requests.

**12. A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(6), 26(f)(4)).**

The parties discussed the possibility that an issue may surface with regard to documents withheld on the basis of attorney/client and/or work product privileges. Soilworks' counsel advised Midwest's counsel that it had no intentions of waiving any privileges at this time. Midwest's counsel specifically inquired with regard to whether or not Soilworks intended to rely on an advice of counsel defense regarding the allegation of willful infringement with regard to the '266 and/or '270 Patents. The parties will discuss this issue once the parties have exchanged initial discovery requests.

**13. A discussion of necessary discovery, including: (a) the extent, nature, and location of discovery anticipated by the parties; (b) suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil procedure and Local Rule of Civil procedure 16.2; and (c) The number of hours permitted for each deposition, unless extended by agreement of the parties.**

The parties anticipate that there will be no need to vary from the discovery limitations

imposed by the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2, including the limitations imposed with regard to the duration of the depositions.

**14. Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable): (a) a deadline for the completion of fact discovery; (b) dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C); (c) a deadline for completion of all expert depositions; (d) a deadline for filing dispositive motions; and (e) a date by which the parties shall have engaged in good faith settlement talks.**

| Event | Deadline |
|---|---|
| Completion of fact discovery | January 11, 2008 |
| Completion of expert disclosures | February 29, 2008 |
| Completion of expert depositions | April 11, 2008 |
| Completion of dispositive motions | May 9, 2008 |
| Completion of settlement talks | November 30, 2007 |

**15. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons).**

Midwest has demanded a jury and Soilworks does not contest the right to try all issues before a jury, as long as those issues are triable of right by a jury pursuant to 38(b) of the Federal Rules of Civil Procedure.

**16. The estimated length of trial and any suggestions for shortening the trial.**

The parties estimate that this trial will take approximately five trial days but believe dispositive motions may shorten that time.

**17. The prospects for settlement, including any request of the Court for assistance in settlement efforts.**

The parties believe that there are prospects for settlement but only after initial discovery is taken.

**18. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.**

The parties were unable to identify any other matters that would aid the Court and the parties in resolving this case other than the fact that discovery will likely impact the prospects for settlement.

Dated this 27th day of April, 2007.

           KUTAK ROCK LLP

           By   /s/ E. Scott Dosek
              E. Scott Dosek, Esq.
              John P. Passarelli, Esq.
              Suite 300
              8601 North Scottsdale road
              Scottsdale, AZ 85253-2742
              *Attorneys for Plaintiff Soilworks, LLC*

           BROUSE MCDOWELL

           By   /s/ John M. Skeriotis
              John M. Skeriotis, Esq.
              Jill A. Grinham, Esq.
              388 S. Main Street
              Suite 500
              Akron, OH 44311-4407
              *Attorneys for Defendant Midwest Industrial Supply, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2007, the foregoing Case Management Report was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                    /s/ Amy S. Fletcher
                                            Amy S. Fletcher