# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Soilworks, LLC, ) | No. CV 06 - 2141 -PHX-DGC |
| Plaintiff, ) | |
| vs. ) | **CASE MANAGEMENT ORDER** |
| Midwest Industrial Supply, Inc., ) | |
| Defendant. ) | |

On May 4, 2007, a Case Management Conference was held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties met before the conference in accordance with Rule 26(f) and prepared a Case Management Report. On the basis of the Case Management Conference and the Case Management Report,

**IT IS HEREBY ORDERED:**

1. <u>Deadline for Initial Disclosures</u>. Initial disclosures required by Federal Rule of Civil Procedure 26(a), if not already exchanged, shall be exchanged no later than **May 18, 2007**. The parties shall file with the Clerk a Notice of Initial Disclosure, rather than copies of the actual disclosures.

2. <u>Deadline for Joining Parties and Amending Pleadings</u>. The deadline for joining parties and amending pleadings is **60 days** from the date of this Order.

3. <u>Discovery Limitations</u>. Depositions in this case shall be limited to seven hours each as provided in Rule 30(d)(2) of the Federal Rules of Civil Procedure. Each side may propound up to 40 interrogatories, including subparts, 40 requests for production of

documents, including subparts, and 40 requests for admissions, including subparts. The limitations set forth in this paragraph may be increased by mutual agreement of the parties, but such an increase will not result in an extension of the discovery deadlines set forth below.

    4.    <u>Deadline for Completion of Fact Discovery</u>. The deadline for completing fact discovery shall be **January 11, 2008**. To ensure compliance with this deadline, the following rules shall apply:

    a.    Depositions: All depositions shall be scheduled to commence at least **five working days** prior to the discovery deadline. A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

    b.    Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the discovery deadline.

    c.    Notwithstanding Local Rule of Civil Procedure 7.3(c), the parties may mutually agree, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

    5.    <u>Deadlines for Disclosure of Experts and Completion of Expert Discovery</u>.

    a.    The parties shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, with respect to any issue on which they have the burden of proof at trial, no later than **December 14, 2007**.

    b.    Rebuttal expert disclosures, if any, shall be made no later than **February 29, 2008**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

    c.    Expert depositions shall be completed no later than **April 11, 2008**. As with fact witness depositions, expert depositions shall be scheduled to commence at least five working days before the deadline.

    d.    Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who have not been specially employed to provide

expert testimony in this case, but who will provide testimony under Federal Rules of Evidence 702, 703, or 705. A Rule 26(a)(2)(B) report is required for any opinion of such witnesses that was not developed in the course of their treatment or other factual involvement in this case.

  e. As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports disclosed under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefore." Full and complete disclosures of such testimony are required on the dates set forth above; absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.

  6. <u>Discovery Disputes</u>.

  a. The parties shall not file written discovery motions without leave of Court.[1] If a discovery dispute arises, the parties promptly shall contact the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference.

  b. Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

  c. Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

  7. <u>Deadline for Filing Dispositive Motions</u>.

---

[1] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered "correspondence" with attachments.

1        a.      Dispositive motions shall be filed no later than **May 9, 2008**. Such motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules.

        b.      No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure unless permission is first obtained, by joint telephone call, from the Court.

        c.      Failure to respond to a motion within the time periods provided in Local Rule of Civil Procedure 7.2 will be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily pursuant to Local Rule of Civil Procedure 7.2(i).

        d.      The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). The Court will issue a Minute Entry Order scheduling oral argument as it deems appropriate.

8.    <u>Deadline for Engaging in Good Faith Settlement Talks</u>. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **November 30, 2007**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint Report on Settlement Talks executed by or on behalf of all counsel. The Report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

9.    <u>Deadline for Notice of Readiness for Pretrial Conference</u>. The Plaintiff(s) shall notify the Court that the parties are ready for scheduling of a Final Pretrial Conference pursuant to Rule 16(d) of the Federal Rules of Civil Procedure. The Plaintiff(s) shall file and serve this notice within **ten days** of the dispositive motion deadline if no dispositive motions are pending on that date. If dispositive motions are pending, Plaintiff(s) shall file and serve

such notice within **ten days** after the resolution of dispositive motions. The Court will then issue an Order Setting Final Pretrial Conference that (a) sets deadlines for briefing motions in limine, (b) includes a form for the completion of the parties' joint proposed Final Pretrial Order, and (c) otherwise instructs the parties concerning their duties in preparing for the Final Pretrial Conference. A firm trial date will be set at the Final Pretrial Conference.

10. <u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.

11. <u>Markman Hearing</u>. The parties shall notify the Court if a <u>Markman</u> hearing is requested, but are advised that the scheduling of such a hearing will not alter the case management schedule set forth above.

DATED this 10th day of May, 2007.

David G. Campbell
United States District Judge