E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018 (NE)
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
SOILWORKS, LLC, an Arizona corporation

# UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation, | NO.: 2:06-CV-2141-DGC |
| Plaintiff / Counterdefendant / Counterclaimant, | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE COUNTERCLAIMS ASSERTED BY SOILWORKS, LLC** |
| v. | |
| MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona, | |
| Defendant / Counterclaimant / Counterdefendant. | |

## I. INTRODUCTION

Defendant files this second motion challenging the pleadings of Plaintiff. Defendant's motion is nothing more than a waste of time and judicial resources. The pending motion results from the manner in which Midwest Industrial Supply pled its "counterclaims" in the Answer and Counterclaims filed on March 26, 2007. Specifically, Count III asserts:

4842-8407-8593.1

COUNT III

Declaratory Judgment for Validity and Infringement of U.S. Patent No. 7,081,270

(22 U.S.C. § 2201)

33. Midwest restates and incorporates by reference the allegations set forth in Paragraph 1 through 32 of its Counterclaims as if fully set forth herein.

34. In its Complaint, Soilworks has asserted that Midwest's U.S. Patent No. 7,081,270 is invalid and that Soilworks has not infringed any valid and/or enforceable claim of U.S. Patent No. 7,081,270. Soilworks further alleges that an actual controversy exists between Soilworks and Midwest as to the validity and scope of U.S. Patent No. 7,081,270.

35. Given Soilworks' assertions, an actual and substantial controversy presently exists between Soilworks and Midwest with respect to the validity and infringement of U.S. Patent No. 7,081,270 by Soilworks, and warrants the issuance of a declaratory judgment by the Court.

It was unclear to Soilworks' counsel whether or not, through this Counterclaim, Midwest is asserting a coercive remedy for patent infringement with regard to U.S. Patent No. 7,081,270. Soilworks' Reply and Counterclaim was intended to join these issues given Midwest's lack of clarity.

## II. ARGUMENT

Soilworks' Reply and Counterclaim is intended only to ensure that the issues joined before this Court afford a complete disposition of the issues between the parties related to Midwest's patents. Midwest's motion papers argue a position that is form over substance. Either Midwest Industrial is asserting a coercive remedy for patent infringement or it is not. The way it is pled in Count III exposes Soilworks to a claim that patent infringement has occurred. In that respect, Soilworks was within its rights to assert a Counterclaim joining the issues of invalidity and noninfringement. If Midwest confirms that it will not seek a remedy for patent infringement, Soilworks can dismiss its Counterclaim.

## III. CONCLUSION

Soilworks respectfully submits that Midwest's Motion to Strike should be denied. Midwest's motion seeks to elevate form over substance. This Court benefits from having all

of the issues between these litigants properly joined so that a complete disposition of rights between the parties can be adjudicated. Soilworks' Counterclaim does just that. Midwest's failure to cite even one case in support of its position speaks volumes to the position espoused in its motion papers. Soilworks respectfully requests that this Court deny Defendant's Motion to Strike.

Dated this 21st day of May, 2007.

KUTAK ROCK LLP

By /s/ John P. Passarelli
E. Scott Dosek
John P. Passarelli *(Pro Hac Vice)*
Suite 300
8601 North Scottsdale road
Scottsdale, AZ 85253-2742

*Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 21st, 2007, the foregoing Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Strike Counterclaims Asserted by Soilworks, LLC was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                 /s/
                                          Amy S. Fletcher