**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Soilworks, LLC, an Arizona corporation, ) | No. CV-06-2141-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Midwest Industrial Supply, Inc., an Ohio ) corporation authorized to do business in ) Arizona, ) | |
| Defendant. ) | |

Defendant has filed a motion to strike the counterclaim asserted by Plaintiff in its reply to Defendant's counterclaims. Dkt. #26. The Court will deny the motion.

**A.    Background**.

Plaintiff distributes environmentally-safe dust and erosion control agents throughout the United States. Defendant also provides dust and erosion control products, for several of which it recently was issued U.S. Patents numbered 7,074,266 and 7,081,270. Upon receipt of these patents, Defendant sent letters to Plaintiff and one of Plaintiff's customers regarding Plaintiff's possible infringement of the patents.

In response, Plaintiff filed a complaint seeking an injunction and damages under the Declaratory Judgment Act, the Lanham Act, and state law. Dkt. #1. Plaintiff seeks a declaration that it is not infringing the '270 Patent and an end to Defendant's accusations of infringement. *Id.* at 4-6. Defendant filed an answer and counterclaims on March 26, 2007.

Dkt. #16. Defendant also asserts claims under the Declaratory Judgment Act, the Lanham Act, and state law. *Id.* at 7-10. Plaintiff filed a reply to the Defendant's counterclaims on April 16, 2007. Dkt. #22. Plaintiff asserts in the reply a counterclaim for a declaration as to the invalidity and non-infringement of Defendant's patents. *Id.* at 7.

**B.     Discussion.**

Defendant contends that Plaintiff's counterclaim must be stricken because a "counterclaim to a counterclaim" is not permitted under the Federal Rules of Civil Procedure. Dkt. #26-2 at 2. Defendant cites no legal authority in support of this contention.

Most courts that have addressed this issue have concluded that a counterclaim may be asserted in a reply to a counterclaim. *See, e.g.*, *Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*, No. 05-CV-73615-DT, 2007 WL 1218701, at *1-3 (E.D. Mich. Apr. 20, 2007); *United Magazine Co. v. Murdoch Magazines Distrib., Inc.*, No. 00 Civ. 3367 (AGS), 2003 WL 223462, at *3 (S.D.N.Y. Feb. 3, 2003); *Electroglas, Inc. v. Dynatex Corp.*, 473 F. Supp. 1167, 1171 (N.D. Cal. 1979); *S.E. Indus. Tire Co. v. Duraprene Corp.*, 70 F.R.D. 585, 586 (E.D. Pa. 1976); *Evans v. S.S. Kresge Co.*, 54 F.R.D. 536, 539 (W.D. Pa. 1972); *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 418 (D. Del. 1970); *Warren v. Indian Refining Co.*, 30 F. Supp. 281, 282 (N.D. Ind. 1939). As explained in *Power Tools & Supply*:

> [A] counterclaim is not itself a pleading, but is a claim included in some other pleading. [Fed. R. Civ. P. 13]. "Pleading" is defined by Rule 7(a), which permits several types of pleadings. Included amongst the permissible pleadings is "a reply to a counterclaim denominated as such." Fed. R. Civ. P. 7(a). In other words, by the plain language of the rules, a counterclaim may be raised in a pleading, and a reply to a counterclaim is a permissible pleading; hence, a counterclaim may be asserted in a reply to a counterclaim.

2007 WL 1218701 at *2 (citing *S.E. Indus. Tire Co.*, 70 F.R.D. at 586). The Court concludes that the plain language of the Federal Rules of Civil Procedure permit Plaintiff's counterclaim in reply, and thus that the counterclaim should stand as a properly pleaded claim in this suit. *Id.* at *1.

Defendant further contends that Plaintiff's counterclaim should be stricken under Rule 12(f) because it is redundant of the claims asserted in Plaintiff's complaint and "will

- 2 -

engender both confusion and further pleadings by the parties[.]" Dkt. #26-2 at 3-4. The Court concludes that Plaintiff's counterclaim is neither confusing nor redundant. *See* Dkt. #22 at 7. The counterclaim complies with Rule 8's directive that a pleading shall set forth "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

**IT IS ORDERED** that Defendant Midwest Industrial Supply, Inc.'s motion to strike counterclaim (Dkt. #26) is **denied**.

DATED this 22nd day of May, 2007.

David G. Campbell
United States District Judge