BROUSE MCDOWELL
JOHN M. SKERIOTIS, 0069263 (OH)
*ADMITTED PRO HAC VICE*
JILL A. GRINHAM, 0075560 (OH)
*ADMITTED PRO HAC VICE*
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: jskeriotis@brouse.com
Email: jgrinham@brouse.com

*Attorneys for Defendant*
*Midwest Industrial Supply, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>　　Plaintiff / Counterdefendant<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>　　Defendant / Counterclaimant. | No. 2:06-CV-02141-DGC<br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S REPLY TO SOILWORKS, LLC's COUNTERCLAIM AND COUNTERCLAIM OF MIDWEST INDUSTRIAL SUPPLY, INC.** |

Defendant, Midwest Industrial Supply, Inc. ("Defendant"), through the undersigned counsel of record, hereby replies to the Counterclaim of Plaintiff Soilworks, LLC ("Plaintiff") as follows:

1. Upon information and belief, Defendant admits that Plaintiff is a limited liability company with its principal place of business located at 681 North Monterey Street, Suite 101, Gilbert Arizona 85233. Defendant is without sufficient information to form a belief

681135v1

Brouse McDowell
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
(330) 535-5711

as to the remaining allegations of Paragraph 1 of the Counterclaim and, on that basis, denies the same.

2. Defendant admits the allegations of Paragraph 2 of the Counterclaim.

3. Defendant denies the allegations of Paragraph 3 of the Counterclaim.

4. Defendant denies the allegations of Paragraph 4 of the Counterclaim.

5. Defendant repeats and realleges its answers to Paragraphs 1-4 of the Counterclaim as if fully set forth herein.

6. Defendant admits that Plaintiff purports to assert the Counterclaim against Defendant under the patent laws, Title 35, United States Code and under Title 28, United States Code §§ 2201 and 1338(a) and denies the remaining allegations in Paragraph 6 of the Counterclaim.

7. Defendant admits that it has averred that U.S. Patent Nos. 7,081,270 (the "'270 Patent") and 7,074,266 (the "'266 Patent") were duly and legally issued to Defendant and that Defendant is the lawful owner, including the right to sue and to recover for any and all infringements of the '270 Patent and '266 Patent, but denies that Defendant has averred that Plaintiff infringes said patents and denies any remaining allegations in Paragraph 7 of the Counterclaim.

8. Paragraph 8 of the Counterclaim sets forth legal and factual conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation of Paragraph 8 of the Counterclaim.

9. Defendant denies the allegations of Paragraph 9 of the Counterclaim.

## AFFIRMATIVE DEFENSES

1. The Court lacks jurisdiction over the Counterclaim.

2. The Counterclaim, in whole or in part, fails to state a claim upon which relief may be granted.

3. Plaintiff is not entitled to the damages sought in the Counterclaim.

WHEREFORE, Defendant Midwest Industrial Supply, Inc. prays for judgment as to Plaintiff's Counterclaim as follows:

    A.    Plaintiff be required to pay Defendant its attorneys' fees and costs pursuant to the defense of this Complaint;

    B.    That Plaintiff be afforded such other and further relief as the Court may deem just and equitable;

    C.    That Plaintiff take nothing by way of its Counterclaim;

    D.    That judgment be entered in favor of Defendant and that Plaintiff's Counterclaim be dismissed with prejudice;

    E.    The Court enter judgment in favor of Defendant in the amount of its actual damages sustained as a consequence of Plaintiff's unlawful conduct, trebled as provided by law;

    F.    That judgment be entered declaring that Defendant's '270 Patent and '266 Patent are not invalid;

    G.    That judgment be entered declaring that Plaintiff is not entitled to injunctive relief;

Brouse McDowell
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
(330) 535-5711

H. That this be declared an exceptional case pursuant to 35 U.S.C. § 285; and,

I. Such other and further relief as the Court may deem appropriate.

## **MIDWEST INDUSTRIAL SUPPLY, INC.'S COUNTERCLAIM FOR VALIDITY AND INFRINGEMENT OF U.S. PATENT NO. 2,074,266**

For its counterclaims against Soilworks, Midwest restates and incorporates by reference the allegations set forth in its Reply to Soilworks' Counterclaim as if fully set forth herein, and further states as follows:

### **THE PARTIES**

1. Midwest is an Ohio corporation that maintains its principal place of business in Canton, Ohio.

2. Based on information and belief, Soilworks is a limited liability company that maintains its principal place of business at 681 North Monterey Street, Suite 101, Gilbert, Arizona 85233. Based on information and belief, each of the members of Soilworks are residents and citizens of the State of Ohio.

### **JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332(a), as there is complete diversity between Midwest and Soilworks and the amount in controversy exceeds $75,000. This Court also has subject matter jurisdiction over Midwest's Counterclaim under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Soilworks by virtue of the facts that Soilworks has its principal place of business in the State of Arizona in this judicial

Brouse McDowell
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
(330) 535-5711

district, does business in the State of Arizona in this judicial district, and has committed tortuous conduct in this judicial district.

5. Venue is proper in this Court and this judicial district pursuant to 28 U.S.C. § 1391(b) by virtue of the facts that Soilworks resides in this judicial district and a substantial part of the events or omissions giving rise to Midwest's claims against Soilworks occurred in this judicial district.

6. For the first time in this action, in its Counterclaim, Soilworks has asserted that Midwest's '266 Patent is invalid and that Soilworks has not infringed any valid and/or enforceable claim of the '266 Patent. Soilworks further alleges that an actual controversy exists between Soilworks and Midwest as to the validity and scope of the '266 Patent.

7. Given Soilworks' assertions, an actual and substantial controversy presently exists between the Soilworks and Midwest with respect to the validity of the '266 Patent and infringement of the '266 Patent by Soilworks, and warrants the issuance of a declaratory judgment by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Midwest prays that this Court enter an Order comprising:

A. Judgment against Soilworks that it has commited the wrongful acts as described herein.

B. Declaratory relief that the '266 Patent is a fully valid and enforceable patent, and Soilworks has infringed the '266 Patent.

Brouse McDowell
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
(330) 535-5711

C. Temporary, preliminary, and permanent injunctive relief against Soilworks, and Soilworks' officers, agents, representatives, servants, employees, attorneys, successors, and assigns, and all other in active concert or participation with Midwest enjoining them from infringing Patent '266.

D. Judgment for an award of actual damages in favor of Midwest and the trebling of such damages because of the knowing, willful, and wanton nature of Soilworks' conduct.

E. Judgment for an award of punitive damages against Soilworks and in favor of Midwest.

F. Judgment that the costs of this action, attorney's fees, and prejudgment interest be awarded to Midwest.

G. Such other and further relief as this Court may deem just and proper.

By /s/ John M. Skeriotis
BROUSE MCDOWELL
JOHN M. SKERIOTIS, 0069263 (OH)
JILL A. GRINHAM, 0075560 (OH)
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8061
Email: jskeriotis@brouse.com
Email: jgrinham@brouse.com
*ADMITTED PRO HAC VICE*
*Attorneys for Defendant*
*Midwest Industrial Supply, Inc.*

681135.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2007, the foregoing MIDWEST INDUSTRIAL SUPPLY, INC.'S REPLY TO THE COUNTERCLAIMS OF SOILWORKS, LLC was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John M. Skeriotis
One of the attorneys for Defendant
*Midwest Industrial Supply, Inc.*

Brouse McDowell
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
(330) 535-5711