# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     Alaska

Soilworks, LLC

V.

Midwest Industrial Supply, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:06-cv-02141 (D. Arizona)

TO: Ed Waite (President) or Other Corporate Official
Spenard Builders, Inc.
840 K Street, Suite 200
Anchorage, AK 99501

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED

| PLACE    Inquest Agency, 308 G Street, Suite 215, Anchorage, AK 99501 | DATE AND TIME<br>11/20/2007 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jill Bautista* / Attorney for Defendant | 11/8/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jill Bautista (formerly, Jill Grinham), Brouse McDowell, 1001 Lakeside Ave., Suite 1600, Cleveland, Ohio 44114
Telephone: 216-830-6830 (x550); Facsimile: 216-830-6807; email: jbautista@brouse.com

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

Dockets.Justia.

Soilworks, LLC

-vs-

Midwest Industrial Supply, Inc.

2:06-cv-02141 (D. Arizona)

57827

# RETURN OF SERVICE

I certify that on <u>Monday, November 12, 2007</u> at <u>10:20 a.m.</u> I served the following documents:

Subpoena In A Civil Case w/ attachments; Letter to Spenard Builders Supply, Inc.

for service upon <u>Ed Waite Spenard Builders, Inc.</u>

by leaving a true and correct copy with Loann Larson, Agent for Spenard Builders Supply, located at <u>840 K. Street, Ste. 200</u> in Anchorage, Alaska

SUBSCRIBED AND SWORN to before me on
November 12, 2007

_____
Civilian Process Server / Angela Pollard

_____
Notary Public in and for the State of Alaska.

Client: Jill A. Bautista
1001 Lakeside Ave., Ste. 1600 Cleveland , OH 44114-1151
Attention: Jill
File No:
Service Fee: $45.00
Mileage: $0.00
Endeavor: $0.00
Endeavor: $0.00
Total: $45.00

InQuest
AGENCY

308 G St Suite 215
Anchorage, Alaska 99501
Anchorage (907) 272-2201
Mat-Su Valley (907) 357-2557
www.inquestagency.com

# ATTACHMENT

Pursuant to Federal Rule of Civil Procedure 45, Midwest Industrial Supply, Inc. requests that your company produce for inspection and copying the documents described below.

## INSTRUCTIONS

1. In producing documents pursuant to these requests, you are required to furnish all documents in your company's possession, custody or control, regardless of whether those documents are possessed by you or by any agent, investigator, board, supervisor, overseer, consultant, contractor, employee, attorney, or other representative of yourself. You must undertake a diligent search of your records (including but not limited to paper records, computerized records, and electronic mail records) and of all other documents in your possession, custody, or control.

2. With respect to each document requested to be produced and which has not been so produced on the ground of any alleged privilege or immunity or other objection, identify each such document by specifying: (a) the name, position, and title of the author; (b) name, position, and title of the addressee or recipient; (c) date, subject matter, and number of pages, attachments, or appendices; (d) all persons to whom the document was distributed, shown, or explained; (e) present custodian; and (f) the nature and basis of your claim of alleged privilege or immunity or other objection with respect thereto.

3. With respect to each document requested to be produced and which has not been so produced on the ground that it has been lost or destroyed, identify each such document by specifying: (a) the name, position, and title of the author; (b) name,

position, and title of the addressee or recipient; (c) date, subject matter, and number of pages, attachments, or appendices; (d) all persons to whom the document was distributed, shown, or explained; (e) last custodian; and (f) the circumstances that caused it to be lost or destroyed.

4. These requests for production of documents are continuing in nature and require prompt supplementary responses if you obtain additional or different information after serving the responses required herein.

## DEFINITIONS

A. "You" or "your company" means Spenard Builders Supply Inc. and its officers, directors, members, partners, employees, agents, affiliates, direct or indirect parents, subsidiaries, divisions, sister companies, and representatives. "You" and "your company" includes (without limitation) Polar Supply Company.

B. "Polar Supply Company" means Polar Supply Company, which maintains a facility located at 300 E. 54th Avenue, Anchorage, Alaska 99518 (among other locations), and its officers, directors, members, partners, employees, agents, affiliates, direct or indirect parents, subsidiaries, divisions, sister companies, and representatives.

C. "Soilworks" means Soilworks, LLC, which maintains its principal place of business at 681 North Monterey Street, Suite 101, Gilbert, Arizona 85233, and its officers, directors, members, partners, employees, agents, affiliates, direct or indirect parents, subsidiaries, divisions, sister companies, and representatives.

D. "Soilworks' Products" means any product(s) manufactured, distributed, marketed, promoted and/or sold by Soilworks, including (but not limited to) Durasoil® and Soiltac®.

2

E. "Midwest Industrial Supply" means Midwest Industrial Supply, Inc., which maintains its principal place of business at 1101 3rd St. S.E., Canton, OH 44707, and its officers, directors, members, partners, employees, sales managers, agents, affiliates, direct or indirect parents, subsidiaries, or sister companies, representatives.

F. "Midwest Industrial Supply's Products" means any product(s) manufactured, marketed, distributed, promote and/or sold by Midwest Industrial Supply, including (but not limited to) Soil-Sement®, Envirokleen®, EK35®, Road Oyl®, Road Pro NT®, Haul Road Dust Control®, Dustfyghter®, and Diamond Dr®, Arena Rx®, Base-Bldr®, and ROAD-BLDR®.

G. The term "document" shall be construed in the broadest possible sense and shall include, without limitation, any written, electronic, recorded or graphic matter, however reproduced, including, but not by way of limitation, any statement contained in books, records, memoranda, agreements, communications (including intra-company communications), e-mail, blackberry or other wireless devices, invoices, reports, correspondence, telegrams, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, and diaries; statistical statements, graphs, notebooks, charts, forecasts, projections, drawings, minutes or records of meetings or conferences, reports and/or summaries or investigations, opinions of counsel, consultants, investigators or others; brochures, pamphlets, advertisements, circulars, trade letters, press releases, proposals; original or preliminary notes, drafts of any document and marginal comments appearing on any document; notes, papers and any other writings, whether originals or copies, formal or informal, of any nature, kind or description; and any other physical objects, including without limitation photographs and

recordings, on or in which is recorded any information. A draft or non-identical copy is a separate document within the meaning of this term.

H. "Communications" means any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, e-mail, voicemail, or any other form of oral or written intercourse or memorialization of that intercourse.

I. The terms "related to" or "relating to" means not only the document or communication that constitutes or contains the subject matter, but also any other document or communication summarizing, digesting, referring to, referencing, commenting on, mentioning, describing, listing, analyzing, studying, or otherwise discussing or indicating the existence of in any way the subject matter addressed by the request.

J. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as needed to bring within the scope of this request any document that might otherwise be construed as outside of the scope.

K. The singular form of a word shall be interpreted as plural and vice versa, where appropriate.

L. All terms not expressly defined herein should be given their ordinary and usual meaning, and shall be construed in the broadest possible in order bring within the scope of the request any document that might otherwise be construed as outside of the scope of the request.

# REQUESTED DOCUMENTS

1. All documents related to any communication between Soilworks and your company (including, without limitation, Polar Supply Company).

2. All documents related to the following communications:

    a. The letter from Bob Vitale of Midwest Industrial Supply to Dave Schooner of Polar Supply Company dated July 27, 2006 (attached hereto as Exhibit A);

    b. The letter from Bob Vitale of Midwest Industrial Supply to Donald Dunavant of Polar Supply Company dated July 27, 2006 (attached hereto as Exhibit B);

    c. The email from Dave Schooner of your company to Steve Hickman of Polar Supply Company dated July 27, 2006 (attached hereto as Exhibit C);

    d. The email from Steve Hickman of Polar Supply Company to Dorian Falkenberg of Soilworks dated July 27, 2006 (attached hereto as Exhibit C);

    e. The email from Steve Gordner of Polar Supply Company to Dorian Falkenberg and Chad Falkenberg of Soilworks dated July 31, 2006 (attached hereto as Exhibit D);

    f. All communications relating to Midwest Industrial Supply, Midwest Industrial Supply's Products, and/or any Midwest Industrial Supply employee or other person otherwise affiliated or associated with Midwest Industrial Supply (including, without limitation, Bob Vitale).

3. All documents related to Soilworks and/or Soilworks' Products.

4. All documents relating the promotion, advertisement, marketing, distribution, sale, offer for sale, or bidding of Soilworks' Products, including (but not limited to) all such documents related to the following entities:

    a. State of Alaska Department of Transportation;

    b. Tamsher Construction;

    c. United States Army Corps of Engineers, including (but not limited to)

> the U.S. Army Engineer Research and Development Center (ERDC);
>
> d. Geotech Solutions, Inc.;
>
> e. United States Marine Corps;
>
> f. U.S. Department of Defense;
>
> g. Bill and/or Marge Brubaker.

5. All documents related to Midwest Industrial Supply, Midwest Industrial Supply's Products, and/or Midwest Industrial Supply's patents (including, but not limited to, U.S. Patent 7,074,266 and U.S. Patent 7,081,270).

6. All documents relating to the comparison or evaluation of Soilworks and/or Soilworks' Products in relationship to Midwest Industrial Supply and/or Midwest Industrial Supply's Products, and all documents that otherwise discuss Soilworks and/or Soilworks' Products in relationship to Midwest Industrial Supply and/or Midwest Industrial Supply's Products.

7. All documents relating to the promotion, marketing, or advertisement of Soilworks' Products as an alternative, similar, equivalent, identical, equal or otherwise comparable product to Midwest Industrial Supply's Products, and all documents that otherwise discuss Soilworks' Products as an alternative, similar, equivalent, identical, equal or otherwise comparable product to Midwest Industrial Supply's Products.

8. All documents related to any complaints, problems, or other issues regarding Soilworks' Products, including (but not limited to) those regarding quality, performance, or installation. This request includes, without limitation, any complaints, claims or other communications that your company and/or Polar Supply Company have received from any other person or entity regarding Soilworks' Products.

July 27, 2006

Mr. David Shooner, Sales Manager
Polar Supply Company, Inc
300 E. 54th Street
Anchorage, Ak 99518-1230

Dear Mr. Shooner,

This letter is meant to apprise you of a recent development at Midwest Industrial Supply, Inc. Midwest invented the category of synthetic organic dust control agents, more commonly known as EK35® and EnviroKleen®. Recently, the United States Patent and Trademark Office awarded Midwest United States Patent No. 7,074,266.

There are a number of imitators that claim to be synthetic organic dust control agents; however, none of those competitors can have the formulation or method as that of EK35® or EnviroKleen®. The granting of the U.S. Patent now allows Midwest to pursue those who make, use, **sell, offer for sale** and / or import knock-off or imitators of EK35® or EnviroKleen®.

We have appraised Soilworks LLC, 681 N Monterey Street, Gilbert Az 85233 of this patent and to date we have not received a substantive response. As you may or may not be aware, U.S. Patent law requires that a response be received by the patent owner when someone has been accused of infringement.

Attached please find U.S. Patent No. 7,074,266. It is our full expectation that this and several more patents will enable us to protect our intellectual property in the marketplace.

If you have any questions, please feel free to telephone me regarding the above.

Sincerely,

Midwest Industrial Supply, Inc.

Robert Vitale
President


Cc: John Skeriotis

EXHIBIT A

July 27, 2006

Mr. Donald Dunavant, President
Polar Supply Company, Inc
300 E. 54th Street
Anchorage, Ak 99518-1230

Dear Mr. Dunavant,

This letter is meant to apprise you of a recent development at Midwest Industrial Supply, Inc. Midwest invented the category of synthetic organic dust control agents, more commonly known as EK35® and EnviroKleen®. Recently, the United States Patent and Trademark Office awarded Midwest United States Patent No. 7,074,266.

There are a number of imitators that claim to be synthetic organic dust control agents; however, none of those competitors can have the formulation or method as that of EK35® or EnviroKleen®. The granting of the U.S. Patent now allows Midwest to pursue those who make, use, **sell**, **offer for sale** and / or import knock-off or imitators of EK35® or EnviroKleen®.

We have appraised Soilworks LLC, 681 N Monterey Street, Gilbert Az 85233 of this patent and to date we have not received a substantive response. As you may or may not be aware, U.S. Patent law requires that a response be received by the patent owner when someone has been accused of infringement.

Attached please find U.S. Patent No. 7,074,266. It is our full expectation that this and several more patents will enable us to protect our intellectual property in the marketplace.

If you have any questions, please feel free to telephone me regarding the above.

Sincerely,

Midwest Industrial Supply, Inc.

*[signature: Robert Vitale]*

Robert Vitale
President


Cc: John Skeriotis

EXHIBIT B

From: shickman@polarsupply.com [mailto:shickman@polarsupply.com]
Sent: Thursday, July 27, 2006 10:01 AM
To: Dorian Falkenberg
Subject: FW: Patent Notice

-----Original Message-----
From: Dave Shooner
Sent: Thursday, July 27, 2006 8:41 AM
To: Steve Hickman
Subject: FW: Patent Notice

-----Original Message-----
From: Bob Vitale [mailto:bob.vitale@midwestind.com]
Sent: Thursday, July 27, 2006 7:36 AM
To: Dave Shooner
Cc: Skeriotis, John M.
Subject: Patent Notice

Dave

Please see the attached.

Bob Vitale

10/23/2006



**From:** sgordner@polarsupply.com [mailto:sgordner@polarsupply.com]
**Sent:** Monday, July 31, 2006 6:33 PM
**To:** Chad Falkenberg; Dorian Falkenberg
**Cc:** shickman@polarsupply.com
**Subject:** Patent Issue

Chad and Dorian,

Polar Supply has received the response from your counsel, John Passarell, regarding the supposed patent violation of which we were notified by Midwest Industrial.

Please be advised that Polar Supply Ownership has also been contacted directly by Mr. Bob Vitale of Midwest Industrial. Polar Supply Ownership and management has requested that Midwest Industrial notify Polar Supply if they believe Polar Supply is violating the patent in question, and if so how do they believe we are violating that patent. Midwest has responded that Mr. Skariotis will be addressing our questions.

Polar Supply has obviously consulted our counsel, and we have been advised to request a hold harmless from Soilworks, LLC for any and all litigation and/or liability which could result from Polar Supply Co., Inc. continuing to marketing and sell Soilworks products, pending a resolution of the claimed patent violation.

Please advise.

Steve Gordner
Polar Supply Co., Inc.
Main 563-5000
Direct 646-4715

10/23/2006


EXHIBIT
D