| | |
|---|---|
| John M. Skeriotis, 0069263 (OH) | |
| Jill A. Bautista, 0075560 (OH) | |
| BROUSE MCDOWELL | |
| 388 S. Main Street, Suite 500 | |
| Akron, Ohio 44311-4407 | |
| Telephone: 330-535-5711 | |
| Facsimile: 330-253-8601 | |
| Email: jskeriotis@brouse.com | |
| Email: jbautista@brouse.com | |
| *Admitted Pro hac vice* | |

*Attorneys for Defendant*
*Midwest Industrial Supply, Inc.*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation, | NO.: 2:06-CV-2141-DGC |
| Plaintiff / Counterdefendant / Counterclaimant, | |
| v. | **UNOPPOSED REQUEST FOR RECONSIDERATION OF THE PARTIES' JOINT MOTION FOR EXTENSION OF TIME (ECF DOCKET NO. 59) AND REQUEST FOR RULE 16(A) SCHEDULING CONFERENCE** |
| MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona, | |
| Defendant / Counterclaimant / Counterdefendant. | |

NOW COMES Defendant for its Motion for Reconsideration of this Honorable Court's denial (ECF Docket No. 61) of the Joint Motion for Extension of Time (ECF Docket No. 59) and a request for a Rule 16(a) scheduling conference. Defendant would like to first apologize to the Court for not setting forth its efforts in this case to have the case proceed toward the dispositive motion stage in accordance with the Court's Case Management Order. The parties believe they have been diligent in moving this case along,

1 especially recently, in light of the fact that the case does not appear likely to settle
2 amicably.

*The Parties' Discovery Efforts*

On May 10, 2007, the Court set forth its Case Management Order setting the scheduling for this case. On May 18, 2007, Defendant served its Rule 26 Initial Disclosures upon Plaintiff. On May 21, 2007, Defendant served Plaintiff with a First Set of Interrogatories and First Request for Production of Documents and Things. On May 22, 2007, Plaintiff served its Rule 26 Initial Disclosures upon Defendant.

The due date for responses to Defendants' discovery requests was initially due on or before June 25, 2007. Plaintiff requested (and Defendant granted) an extension of time for Plaintiff's responses. Plaintiff responded to Defendant's initial discovery requests on July 23, 2007. No documents were produced in accordance with Plaintiff's responses to Defendant's discovery requests. The parties were working on a protective order, which was filed with the Court on August 13, 2007. Plaintiff was apparently awaiting entry of the Protective Order before forwarding documents responsive to Defendants' requests.

The Court entered the parties' Protective Order on August 28, 2007. Defendant then followed-up with Plaintiff regarding the discovery production on August 30, 2007. Defendant sent Plaintiff two letters on September 26, 2007, pursuant to Local Rule 7.2 (j), regarding Plaintiff's responses to Defendant's interrogatory requests and lack of document production, threatening a motion to compel. After discussing the issues regarding document production, in a letter dated October 19, 2007 to Defendant, Plaintiff agreed to make available for copying and inspection discovery documents requested by Defendant in Arizona at Plaintiff's offices on October 31, 2007. Defendant initially responded that Defendant would send a copy service to Plaintiff for copying all documents. Plaintiff requested prepayment for the copying since the document totals were initially thought to be approximately 300,000 documents. When Defendant learned of this amount of documents (~300,000), Defendant initially decided to review and inspect the documents in Arizona on

a mutually agreed date in November due to the cost associated with copying and Bates stamping 300,000 documents (estimate received of $48,000). Defendant then scheduled and booked the aforementioned trip to Arizona for November 7 through November 9, 2007. On November 6, 2007, Defendant determined that the amount of documents was actually "only" 150,000, which (along with other reductions) reduced the price for all documents to an estimate of $17,000. Thus, Defendant, on November 6, 2007, decided to forgo the trip to Arizona and proceed with copying all the documents.

The third party copy service could not complete the document copying until mid-January 2008. Defendant received the final diskette of Plaintiff's production of documents on January 28, 2008. The parties agreed among themselves to extend the dates for discovery and expert deadlines pursuant to prior dealings with this Court and since the extension of those dates did not interfere with dates affecting the Court's docket.[1]

On October 1, 2007, Defendant requested deposition dates for the principals of Plaintiff, a 30(b)(6) of Plaintiff and requested Plaintiff's counsel's schedule to conduct depositions of Polar Supply Company in Anchorage, Alaska. On October 22, 2007, Plaintiff responded regarding discovery dates that Dorian Falkenberg, one of the principals of Plaintiff, was due to give birth to the couple's first child on November 19, 2007 and, as such, she was unavailable before and several weeks after November 19, 2007. Also, Defendant did not wish to make two trips to Arizona for depositions and, as set forth *supra*, Defendant did not have the document production necessary to conduct the depositions anyway.

On November 27, 2007, Defendant served Plaintiff with a Second Set of Interrogatories, a Second Set of Document Requests and a First Set of Request for Admissions. Plaintiff responded to the above on December 31, 2007.

---

[1] The parties believed this to be in accordance with the Court's internal procedures. Plaintiff filed a motion to extend the time to respond to Defendant's discovery (ECF Docket No. 36) and was told by one of the Judge's employees that if the time extension did not interfere with any matters for the Court's docket, that Plaintiff need not file this sort of extension request with the Court. If the parties presumed something that they should not have, the parties respectfully apologize to the Court but were merely attempting to handle the scheduling of the case without bothering the Court so long as it did not interfere with deadlines that would directly affect the Court.

On October 18, 2007, Plaintiff served Defendant with its First Set of Interrogatories and First Set of Discovery Requests. Defendant requested, and was granted, an extension of time and responded on December 24, 2007 to Plaintiff's discovery requests and made available documents that were responsive to Plaintiff's discovery requests for inspection and copying by Plaintiff. On November 27, 2007, Plaintiff served Defendant with a second set of discovery requests. Defendant responded to Plaintiff's second set of discovery requests on January 3, 2008.

Upon mutual agreement of the parties, Plaintiff inspected and reviewed for copying documents at Defendant's business in Ohio on February 14 and 15, 2008. The documents Plaintiff requested were copied, Bates stamped, designated according to the Stipulated Protective Order and were recently provided to Plaintiff (during the week of March 3, 2008).

Plaintiffs deposed Defendant's CEO, Robert Vitale and conducted a 30(b)(6) deposition on February 19 and 20, 2008. Plaintiff indicated it would like to depose one current and one former employee of Defendant.

Defendants have noticed but not taken any depositions of Plaintiff. The parties are attempting to schedule these depositions consecutively with the depositions of two individuals in Alaska to ease Defendant's costs and travel expenses so that they may travel to Arizona and then Alaska.

*Settlement Discussions*

Pursuant to all of the above, the Parties were simultaneously attempting to settle the dispute amicably. On October 18, 2007, the parties engaged in settlement discussions, which were memorialized in an e-mail exchange. On October 22, 2007, Plaintiff forwarded a letter to Defendant setting forth, *inter alia*, Plaintiff's desire to mediate the instant dispute. Counsel for the parties thereafter discussed, and agreed upon, mediation.

On December 7, 2007, the parties filed a Joint Report on Settlement Talks indicating their desire to mediate this dispute. On December 14, 2007, a Settlement Conference was

| | |
|---|---|
| 1 | scheduled by Magistrate Judge Lawrence Anderson for January 25, 2008.  Plaintiff filed a |
| 2 | Motion to Continue the settlement conference, which was rescheduled to February 27, |
| 3 | 2008.  The parties exchanged settlement offers and provided Magistrate Judge Lawrence |
| 4 | with Settlement Conference Memoranda on February 22, 2008.  The Settlement Confernece |
| 5 | was held between Plaintiff's owners, counsel for Plaintiff from Arizona and Nebraska along |
| 6 | with the Defendant's CEO, counsel and a representative from Defendant's insurer.  The |
| 7 | parties met and discussed settlement for several hours but ultimately could not settle the |
| 8 | instant dispute.  Since the Settlement Conference did not result in the settlement of the |
| 9 | instant dispute, the parties filed the instant motion to extend the Case Management |
| 10 | deadlines, which was denied by the Court on March 5, 2008. |

Pursuant to all of the above, the parties believe they have been diligent in preparing this case for the dispositive motion stage and, ultimately, for trial; however, the parties believe the need the additional time as set forth in the proposed Order, ECF Docket No. 60, which was also e-mailed to the Court as a Word document.  Thus, Defendant respectfully requests that the Court reconsider its denial, and grant the Parties' Joint Motion for Extension of the Case Management deadlines.

>                             BROUSE MCDOWELL
>
>                             By    /s/ John M. Skeriotis
>                                JOHN M. SKERIOTIS, 0069263 (OH)
>                                JILL A. BAUTISTA, 0075560 (OH)
>                                388 S. Main Street, Suite 500
>                                Akron, Ohio 44311-4407
>                                Telephone:  330-535-5711
>                                Facsimile: 330-253-8061
>                                Email: jskeriotis@brouse.com
>                                Email:  jbautista@brouse.com
>                                *Attorneys for Defendant*
>                                *Midwest Industrial Supply, Inc.*

709345.3

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2008 the foregoing UNOPPOSED REQUEST FOR RECONSIDERATION OF THE PARTIES' JOINT MOTION FOR EXTENSION OF TIME AND REQUEST FOR RULE 16(A) SCHEDULING CONFERENCE (ECF DOCKET NO. 59) was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John M. Skeriotis
John M. Skeriotis
*Counsel for Defendant*
*Midwest Industrial Supply, Inc.*

709345.3