# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Soilworks, LLC, an Arizona corporation, | No. CV-06-2141-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Midwest Industrial Supply, Inc., an Ohio corporation authorized to do business in Arizona, | |
| Defendant. | |

Defendants have filed a motion for reconsideration of the Court's order (Dkt. #61) denying their request for an extension of the discovery deadlines in this case. Dkt. #63. Defendants describe the efforts they have undertaken to litigate this case and urge the Court to grant the requested extensions. For the reasons set forth below, Defendants' motion will be denied.

As noted in the Court's previous order, the Court allocated sufficient time to prepare this case for trial. The Court specifically advised the parties, both at the case management conference and in the Case Management Order (Dkt. #28), that the deadlines were real and that the Court would not be inclined to grant extensions. The parties permitted the expert disclosure and fact discovery deadlines to pass without seeking an extension from the Court. Although Defendants have now explained additional activity that was undertaken during the discovery period, the Court cannot conclude that the parties were unable to complete their discovery through reasonable diligence. Under the standards applied in the Ninth Circuit,

1 | Defendants therefore have not established the good cause required to extend a scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").

Defendants suggest that their interaction with the Court's staff in connection with Dkt. #36 led them to believe that they did not need the Court's approval to privately agree on discovery extensions. But the Court's Case Management Order clearly explained the circumstances under which the Court's involvement was not required. Paragraph 3 set forth limitations on length of depositions and amounts of written discovery, and then said: "The limitations *set forth in this paragraph* may be increased by mutual agreement of the parties, *but such an increase will not result in an extension of the discovery deadline set forth below*." Dkt. #28, ¶ 3 (emphasis added). The Court also specifically addressed this matter during the case management conference and made the following statement: "I'm going to leave paragraph 3 the way it is with some discovery limitations, but you can agree to exceed those. You don't need my agreement to do that. But your agreeing, of course, won't affect the discovery deadline." (Court's rough transcript.) Thus, the Court made clear that the parties could agree to extend the length of a deposition or increase the number of interrogatories, but that their agreements would *not* affect the discovery deadlines in this case. The Court made equally clear that it would not be inclined to extend the deadlines. For this reason the Court cannot accept Defendants' suggestion that they believed they could privately agree to extend the deadlines in this case.

In sum, the Court made clear that the deadlines in this case were real. Counsel allowed those deadlines to pass without diligently pursuing discovery and without otherwise seeking to extend the deadlines. The Court will not alter its previous order denying the requested extensions.

**IT IS ORDERED** that Defendants' motion for reconsideration (Dkt. #63) is **denied**.

DATED this 18th day of March, 2008.

_____
David G. Campbell
United States District Judge