John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone:  330-535-5711
Facsimile: 330-253-8601
Email: jskeriotis@brouse.com
Email: jbautista@brouse.com
*Admitted Pro hac vice*

Donald L. Myles, Jr.
Jones, Skelton & Hochuli, PLC
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Facsimile: (602) 200-7842
Email:dmyles@jshfirm.com
*Attorneys for Defendant*
*Midwest Industrial Supply, Inc.*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation, | NO.: 2:06-CV-2141-DGC |
| Plaintiff / Counterdefendant / Counterclaimant, | |
| v. | |
| MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona, | **MOTION FOR ORDER** |
| Defendant / Counterclaimant / Counterdefendant. | |

NOW COMES Defendant for its Motion for Order to include the federally registered trademark "Synthetic Organic Dust Control®" in Defendant's defined term "Midwest's Marks" as that defined term is set forth within Defendant's counterclaims.  This Court

should allow for the inclusion of this additional trademark since Defendant's counterclaims comply with the standards for notice pleading and gave Plaintiff a sufficient basis to frame its response. In addition, there is no prejudice to Plaintiff regarding the inclusion of this mark as Plaintiff has been aware of this mark and Defendant's allegations of infringement thereof since at least as early as November 30, 2007.

In *Riverdeep Interactive Learning, Ltd. v. MPS Multi-media, Inc.*, 2006 WL 3797962, at *4 (N.D.Cal, Dec. 22, 2006)[1], the court held that, even though the plaintiff had not identified specific trademarks or sections of the Lanham Act, plaintiff's trademark infringement claim met the standard of notice pleading and the defendant could discover the specific trademarks and sections of the Lanham Act through discovery. (*See Riverdeep Interactive Learning, Ltd.* Complaint, attached hereto as Exhibit A, ¶¶41-44.) In this case, Defendant has a counterclaim for trademark infringement, *inter alia*, for several of Defendant's marks as listed in the defined term, "Midwest's Marks." (*See* Defendant's Counterclaim, ECF Docket No. 16, at p. 7-8.) Defendant, in its counterclaims, lists "Midwest's Marks" as a defined term and sets forth trademarks it alleges Plaintiff has violated. Defendant believes it has complied with the notice pleading requirements by setting forth "a short and plain statement of the claim showing that the pleader is entitled to relief" in accordance with *Riverdeep* and the notice pleading requirement of Fed. R. Civ. P. 8(a). *See also Seckinger v. CNIC Health Solutions, Inc.*, 2008 WL 477880, at *3 (D.Ariz. Feb. 19, 2008). Plaintiff, however, has raised the issue that Defendant's counterclaims do not include the federally registered trademark "Synthetic Organic Dust Control®." As such, for the purposes of clarification and avoidance of doubt, Defendant has filed this motion for an Order to include this trademark in the defined term of "Midwest Marks."

As in *Riverdeep*, Defendant's counterclaim was sufficient to place Plaintiff on notice of the basis for the claim. The Court in *Riverdeep* also concluded that such information could be elicited during discovery. That is precisely what has happened in this case, as set forth *infra*.

---

[1] All unpublished cases are attached hereto as Exhibit B.

Plaintiff conducted discovery in this case and discovered that Defendant alleges that its federally registered trademark, "Synthetic Organic Dust Control®," is infringed by Plaintiff. More specifically, Defendant's response to Plaintiff's second set of interrogatories, interrogatory no. 7 (21), put Plaintiff on notice of this specific mark on December 31, 2007 as follows:

> **Interrogatory No. 7 (21)**
> Please state each and every fact upon which you rely in support of your allegation in paragraph 18 of your counterclaims that Soilworks has used and continued to use one or more of Midwest's marks in commerce without Midwest's authorization. Please state which of Midwest's marks are alleged to be used by Soilworks and how it is alleged that Soilworks is using any such marks.
>
> **ANSWER:**
> Subject to and without waiving the foregoing objections, Defendant responds Ultra Pure, **Synthetic Organic Dust Control**, and Oil Sheen Free.

(Defendant's Response to Plaintiff's Second Set of Interrogatories and Second Request for Production of Documents and Things, at p. 6, attached hereto as Exhibit C.) (Emphasis added)

Even if, *assuming arguendo*, that Defendant's counterclaim did not comply with the notice pleading requirements of Fed. R. Civ. P. 8(a), which it does, Defendant should still be allowed to include the trademark in the defined term for "Midwest's Marks" since this request complies with Fed. R. Civ. P. 15(a)(2).

According to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading with leave of Court and "the court should freely give leave when justice so requires.[2]" The Ninth Circuit Court of Appeals has a strong policy of favoring Rule 15 amendments and has applied the rule liberally. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F. 2d 1149, 1160 (9th Cir. 1989). A court should allow an amendment of the pleadings if it fails to find (1) prejudice to the opposing party, (2) that the moving party acted in bad faith, (3) that the amendment is futile, or (4) undue delay on the part of the moving party.

---

[2] If the Court finds that Defendant's Counterclaim requires Defendant to Amend its Pleading, then Defendant respectfully seeks leave of Court for Plaintiff to file an Amended Counterclaim consistent with the instant Motion.

*Burnham v. U.S.*, 2008 WL 477874, at *2 (D. Ariz. Feb. 19, 2008) (*citing Forman v. Davis*, 371 U.S. 178, 182 (1962)). This determination should be made with all inferences in favor of allowing the amendment. *Griggs v. Pac Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

First, in determining whether to allow an amendment, consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital, Inc. v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003). Plaintiff will not be prejudiced by the inclusion of the trademark "Synthetic Organic Dust Control®" in Defendant's counterclaim since Plaintiff has known that such mark was alleged to be infringed by Plaintiff since at least as early as November 30, 2007.

In a settlement letter from Defendant dated November 30, 2007, Defendant, seeking to settle all of the current issues between the parties, asked Plaintiff to cease and desist from using "Synthetic Organic Dust Control®." (Defendant's Settlement Letter, attached hereto as Exhibit D.) Furthermore, in Defendant's Settlement Conference Memorandum, e-mailed to Plaintiff's counsel on December 14, 2007, Defendant included in the facts of its counterclaim for trademark infringement that Plaintiff was infringing on Defendant's recently registered trademark for "Synthetic Organic Dust Control®" by using it to advertise Plaintiff's Durasoil product. (Defendant's Settlement Conference Memorandum, p. 5, attached hereto as Exhibit E.) Thus, well before the completion of discovery in this case, which was January 11, 2008, Plaintiff has known of Defendant's allegation of trademark infringement of the mark "Synthetic Organic Dust Control®."

Plaintiff has asserted that the mark, "Synthetic Organic Dust Control®", is not in the instant case. During the deposition of Defendant's CEO Robert Vitale on February 19, 2008, Plaintiff asked Mr. Vitale about the trademark "Synthetic Organic Dust Control®" and why it was not included in Defendant's trademark infringement claim. (Deposition of Robert Vitale, p. 93-95, relevant pages attached as Exhibit F.) Thus, it was Plaintiff who brought this to Defendant's attention. Therefore, Plaintiff cannot now state that it was prejudiced by

the failure to include the mark in Midwest's Counterclaim, since Plaintiff has had the full opportunity to conduct discovery. Defendant has further prevented any prejudice to Plaintiff's case by making the prosecution history for the trademark "Synthetic Organic Dust Control®" available to Plaintiff for inspection and copying. The prosecution history is also publicly available. Furthermore, Plaintiff was on notice at least as early as November 30, 2007, which was prior to Defendant conducting its second set of discovery requests and prior to Defendant taking any depositions in this case of Defendant's inclusion of the "Synthetic Organic Dust Control®" mark. In fact, Plaintiff's only depositions occurred on February 19, 2008 (as set forth *supra*) and February 20, 2008 (30(b)(6) of Defendant). Furthermore, Plaintiff has questioned Defendant about the "Synthetic Organic Dust Control®" mark, in detail, during the depositions of Mr. Vitale and the 30(b)(6) Corporate designee (Mr. Vitale again). Finally, Plaintiff has reserved the right to re-depose Mr. Vitale and the 30(b)(6) Corporate designee on any other document or issue that they desire.

Second, Defendant's motion to include the trademark "Synthetic Organic Dust Control®" was not made in bad faith. As set forth *supra*, Defendant believes that its counterclaim complies with the notice pleading requirements and this motion is not required; however, for the avoidance of doubt, Defendant seeks to settle this issue. As such, Defendant does need not include each and every trademark it alleges is infringed in its Counterclaims. Furthermore, Defendant's Answer and Counterclaims were filed on March 26, 2007. At that time, the registration for the trademark "Synthetic Organic Dust Control®" was still pending with the U.S. Patent and Trademark Office and Defendant's did not know when, or if, the trademark would be registered[3]. On December 7, 2007, Defendant received a Certificate of Registration from the U.S. Patent and Trademark Office for its trademark "Synthetic Organic Dust Control®." (A copy of U.S. Trademark Registration No. 3,318,243, attached herein as Exhibit G.) Defendant could not have asserted a cause of action for federal trademark infringement for this trademark before it was registered. Since (1)

---

[3] Often, trademarks may take years to register or may never register. Therefore, Defendant did not have standing to assert a claim for trademark infringement of the trademark "Synthetic Organic Dust Control" until they received confirmation of the registration.

1  Defendant believes in good faith that it has complied with the notice pleading requirements;
2  (2) because Plaintiff has been on notice since November 30, 2007 of the "Synthetic Organic
3  Dust Control®" infringement allegation and, finally, (3) because Defendant could not have
4  included the "Synthetic Organic Dust Control®" mark in the defined term of "Midwest's
5  Marks" as of the due date for the filing of its counterclaims, Defendant's motion to include
6  the trademark is not made in bad faith.

7  Third, Defendant's claim that Plaintiff has infringed on Defendant's trademark for
8  "Synthetic Organic Dust Control®" is not futile.  "A proposed amendment is futile only if no
9  set of facts can be provided under the amendment to the pleadings that would constitute a
10 valid and sufficient claim or defense. *Best Western Intern. Inc. v. Doe*, 2007 WL 2410341
11 (D. Ariz. Aug. 21, 2007) (*citing DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 187 (9th
12 Cir. 1987.)  Plaintiff has unlawfully used Defendant's newly registered trademark in
13 advertising its product.  Defendant seeks to include this trademark with the other trademarks
14 designated as "Midwest's Marks."  Thus, the inclusion of this trademark in the defined term
15 "Midwest's Marks" is not pointless and the amendment to the pleadings would not be futile.

16 Fourth, while a court may consider whether there was undue delay on the part of the
17 moving party in determining whether to amend the pleadings, "undue delay by itself is
18 insufficient to justify denying a motion to amend." *Owens v. Kaiser Found. Health Plan,*
19 *Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (*quoting Bowles v. Reade*, 198 F.3d 757, 758 (9th
20 Cir. 1999)).  In this case, there is no delay as Defendant believes the mark is in the ase
21 pursuant to Notice Pleading.  However, if the Court finds otherwise, Defendant's delay in
22 filing this motion would be the result of excusable neglect.  Because Defendant's trademark
23 "Synthetic Organic Dust Control®" was not registered when it filed its answer, Defendant did
24 not include the trademark in its counterclaim for trademark infringement.  After the Answer
25 was filed, Defendant attempted to settle this case with Plaintiff and the trademark "Synthetic
26 Organic Dust Control" was a part of that settlement negotiation.  (See Defendant's Settlement
27 Letter and Defendant's Settlement Conference Memorandum, p. 5.)  After initial settlement
28 negotiations broke down, the absence of this trademark from the trademark infringement

1  claim was overlooked by Defendant until Plaintiff brought the omission to Defendant's
2  attention during the deposition of Mr. Vitale. Therefore, the delay in including this
3  trademark was not undue and would be excusable if the Court finds that it is not a part of this
4  suit.

5  Although the time for amending the pleadings has passed, courts have allowed parties
6  to amend the pleadings during trial and even after the verdict. *See Hogan v. Wal-Mart
7  Stores, Inc*, 167 F.3d 781, 783-84 (2nd Cir. 1999) (affirming district court's grant of a motion
8  to conform the pleadings after the jury had returned the verdict where the opposing party had
9  sufficient notice of the moving party's claims.)  Permitting Defendant to include its newly
10 registered trademark "Synthetic Organic Dust Control®" in its counterclaim for trademark
11 infringement would be in the interests of justice as well. Inclusion of this trademark would
12 allow for a single trial, instead of two or more trials, on all of the current issues between the
13 parties, which would save time and judicial resources.

14 Pursuant to all of the above for the sake of clarity and the avoidance of doubt,
15 Defendant respectfully requests that this Court grant its motion for an Order including the
16 Defendant's federally registered trademark, "Synthetic Organic Dust Control®," in
17 Defendant's defined term, "Midwest Marks" as set forth in Defendant's counterclaim.

                Respectfully submitted,

                By /s/ John M. Skeriotis
                   JOHN M. SKERIOTIS, 0069263 (OH)
                   BROUSE MCDOWELL
                   388 S. Main Street, Suite 500
                   Akron, Ohio 44311-4407
                   Telephone:  330-535-5711
                   Facsimile: 330-253-8061
                   Email: jskeriotis@brouse.com
                   Email:  jbautista@brouse.com
                   *One of the Attorneys for Defendant
                   Midwest Industrial Supply, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 26, 2008 the foregoing MOTION FOR ORDER was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                  /s/ John M. Skeriotis
                                  John M. Skeriotis
                                  *Counsel for Defendant*
                                  *Midwest Industrial Supply, Inc.*

710326