```
HAWKINS and E-Z MESSENGER
65 E. Pennington Street
Tucson, AZ 85701
(520) 623-8436   FAX: (520) 624-1819            CLIENT FILE NO.
                                                153305-3
IN THE UNITED STATES DISTRICT COURT
MARICOPA
STATE OF ARIZONA
SOILWORKS, L.L.C.                               CASE NO. 2:06:CV-02141-DGC
   vs
MIDWEST INDUSTRIAL SUPPLY, INC.                 HEARING DATE: 05/01/08 @ 10:00 am
_____
     STATE OF ARIZONA                 )         AFFIDAVIT OF SERVICE
     PIMA COUNTY                      )
```

THE AFFIANT, being sworn, states: That I am a private process server registered in PIMA COUNTY and an Officer of the Court.  On 04/17/08 I received the SUBPOENA IN A CIVIL CASE; LETTER DATED 4/16/08; EXHIBIT A

from KUTAK ROCK, LLP and by E. SCOTT DOSEK in each instance I personally served a copy of each document listed above upon:
CUSTODIAN OF RECORDS FOR EARTHCARE CONSULTANTS, L.L.C. on 04/18/08 at 11:10 am at 285 N. MEYER AVENUE, #1 TUCSON, AZ 85701 PIMA COUNTY in the manner shown below:

by leaving true copy(ies) of the above documents with ROSE SVEDBERGY, MEMBER, STATED AUTHORIZED TO ACCEPT.

Description: WHITE, Female, Approx. 35 yrs. of age, 5' 2" tall, Weighing 100lbs., BROWN Eyes, BROWN Hair,

```
                                          /s/RANDOLPH W. LEDESMA, ACPS
                                                                   Affiant
                                          Sworn to before me the  Apr 22, 2008

                                          /s/Priscilla C. Dominguez
                                                                    Notary

     SERVICE OF PROCESS  $    16.00       My Commission expires:  11/05/2011
           MILES    1    $    16.00                      ~AX021359350+
     SERVICE CHARGE      $     3.00
     AFFIDAVIT PREP/NOTARY $   10.00       1359350    7411     17
              TOTAL    $      45.00        OFFICE FILE COPY
```

�AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     Arizona

Soilworks LLC

V.

Midwest Industrial Supply, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:06-CV-02141-DGC

TO: Earthcare Consultants, L.L.C.
285 N. Meyer #01
Tucson, AZ 85701

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto

| PLACE   Please mail documents to: Kutak Rock LLP, 8601 N. Scottsdale Road, #300, Scottsdale, AZ 85253 | DATE AND TIME<br>5/1/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 4/16/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
E. Scott Dosek, Esq. (#012114)
Kutak Rock LLP, 8601 N. Scottsdale Road, Suite 300, Scottsdale, AZ 85253; Tel: 480-429-7112

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# Exhibit A

## Definitions

Unless otherwise provided, the following definitions apply to production of records pursuant to this subpoena:

1. *"Any," "each"* and *"all"* shall be read to be all inclusive, and to require the production of each and every document (as hereinafter defined) responsive to the particular request for production in which such term appears.

2. *"And"* and *"or"* and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to require the production of all documents (as hereinafter defined) responsive to all or any part of each particular request for production in which any conjunction or disjunction appears.

3. *"Person"* means an individual, firm, corporation, association, organization or any other entity.

4. *"You"* and *"Your"* means the person to whom this subpoena is directed, including legal counsel, servants, partners, employees, aides, advisors, servants, private investigators, agents, and representatives and all other persons acting on behalf of or purporting to act on behalf of the person to whom this subpoena is directed.

5. The term *"document"* includes all electronic media or other tangible forms in which information is stored and includes all electronically stored information, written or graphic matter of every kind and description, however produced or reproduced, WHETHER DRAFT OR FINAL, original or reproduction, including, but not limited to, letters, email correspondence, memoranda, notes, films, transcripts, contracts, agreements, licenses, memoranda of telephone conversations or personal conversations, microfilm, telegrams, books, newspaper articles, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, minutes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings or materials similar to any of the foregoing, however denominated, and including writings, drawings, graphs, charts, photographs, data processing results, printouts and computations (both in existence and stored in memory components), and other compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT WHICH CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS, OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL.

6. *"Connection"* means directly or indirectly referring to, alluding to, responding to, relating to, pertaining to, concerning with, commenting on, about, regarding, discussing, describing, mentioning, analyzing, memorializing, reflecting, evidencing, or having a logical or factual connection with some or all of the information specified by each document request.

7. *"Communication"* shall be interpreted in its broadest sense and mean any transmission or exchange of thoughts, ideas, data, messages, inquiries or information of

any kind, whether or not intended for exchange with any person, and whether or not such transmissions or exchanges are generated, transcribed, transmitted, or recorded orally, in writing, in meetings, personally, electronically or otherwise.

## DOCUMENTS REQUESTED

1. Any and all documents which were included in or in any way related to Earthcare Consultants, LLC's responses to the following requests for bids, or contract specifications:

   City of Phoenix IFB 04-032
   City of Phoenix IFB 08-130
   City of Tempe Contract 2006005
   City of Tempe Solicitation 08-144
   Maricopa County Serial 00005
   Maricopa County Serial 01113
   Maricopa County Serial 03033
   Maricopa County Serial 06109
   Maricopa County Serial 98028
   Mohave County IFB 05-B-11
   Mohave County IFB 07-B-03
   Pima County Requisition 83283

2. Any and all documents relating to any response for proposal from any other government agency or governmental entity for which Earthcare Consultants, LLC proposed the sale and/or use of EK35 EnviroKleen, Arena Rx or Diamond Doctor.

# KUTAK ROCK LLP

SUITE 300
8601 NORTH SCOTTSDALE ROAD
SCOTTSDALE, ARIZONA 85253-2742

480-429-5000
FACSIMILE 480-429-5001

www.kutakrock.com

ATLANTA
CHICAGO
DENVER
DES MOINES
FAYETTEVILLE
IRVINE
KANSAS CITY
LITTLE ROCK
LOS ANGELES
OKLAHOMA CITY
OMAHA
PASADENA
RICHMOND
WASHINGTON
WICHITA

E. SCOTT DOSEK
scott.dosek@kutakrock.com
(480) 429-7112

April 16, 2008

**VIA HAND DELIVERY**

Earthcare Consultants LLC
c/o Martin Koether, Jr.
285 N. Meyer Avenue
#1
Tucson, AZ 85701

    Re:   *Soilworks, LLC v. Midwest Industrial Supply*
           Subpoena for Documents

Dear Sir/Madam:

    This letter is being delivered along with a Subpoena for documents to inform that you will be reimbursed for reasonable copy and mailing costs incurred in responding to our subpoena.

    If you have any questions, please feel free to call.

                               Very truly yours,

                               E. Scott Dosek

asf

Enclosure

Cc:   John Skeriotis, Esq. (via e-mail)

4825-2639-6418.1