| | |
|---|---|
| 1 | John M. Skeriotis, 0069263 (OH) |
| 2 | Jill A. Bautista, 0075560 (OH) |
|   | BROUSE MCDOWELL |
| 3 | 388 S. Main Street, Suite 500 |
|   | Akron, Ohio 44311-4407 |
| 4 | Telephone: 330-535-5711 |
| 5 | Facsimile: 330-253-8601 |
|   | Email: jskeriotis@brouse.com |
| 6 | Email: jbautista@brouse.com |
| 7 | *Admitted Pro hac vice* |
| 8 | Donald L. Myles, Jr. |
|   | Jones, Skelton & Hochuli, PLC |
| 9 | 2901 North Central Avenue, Suite 800 |
| 10 | Phoenix, Arizona 85012 |
|   | Telephone: (602) 263-1700 |
| 11 | Facsimile: (602) 200-7842 |
| 12 | Email:dmyles@jshfirm.com |
|   | *Attorneys for Defendant* |
| 13 | *Midwest Industrial Supply, Inc.* |

## UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| SOILWORKS, LLC, an Arizona corporation, | | NO.: 2:06-CV-2141-DGC |
| Plaintiff / Counterdefendant / Counterclaimant, | | |
| v. | | |
| MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona, | | **REPLY TO SOILWORKS, LLC'S RESPONSE IN OPPOSITION TO MIDWEST'S MOTION FOR ORDER** |
| Defendant / Counterclaimant / Counterdefendant. | | |

# I. INTRODUCTION

Defendant's Motion for Order should be granted because (i) inclusion of the trademark "Synthetic Organic Dust Control®" in Defendant's counterclaims complies with the requirements of notice pleading, (ii) if the standard for amending pleadings is good cause, Defendant has shown good cause to amend the pleadings, and (iii) Plaintiff is not prejudiced by the inclusion of "Synthetic Organic Dust Control®" as part of the "Midwest's Marks" in Defendant's claims under the Lanham Act.

# II. ARGUMENT

## A. Inclusion of the Trademark "Synthetic Organic Dust Control®" In Defendant's Counterclaims Complies with Notice Pleading.

Plaintiff has characterized Defendant's Motion for Order as solely a motion for leave to amend the pleadings. Defendant's motion is asking the Court to formally include the federally registered trademark "Synthetic Organic Dust Control®" among the trademarks designated as "Midwest's Marks" in Defendant's counterclaims. The mark "Synthetic Organic Dust Control®" was already included in Defendant's counterclaim through notice pleading. Defendant's counterclaim, as written, was sufficient to place the Plaintiff on notice of the basis for the claim. This counterclaim meets the requirements of notice pleading under Fed.R.Civ.P. 8(a) by setting forth "a short and plain statement of the claim showing that the pleader is entitled to relief." According to *Riverdeep Interactive Learning, Ltd. v. MPS Multi-media, Inc.,* 2006 WL 3797962, at *4 (N.D. Cal, Dec. 22, 2006)[1], a party is not required to list specific trademarks or sections of the Lanham Act to assert a valid trademark infringement claim. Plaintiff discovered, through (1) interrogatories; (2) documents;

---
[1] A copy of this case is attached to Defendant's Motion for Order as Exhibit B.

(3) depositions, and (4) settlement discussions that Defendant alleged infringement of its trademark "Synthetic Organic Dust Control®". Plaintiff has now, however, raised the issue that Defendant's counterclaims do not include the federally registered trademark "Synthetic Organic Dust Control®." Therefore, only because Plaintiff has raised the issue during the litigation, Defendant has brought this motion for an order to include the trademark in the defined term "Midwest's Marks" to put Plaintiff's issue to rest now.

Plaintiff's response to Defendant's motion did not address this issue or Plaintiff's analysis leaving the Court only with Defendant's argument that it has complied with notice pleading. Plaintiff pointed out no case law and asserted no argument that the trademark "Synthetic Organic Dust Control®" was not already pled pursuant to notice pleading. Simply stated, Defendant has properly pled the infringement of this mark through notice pleading and Plaintiff cannot argue otherwise. Thus, because Defendant's counterclaims comply with the notice pleading requirements, Defendant's motion should be granted.

**B. Defendant has Shown Good Cause to Amend the Pleadings.**

Even though the trademark "Synthetic Organic Dust Control®" was already pled in accordance with notice pleading, Defendant has also shown good cause to amend the pleadings. While Defendant does not agree that the applicable standard to amend the pleadings at this point in the case is good cause[2], Defendant has nevertheless met the requirements imposed by Fed.R.Civ.P. 16. Rule 16 allows a party to amend a schedule imposed by a pretrial order "upon a showing of good cause and leave of the district judge." Good cause considers the diligence of the party seeking amendment. *Coleman v. Quaker*

---

[2] Notably, all the cases cited by Plaintiff that support this argument involve a motion for leave to amend the pleadings filed after the filing of a dispositive motion. In this case, no dispositive motions have been filed.

3

*Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

In this case, the deadline for amending the pleadings, as set forth in the Case Management Order, was July 10, 2007. Despite the fact that Defendants argued that its counterclaims already included the trademark "Synthetic Organic Dust Control®" and that it is not seeking to amend the pleadings, Plaintiff asserted that Defendant did not file its motion for leave to amend the pleadings until March 28, 2008, which showed a lack of diligence. Although Defendant's trademark "Synthetic Organic Dust Control®" was not federally registered until December 7, 2007, Plaintiff argues that Defendant could have asserted a claim for trademark infringement under Section 43(a) of the Lanham Act because that section protects both registered and unregistered marks. First, through notice pleading, Defendant has asserted a cause of action under Section 43(a) of the Lanham Act. Second, Plaintiff completely ignores the extra hurdles Defendant would be required to jump through in asserting a claim for trademark infringement of an unregistered mark. If Defendant brought a trademark infringement claim under Section 43(a) of the Lanham Act, Defendant would be required to prove that the trademark was valid and protectable first, without any of the presumptions which accompany federal registration. *Donchez v. Coors Brewing Co.*, 392 F.3d 1211, 1216 (10th Cir. 2004). Therefore, assuming *arguendo* that notice pleading is not sufficient (which it is)*,* Defendant, for the reasons stated in its moving papers, meets the good faith requirement.

### C. Plaintiff is not Prejudiced In Any Way Whatsoever.

Plaintiff has made no argument that it is prejudiced in this matter. Instead, Plaintiff has only asserted that it is prejudiced as a conclusion. Plaintiff's silence on this issue of

prejudice speaks volumes.  Plaintiff cannot assert it was unaware of Defendant's claim for trademark infringement of the "Synthetic Organic Dust Control®" mark since Defendant specifically placed Plaintiff on notice by responding to interrogatories, providing responsive documents to Plaintiff, during the settlement communications between the parties, at the mediation and during Defendant's deposition testimony.  Therefore, Plaintiff has been aware of Defendant's claim of trademark infringement such that there is no prejudice to Plaintiff whatsoever.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully requests that the Court grant Defendant's motion.

Respectfully submitted,

By /s/ John M. Skeriotis
JOHN M. SKERIOTIS, 0069263 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone:  330-535-5711
Facsimile: 330-253-8061
Email: jskeriotis@brouse.com
*One of the Attorneys for Defendant*
*Midwest Industrial Supply, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2008 the foregoing REPLY TO SOILWORKS LLC'S RESPONSE IN OPPOSITION TO MIDWEST'S MOTION FOR ORDER was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John M. Skeriotis
John M. Skeriotis
*Counsel for Defendant*
*Midwest Industrial Supply, Inc.*

714069