**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Soilworks, LLC, an Arizona corporation, ) | No. CV-06-2141-PHX-DGC |
| )  Plaintiff/Counterdefendant,  ) | **ORDER** |
| ) vs. ) | |
| ) Midwest Industrial Supply, Inc., an Ohio ) corporation authorized to do business in ) Arizona, ) ) Defendant/Counterclaimant.  ) ) | |

Defendant Midwest Industrial Supply has filed a "motion for order." Dkt. #67. Defendant requests that its federally registered trademark "Synthetic Organic Dust Control" be included in the defined term "Midwest's Marks" as that term is used in Defendant's counterclaim. *Id.*; *see* Dkt. #16. The Court will deny the motion.[1]

**A.    Background.**

Plaintiff distributes dust and erosion control agents throughout the United States. Defendant also distributes several dust and erosion control products for which it holds patents. Defendant sent letters to Plaintiff and one of Plaintiff's customers regarding Plaintiff's possible infringement of the patents.

---

[1]Plaintiff's counsel are reminded to comply with the font-size requirements set forth in the Court's local rules. *See* LRCiv 7.1(b). The text and footnotes of Plaintiff's response do not comply with the rules. *See* Dkt. #69.

1  In response, Plaintiff filed a complaint seeking an injunction and damages under the
2  Declaratory Judgment Act, the Lanham Act, and state law. Dkt. #1. Defendant filed an
3  answer and counterclaim. Dkt. #16. Defendant alleges in its counterclaim that Plaintiff has
4  infringed certain trademarks, collectively defined as "Midwest's Marks." During the course
5  of discovery, Plaintiff noted that Defendant's counterclaim did not include the mark
6  "Synthetic Organic Dust Control." Defendant then filed this motion.

### B. Defendant's Notice Pleading Argument.

Defendant argues that the recently-registered trademark "Synthetic Organic Dust Control" was effectively covered by its counterclaim under the liberal notice pleading standards of Rule 8 of the Federal Rules of Civil Procedure. The Court might be inclined to agree if Defendant's counterclaim had relied on notice pleading. It did not. The counterclaim specifically based its Lanham Act claim on the defined term "Midwest Marks," and defined "Midwest Marks" to include eleven specific registered trademarks. *See* Dkt. 6, ¶¶ 7, 17-26. Given this precise level of pleading, the Court cannot conclude that the Lanham Act claim included a mark that was clearly omitted from the defined term.

Defendant does not argue that the omission was unintentional. Indeed, the term "synthetic organic dust control" was included in the counterclaim as an unregistered mark, but was not included in the defined term "Midwest Marks." Dkt. #6, ¶¶ 7-8. Defendant's motion initially argued that Defendant omitted the mark from the defined term because the mark was not registered when the counterclaim was filed in March of 2007, and Lanham Act claims cannot be based on unregistered marks. Dkt. #67 at 5. After Plaintiff correctly noted that Lanham Act claims can be based on unregistered marks (Dkt. #69 at 5), Defendant asserted that it did not include the mark in the defined term because the level of proof would have been more difficult (Dkt. #77 at 4). Regardless of Defendant's reason, the following is clear: the counterclaim used precise definitions, not notice pleading; the counterclaim did not include the "Synthetic Organic Dust Control" mark in the defined term "Midwest Marks"; this omission was intentional, not inadvertent; having deliberately omitted the mark from the precisely defined term, Defendant could not have assumed – and Plaintiff could not

be expected to have understood – that the mark was included in the defined term by notice pleading. The Court accordingly rejects Defendant's argument that the registered mark "Synthetic Organic Dust Control" is included in the trademark claims of the counterclaim.

**B.     Discussion.**

Defendant alternatively seeks leave to amend its counterclaim. This request is untimely. The Case Management Order dated May 10, 2007, contained the following paragraph:

> 2.     <u>Deadline for Joining Parties and Amending Pleadings</u>. The deadline for joining parties and amending pleadings is **60 days** from the date of this Order.

Dkt. #28 ¶ 2 (emphasis in original). The deadline for filing motions for leave to amend was therefore July 9, 2007. Defendant's motion was filed on March 26, 2008, more than eight months late.

Although Defendant argues that leave to amend should be liberally granted under Rule 15, that is not the standard to be applied. Defendant's motion was filed after the deadline set by the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure. As Plaintiff notes in its response (Dkt. #69), and as the Court explained in a prior order (Dkt. #61), a deadline established under Rule 16 "shall not be modified except upon a showing of good cause[.]" Fed. R. Civ. P. 16(b); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("The scheduling order 'controls the subsequent course of the action' unless modified by the court.") (quoting Fed. R. Civ. P. 16(a)). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the parties seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.).

Defendant contends in its reply that it satisfies the good cause standard. Dkt. #77. Defendant states that the mark "Synthetic Organic Dust Control" was not federally registered until December 7, 2007. *Id.* at 4. As noted above, however, federal registration was not required for Defendant to include the mark in its trademark claims. Defendant could have included the mark in its initial counterclaim through the exercise of reasonable diligence. Moreover, Defendant began arguing to Plaintiff that the mark was included in this case in

1  November of 2007 (Dkt. #67 at 4) and yet did not file this motion until March 26, 2008 –
2  more than two months after the close of discovery (*see* Dkt. #28 ¶ 4).

3        Defendant contends that Plaintiff will not be prejudiced by the untimely amendment.
4  Dkt. ##67 at 4-5, 77 at 4-5. Plaintiff disagrees, arguing that it has reasonably believed that
5  the "Synthetic Organic Dust Control" trademark is not part of this case. Dkt. #69 at 3-4 &
6  n.1. More importantly, prejudice is not the relevant inquiry. "Although the existence or
7  degree of prejudice to the party opposing the modification might supply additional reasons
8  to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking
9  modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at
10 609 (citation omitted).

11       The Court concludes that Defendant could have included the mark in its original
12 trademark claims or could have sought amendment well in advance of the close of discovery.
13 Because Defendant has not shown good cause to modify the Court's Rule 16 schedule, the
14 motion will be denied.

15       **IT IS ORDERED** that Defendant's motion for order (Dkt. #67) is **denied**.
16       DATED this 22nd day of May, 2008.

_____
David G. Campbell
United States District Judge