E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018 (NE)
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
*SOILWORKS, LLC, an Arizona corporation*

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**SOILWORKS, LLC'S REPLY TO MIDWEST INDUSTRIAL SUPPLY'S OPPOSITION TO SOILWORKS LLC'S MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Soilworks, LLC ("Soilworks") is entitled to Summary Judgment on Counts I, II, III, IV and V of Midwest Industrial Supply's ("Midwest") Counterclaim because no issues of material fact remain and, as a matter of law, Midwest has failed to establish its prima facie cases. Midwest's Opposition to Soilworks' Motion for Summary Judgment ("Midwest's Opposition Brief") frequently criticizes the lack of evidence presented in Soilworks' Brief in Support of Soilworks LLC's Motion for Summary Judgment ("Soilworks Brief").[1] However, any perceived failure to present evidence is the result of Midwest's disingenuous claims and the near-total lack of evidence in support thereof. Soilworks cannot present

---

[1] Midwest erroneously asserts that Soilworks' Brief is formatted in less that thirteen point font. This is not true, and the suggestion that portions of Soilworks' brief should be stricken should be ignored. *See* **Ex. 1 attached hereto**.

4824-4455-5266.1

evidence which establishes the non-existence of facts necessary to support Midwest's claims.

Midwest's evidence is, at best, an ever-evolving mass of inference and self-serving declaration. Indeed, in both interrogatories, requests for production and deposition, Midwest consistently demonstrated an inability to present facts which support its claims. And now, it is clear that such facts do not exist.

## II. SUMMARY JUDGMENT STANDARD

On cross-motions for summary judgment, the district must review all evidence submitted by both parties before ruling on summary judgment. *Fair Housing Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136-1137 ("In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion"). "A moving party may carry its initial burden of production by showing that the non-moving party does not have enough evidence to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. v. Fritz Co.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

## III. ARGUMENT

### A. Soilworks Is Entitled to Summary Judgment on Midwest's Trademark Infringement Claim Because Midwest Has Not, as a Matter of Law, Demonstrated a Likelihood of Confusion

Midwest (again) fails to recognize and apply the correct likelihood of confusion standard. Midwest presents no evidence which establishes a likelihood of confusion. It incorrectly claims Soilworks' use of the words "soil", "sement" and "sement soil" in its metatags and the purchase of the words "soil sement" as keywords creates a likelihood of confusion. *See* Midwest's Opposition Brief at 5. The Ninth Circuit and this Court do *not* follow the "controlling troika"/*Sleekcraft* analysis when determining a likelihood of confusion in metatag/keyword cases. *See Brookfield Comm. Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036 (9th Cir. 1999); *see also Designer Skin, LLC v. S&L Vitamins, Inc.*, 2008 WL 2116646 (D. Ariz. May 20, 2008) (J. Teilborg); *see also* Soilworks' Opposition Brief at 2-7. Midwest's likelihood of confusion analysis applies the wrong legal

standard and should be disregarded.

Midwest's failure to acknowledge and apply the correct legal precedent does not end there; Midwest, again, fabricates and then embraces the following inapplicable standard for likelihood of confusion:

> When competitors (Soilworks and Midwest) simultaneously use the internet as a marketing channel, and one competitor (Soilworks) uses the exact trademark of another competitor (Midwest) to market and promote its similar product, a likelihood of confusion exists.

Midwest's Opposition Brief at 5. Although it cites to its own faulty analysis in Midwest's Opposition Brief and *Interstellar Starship Services, Ltd. v. Epix, Inc.*, 304 F.3d 936, 942 (9th Cir. 2002), no such legal standard exists in the Ninth Circuit, or any other Federal District court, for that matter.

By example, under Midwest's self-serving likelihood of confusion standard, comparative advertising that fairly and truthfully references a competitor's trademark would be unlawful because a defendant would have "used the exact trademark of [] a competitor to market and promote its similar product." Midwest's proposed rule of law-and its illogical conclusions-is inapposite to the laws of this Circuit and this Court. This Court should follow the standard set forth of *Brookfield Comm. Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036 (9th Cir. 1999), and applied *Designer Skin, LLC v. S&L Vitamins, Inc.*, 2008 WL 2116646 (D. Ariz. May 20, 2008) (J. Teilborg). *See* Soilworks' Opposition Brief at pages 4 through 7.

Midwest's evidence does *not*, as a matter of law, establish likelihood of confusion. Midwest has failed to proffer any evidence (e.g., expert testimony, survey results, or even any indirect evidence) from which this Court could conclude a likelihood of confusion exists. *See* **Midwest's Responses No. 5(19) and 7(21) to Soilworks Second Set of Interogs, attached hereto as Ex. 2.** *Designer Skin* holds that, as a matter of law, such evidence does not create a likelihood of confusion. *Designer Skin*, 2008 WL 2116646 at *4.

Furthermore, Midwest has presented no evidence that any customer was deceived by

Soilworks. As the law of this Court and this Circuit unequivocally states, "[d]eception . . . is essential to a finding of initial interest confusion." *Designer Skin, LLC v. S&L Vitamins, Inc.*, 2008 WL 2116646 at *3. Midwest has failed to present any evidence of deception.[2] Soilworks is entitled to summary judgment on Midwest's Lanham act trademark infringement claim.

### B. Midwest Has Failed To Establish Soilworks' Liability for False Advertising Under the Lanham Act

Midwest's false advertising claim must fail because it (again) applies the wrong standard and Midwest cannot, under the appropriate standard, meet its prima facie case. Instead, Midwest, for the first time, raises new allegedly false statements which it has raised for the first time on summary judgment. The new statements should be ignored. In addition, Midwest cobbles together evidence related to the conduct of and statements from the military and from a third-party vendor (Polar Supply) in an effort to impugn their conduct onto Soilworks. Midwest has shown no agency relationship between Soilworks and either the U.S. Army Engineers and/or Polar Supply. Midwest cannot impugn their actions onto Soilworks. Midwest's evidence of falsity is, at best, a distortion of the record evidence.

Finally, Midwest has not shown that it has been or is likely to be injured as a direct result of the statements at issue either by direct diversion of sales from itself to Soilworks, or by a lessening of goodwill associated with Midwest's products.

#### 1. Midwest Misinterprets and Misapplies the Law Regarding the Presumption of Deception in Non-Comparative Advertising Claims and Has Presented No Evidence of Deception or a Tendency To Deceive a Substantial Segment of the Relevant Customer Base

Midwest erroneously asserts that the prima facie elements of both deception *and* materiality are presumed when a non-comparative advertising statement is shown to be

---

[2] Again, it should be noted that Midwest has paid the search engine Google to use Soilworks' Soiltac® and Soilworks® federally trademarks as "keywords" without Soilworks' consent. *See* **Exs. 1 and 2** to Soilworks' Opposition Brief. Furthermore, Midwest has, as far back as August 3, 2004, used Soilworks' trademarks Soiltac® and Soilworks® as keywords in its advertising on the GSA Advantage Web site. *See* **Ex. 3 attached hereto**. This Court cannot hold Soilworks liable for conduct identical to that engaged in by Midwest. Soilworks is entitled to summary judgment on Midwest's Lanham Act trademark infringement claim.

literally false and intentionally made. *See* Midwest's Opposition Brief at 10. Midwest is wrong. Midwest misconstrues the holdings of *Avid Identification Sys. v. Schering-Plough Corp.*, 33 Fed. Appx. 854 (9th Cir. 2002), *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997), and *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.3d 1034 (9th Cir. 1986). Furthermore, the facts before this Court are distinguishable from those of *Avid*, *Southland* and *U-Haul*.

This Court's holding in *Societe Civile Succession Richard Guiono v. Beseder Inc.*, 2007 WL 3238703 at *4 (D. Ariz. Oct. 31, 2007), is instructive.

> Unlike *Southland Sod*, where the Ninth Circuit stated that 'publication of deliberately false *comparative* claims gives rise to a presumption of actual deception and reliance,' (citations omitted) (emphasis added), this case does not involve comparative advertising, which in the Court's view, is significant.

*Id.* at *5. Indeed, both *Southland* and *U-Haul* involved claims of false *comparative* advertising. In those cases, the Ninth Circuit upheld a presumption of deception when a defendant's *comparative* advertisement is found to be *literally false* and *intentionally* made by the Defendant. *See Southland Sod Farms*, 108 F.3d at 1146 and *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.3d at 1040. In both cases, the presumption of deception is conditioned upon the publication of (i) *intentionally* false statements made in the context of (ii) *comparative* claims. This case contains neither of those elements.

The only other circumstance under which a court will find a presumption of deception is when a party has shown that a competitor expended "substantial funds in an effort to deceive consumers and influence their purchasing decisions." *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d at 1146, and *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.3d at 1041; *See U-Haul Int'l, Inc. v. Jartran, Inc.*, 601 F. Supp. 1140, 1143 (D. Ariz. 1984); *see also William H. Morris v. Group W., Inc.*, 66 F.3d 255, 259 ("We have previously indicated that this presumption [that consumers were actually deceived] *is conditioned on* the expenditure of substantial funds by the defendant") (emphasis added); *see also Harper House, Inc. v.*

*Thomas Nelson, Inc.*, 889 F.2d 197, 209 ("[I]n order for the presumption [of deception] to apply, the jury must find the defendants engaged in intentional deception").

Midwest has failed to present any evidence that would establish a presumption of deception because no evidence exists that (i) Soilworks *intentionally* sought to mislead customers by making *material* false statements in a comparative advertisement. Indeed, the record evidence does *not* establish that Soilworks' intentionally sought to mislead customers; nor is there evidence that Soilworks expended a substantial sum of money advertising the allegedly false statements. Midwest is not entitled to a presumption of deception.

**2. Midwest's Inclusion of the Phrases "Proprietary Ingredients," "Revolutionary-State-of-The-Art," "Innovation" and "Innovator" as Allegedly False Statements Should Be Ignored Because It Is Too Late To For Midwest To Present New Issues of Fact at Summary Judgment**

Midwest cannot be allowed to expand its false advertising claim two years after filing its counterclaim. Indeed, Soilworks repeatedly sought to learn from Midwest the alleged evidence upon which Midwest's false advertising claim relies. Soilworks Interrogatory No. 6 (20) specifically requests that Midwest identify "every fact upon which you rely in support of your allegation in paragraph 14 of your counterclaims that Soilworks has made false of misleading statements of fact in its commercial advertisements." Midwest responded: "Plaintiff's advertising including, but not limited to, its brochures, website and marketing materials." *See* **Ex. 2** at p. 5, Interrogatory No. 5 (19).

Again, during its 30(b)(6) deposition of Midwest, Soilworks made the same request, to which Midwest replied "we would base that on a claim of being a manufacturer of Durasoil" and Soilworks' use of the terms "oil-sheen free" and "ultra-pure." *See* 30(b)(6) Depo. of Robert Vitale at 67:9-20, 77:11-17. **[Ex. 4 to Soilworks' SOF filed under seal with the Court on May 12, 2008].**

However, Midwest now seeks to expand the list of allegedly false statements through a footnote reference in its summary judgment brief and in Midwest's Opposition Brief, to include the terms "proprietary ingredients," "revolutionary state-of-the-art innovation" and

"innovator." *See* Midwest's Opposition Brief at 7. Despite raising these allegedly "false statements" for the first time on May 9, 2008, Midwest asserts: "[t]ellingly, Soilworks does not address *any* of these false statements in its summary judgment papers." The only "telling" fact is that Midwest is desperate to pin a false advertising claim on Soilworks. Soilworks did not address these statements because (i) they are not false and (ii) the claims were not asserted until after the Soilworks Brief was filed.

Not only is it too late for Midwest to add these phrases to its false advertising claim, the phrases are mere "puffery" and not subject to Lanham Act claims. *See Rosenthal Collins Group, LLC v. Trading Technologies Intern., Inc.*, 2005 WL 3557947 at *10; *citing to Southland Sod Farms v. Stover Seed Co.*, 108 F.3d at 1145 (N.D. Ill. December 26, 2005) (plaintiff's allegation that its false advertising claim is based upon defendant's claim that its product is "innovative . . . cannot be maintained because the allegedly false statement[] [is] mere puffery and, therefore, not actionable under the Lanham Act"); *see also* 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 27.04[4][d] at 27-52 (3d ed. 1994).

### 3. Midwest's Evidence Related to the Military's Dust Control Field Handbook and Polar Supply's Actions Should Be Disregarded

Midwest attempts to use the U.S. Army Corps of Engineers' Dust Control Field Handbook, prepared by the U.S. Army Engineer Research and Development Center ("Dust Control Handbook") and Polar Supply Inc.'s response to bid requests for public projects prepared for the Alaska Department of Transportation to support its false advertising claim.

Midwest asserts that the Dust Control Field Handbook, prepared by the U.S. Army Engineer Research and Development Center, is evidence supporting Midwest's false advertising claim. It asserts that "[i]f Soilworks did not represent that its Durasoil product was a 'synthetic organic fluid,' Midwest would be the only recommended vendor identified in the handbook for [projects which call for the application of "synthetic organic fluid]." *See* Midwest Responsive SOF at 60. Midwest implies that Soilworks somehow convinced the Army Corps of Engineers that they should ignore their own "laboratory testing" and "field

testing conducted . . . during the period of 2003 to 2005," which form the basis for its recommendations regarding "selecting and applying chemical dust palliatives for use on helipads, roads, airfields, and base camps." *See* **[Dkt #88-9, pp. 8-17 of 20]**.

Over a two-year period, the United States Army Engineer Research and Development Center conducted field tests and laboratory tests for selecting and applying chemical dust palliatives for use on helipads, roads, airfields and base camps. *See id.* At the end of this testing period, it concluded that certain products of both Soilworks and Midwest met the military's dust control testing requirements. Its conclusions are based upon the U.S. Army Corps of Engineers own extensive testing, not, as Midwest amazingly asserts, Soilworks' description of Durasoil on its Web site. Midwest's evidence related to the Dust Control Handbook should be ignored.

Polar Supply, Inc. (now owned by Spenard Builder Supply) is not an agent of Soilworks. Soilworks, when questioned, made clear that it does not control Polar Supply responses to a bid request or the content of its responses when it chooses to respond to a bid request. *See* **[Dkt #89-6 at ¶ 4].** Furthermore, it is standard practice in the industry to respond to bid requests even if one's product or service does not comply with each proposed element of the bid. *See* **[Dkt #89-6 at ¶ 7].** It is the responsibility and judgment of the entity placing the bid to decide whether a product different from the one originally requested will fulfill its needs. Polar Supply's statements in bid requests cannot be impugned to Soilworks. Any such evidence should be ignored.

**4. Midwest Has Failed To Show That the Alleged False Statements Are Literally False.**

Midwest reiterates the same flawed arguments related to its claims of literal falsity as set forth in its Motion for Partial Summary Judgment at 9 through 10. Soilworks has already addressed these arguments in Soilworks Brief at pages 8 through 11. Midwest's claim of false advertising should end here.

**5. Midwest Has Failed To Show It is Entitled to Damages Because It Has Not Met Its Burden of Causation**

Midwest argues it is entitled to pursue damages under its false advertising claim because (i) Midwest and Soilworks are the only companies who represent that their dust control products are "synthetic" and "oil-sheen free," (ii) Midwest often competes with Soilworks or its distributor and (iii) Midwest has lost contracts to Soilworks and its distributors based on Soilworks' false representation that its Durasoil product is a synthetic isoalkane and is a non-petroleum distillate. *See* Midwest's Opposition Brief at 12. Soilworks responds to each of these allegations in turn.

### (i) Midwest and Soilworks are the only companies who represent that their dust control products are "synthetic" and "oil-sheen free"

Midwest has carefully phrased its statement about the marketplace to give the impression that Midwest and Soilworks are the only companies who provide dust control and soil stabilization products. *See* Midwest's Opposition Brief at 12. However, this is neither the reality nor the relevant inquiry. *See* 30(b)(6) Depo. of Robert Vitale at 35:14-25-36:1-4. **[Ex. 4 to Soilworks' SOF filed under seal with the Court on May 12, 2008].** Indeed, an assertion that Midwest and Soilworks are the only two companies which compete in the relevant market might impact this Court's obligation to the holding of *Societe Civile Succession Richard Guiono*. However, Soilworks is not Midwest's only competitor in the relevant marketplace. Midwest admits there are "literally hundreds" of competitors. *Id.* Therefore, the following rule regarding causation must still apply to this case:

> In a suit for money damages where a defendant misrepresented its own product but did not specifically target a competing product, plaintiff may be only one of many competitors, and **without proof of causation and specific injury** each competitor might receive a windfall unrelated to its own damage.

*Societe Civile Succession Richard Guiono v. Beseder Inc.*, 2007 WL 3238703 at *5 (D. Ariz. Oct. 31, 2007) (emphasis added), *citing Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1335-36 (8th Cir. 1997).

Indeed, "[i]n a suit for damages under Section 43(a) . . . actual evidence of some injury resulting from the deception is an essential element." *Harper House, Inc. v. Thomas*

*Nelson, Inc.*, 889 F.2d 197, 210 (9th Cir. 1989), *cited with approval in Societe Civile Succession Richard Guiono v. Beseder Inc.*, 2007 WL 3238703 at *4 (D. Ariz. Oct. 31, 2007); *see also Air Turbine Technology, Inc. v. Atlas Copco AB*, 410 F.3d 701, 709 (Fed. Cir. 2005) ("[F]alse advertising under the Lanham Act requires, among other things, a showing of both an injury and a causal link between the injury and the allegedly false advertising").

### (ii) Midwest often competes with Soilworks or its distributor

Soilworks does not deny this. However, it does not entitle Midwest to damages.

### (iii) Midwest has lost contracts to Soilworks and its distributors based on Soilworks' false representation that its Durasoil product is a synthetic isoalkane and is a non-petroleum distillate

Midwest refers to ¶¶39, 54-67 in Midwest's Responsive Statement of Facts as its sole proof of causation and specific injury. ¶¶39 and 54-64 do not discuss or allege any injury to Midwest whatsoever let alone provide evidence that shows an injury directly caused by Soilworks' allegedly false statements. ¶65 of Midwest's Responsive Statement of Facts asserts Polar Supply has bid on contracts where it has specifically represented that the Durasoil product is synthetic and not a petroleum distillate (oil-sheen free). Midwest cites to a string of excerpts from a Polar Supply employee's deposition which supposedly supports this claim. *See id.* However, none of this testimony (or any other evidence cited by Midwest) supports Midwest's bald assertion that it lost the Kokhanok airport project as a direct result of *Soilworks'* allegedly false statements. There is no evidence that Soilworks made *any* representations to Kokhanok or that Kokhanok's decision to grant Tamsher Construction the contract was in any way a direct result of any representation by Soilworks (or Polar Supply).

In fact, Midwest can present no evidence showing that the Kokhanok airport authority's decision to hire Tamsher Construction was in any way a result of Polar Supply's portion of the bid or Soilworks' allegedly false statements. Midwest has not and cannot show that Soilworks' statements that Durasoil is "synthetic" and/or "oil-sheen free" were a cause of Midwest losing the Kokhanok airport authority project to Tamsher Construction.

In fact, what Midwest's evidence does confirm is that often times Polar Supply will

respond to a bid request even though they know that their bid will be non-responsive. This only further supports Soilworks' contention that the bid response process is a means of informing others in the marketplace that you offer a competitive product even though, for the purposes of a particular bid, it may not be deemed "responsive." *See* **[Dkt #89-6 at ¶ 7].**

### C. Midwest Has Failed To Establish False Designation of Origin and Unfair Competition Because It Cannot Establish Its Trademark Infringement Claim

As set forth in pages 2 through 3 above, Midwest has failed to demonstrate a likelihood of confusion and, therefore, trademark infringement. Midwest admits that its claims of false designation of origin and unfair competition are premised upon its trademark infringement claim. Because Midwest's trademark infringement claim fails so must its unfair competition and false designation of origin claims.

### D. Midwest Has Failed To Establish That Soilworks Unfairly Competes with Midwest Because Use of the Words "Soil" and "Sement" and "Sement Soil" Is Not Inequitable and Because Midwest Uses Soilworks' Trademarks in the Same Manner

Midwest's common law unfair competition claim is based upon the same facts as its trademark infringement claim. *See* Midwest's Opposition Brief at 14. As set forth in pages 2 through 3 above and page 7 of Soilworks' Opposition Brief, Midwest has, since as early as 2004, used Soilworks trademarks as keywords on multiple sites. This Court should enter summary judgment in favor of Soilworks.

### E. No Genuine Issues of Material Fact Exist with Respect to Midwest's Unjust Enrichment Claim

For the reasons discussed throughout this reply, Midwest has failed to present any evidence sufficient to satisfy its claim for unjust enrichment.

## III. CONCLUSION

For the reasons stated herein and in Soilworks Brief and Soilworks' Opposition Brief, Soilworks respectfully requests that this Court grant Soilworks' Motion for Summary Judgment.

Dated this 30th day of June, 2008.

          KUTAK ROCK LLP

          By /s E. Scott Dosek
            E. Scott Dosek
            John P. Passarelli *(Pro Hac Vice)*
            Suite 300
            8601 North Scottsdale road
            Scottsdale, AZ 85253-2742

            *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2008, the foregoing Soilworks, LLC Reply to Midwest's Opposition to Soilworks' Motion For Partial Summary Judgment was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        /s Amy S. Fletcher
                                        Amy S. Fletcher