Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: cmarvinney@brouse.com,
         jskeriotis@brouse.com,
         jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Facsimile: 602-263-1784
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant*
*Midwest Industrial Supply, Inc.*

## UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>    Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>    Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br><br><br><br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION FOR CLARIFICATION OF THE COURT'S AUGUST 7, 2008 ORDER** |

1

Defendant-Counterclaimant Midwest Industrial Supply, Inc. ("Midwest") hereby moves the Court for an order clarifying one aspect of the Court's August 7, 2008 Order (ECF #94), which sets forth the Court's ruling on the parties' respective motions for partial summary judgment (the "Summary Judgment Order"). Specifically, Midwest requests that the Court clarify that subpart (h) on page 25 of the Summary Judgment Order should read as follows:

> (h) Soilworks' summary judgment motion for a declaration that Soilworks does not infringe the '266 and '270 Patents is denied.

The reason for this requested clarification is set forth in the memorandum section below.

## **MEMORANDUM**

Midwest's requested clarification pertains to the portion of the Court's Summary Judgment Order concerning the parties' respective declaratory judgment claims related to Midwest's Patents (U.S. Patents Nos. 7,074,266 and 7,081,270). The Court's discussion and findings related to these claims are set forth on pages 23-25 of the Summary Judgment Order.

Midwest requested in its motion for partial summary judgment that the Court enter a declaratory judgment that Midwest's Patents were valid for purposes of the parties' patent-related declaratory judgment claims against one another.[1] (See Midwest's Motion for Partial

---

[1] As more specifically identified in Midwest's Motion for Partial Summary Judgment, the parties' patent-related claims are set forth in Midwest's Count III (declaratory judgment action for validity and infringement of Patent '270), Midwest's Counterclaim to Soilworks' Counterclaim (declaratory judgment action for validity and infringement of Patent '266), Soilworks' Count II (declaratory judgment action for invalidity and non-infringement of Patent '270), and Soilworks' Counterclaim (declaratory judgment action for invalidity and non-infringement of Patent '266).

Summary Judgment and Memorandum in Support, ECF #78.) Midwest expressly stated in its motion for partial Summary judgment that Midwest was not moving for a summary judgment determination on Soilworks' infringement of Midwest's Patents and reserved that part of its declaratory judgment claims for trial. (See id. at FN1.)

Soilworks requested in its summary judgment memorandum that the Court enter summary judgment in favor of Soilworks and against Midwest on all of Midwest's claims. (See Soilworks' Memorandum in Support of Summary Judgment, ECF #79.) More specifically, with respect to Midwest's patent-related claims, Soilworks argued that Midwest's patent claims failed because Midwest's Patents were both invalid and not infringed by Soilworks. (See id. at pp. 13-17.) With respect to the issue of infringement, the sole evidentiary support offered by Soilworks was its untimely proffered expert report. (See id. at 13-17, and Soilworks' Statement of Facts at ¶45-53.)

In the Summary Judgment Order, the Court found that Soilworks had not produced any evidence that Midwest's Patents were invalid and the Court expressly granted summary judgment in favor of Midwest on its declaratory judgment claims for the validity of the Midwest Patents. (See Summary Judgment Order at pp. 24-25.) The Court also held that it would not grant summary judgment on the issue of infringement in favor of Soilworks based on its untimely report. (See id. at p. 24.) With respect to the issue of patent infringement, however, the Court stated in subpart (h) of the Summary Judgment Order that "Summary Judgment is denied with respect to Midwest's claims for a declaratory judgment that Soilworks' infringes the '266 and '270 Patents." (See id. at p. 25.)

Midwest therefore requests that the Court issue an order clarifying that it is *Soilworks'*

3

summary judgment motion that is denied with respect to Midwest's claims that Soilworks does not infringe Midwest's Patents. Midwest respectfully submits that an appropriate clarification to subpart (h) of the Summary Judgment Order would read as follows:

> (h) Soilworks' summary judgment motion for a declaration that Soilworks does not infringe the '266 and '270 Patents is denied.

This clarification will avoid the potential for a misunderstanding or confusion as to whether Midwest is entitled to pursue at trial its claims against Soilworks for its infringement of Midwest's Patents. A [Proposed] Order is attached hereto.

## CONCLUSION

For the foregoing reasons, Midwest requests that the Court clarify subpart (h) of its Summary Judgment Order in accordance with proposed revisions requested herein.

By: /s/ John M. Skeriotis
Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: cmarvinney@brouse.com,
jskeriotis@brouse.com,
jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Facsimile: 602-263-1784
Email: dmyles@jshfirm.com
*Attorneys for Defendant/Counterclaimant*
*Midwest Industrial Supply, Inc.*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION FOR CLARIFICATION OF COURT'S AUGUST 7, 2008 ORDER** has been electronically filed on this 19th day of August, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John M. Skeriotis
John Skeriotis

723897.2