Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Email: cmarvinney@brouse.com,
  jskeriotis@brouse.com,
  jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant
Midwest Industrial Supply, Inc.*

# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION *IN LIMINE* TO LIMIT SOILWORKS, LLC'S EVIDENCE OF MIDWEST'S ALLEGED FALSE ADVERTISING TO THE FOUR DOCUMENTS IT PRODUCED DURING DISCOVERY** |

## I.   INTRODUCTION

Defendant Midwest Industrial Supply, Inc. ("Midwest") moves this Court *in limine* to limit the evidence upon which Plaintiff Soilworks, LLC ("Plaintiff") may rely to prove Midwest's alleged violations of the Lanham Act and Arizona's Common Law of Unfair Competition to the four documents it produced during discovery and on which the

development of this case has focused.[1]

## II. ARGUMENT

In its First Requests for Production of Documents and Things, Midwest asked Plaintiff for documents that supported its claims:

> 27. [Produce] [a]ll documents, things, and electronically stored information concerning any and all factual bases for each and every claim set forth in Plaintiff's Complaint and/or Counterclaims.
>
> 28. [Produce] [a]ll documentary, physical, and electronically stored evidence that Plaintiff may or intends to rely upon in any pleading, at trial, and/or any hearing in this action.

(Soilworks, LLC'S Responses to Midwest Industrial Supply, Inc.'s First Request for Production of Documents and Things ("Plaintiff's Response"), Request 27 and 28, relevant pages attached as Exhibit A). Plaintiff did not initially provide documents that were responsive to either document request. Instead, it answered that it would provide responsive documents after the Court entered a protective order. Plaintiff also answered that it would provide a privilege log in response to the requests.

Plaintiff, however, failed to provide a privilege log. Furthermore, Plaintiff *only* provided four documents which allegedly supported its Lanham Act claims and its Arizona Common Law claim of unfair competition (the "False Advertising Claims"). Those four documents were:

> (i) Two letters, dated July 27, 2006, from Midwest to Polar Supply, in which Midwest informs Polar Supply that Soilworks may be violating Midwest's patent;
> (ii) A press release from Midwest, announcing its new patent; and
> (iii) A chart from Midwest's former website that compared Midwest's and Plaintiff's products.

---

[1] This motion is limited to the allegedly false statements on which Soilworks' false advertising claim is based. Midwest has filed another motion in limine regarding the remaining elements of the claim.

2

At no time did Plaintiff later supplement its responses to the document requests to add new information. Thus, Plaintiff is limited pursuant to Fed. Civ. R. 37(c) to these four documents on which to prove its False Advertising Claims.

Rule 26(e) of the Federal Rules of Civil Procedure requires that "[a] party who has … responded to … [a] request for production … must supplement or correct its disclosure or response." Rule 37(c) of the Federal Rules of Civil Procedure provides that a party which fails to supplement its answers with new information – if its failure is not substantially justified or harmless – is "not allowed to use that information." *See Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003); *see also International Flora Technologies, Ltd. v. Clarins U.S.A., Inc.*, Case No. 06-1372, 2008 WL 4174894 (D.Ariz. 2008) (holding that a non-disclosed patent claim was excluded pursuant to Fed. Civ. 37(c)).

If Plaintiff has other documents supporting its False Advertising Claims, it should have supplemented its responses to provide those documents. Plaintiff's failure to do so would result in sanction, pursuant to Rule 37(c), excluding the evidence. Thus, Plaintiff's proof in support of its False Advertising Claims should be limited to the four documents discussed above and testimony it may elicit regarding those documents.

### III. CONCLUSION

For the foregoing reasons, Midwest respectfully submits that the Court should enter an order limiting the evidence upon which Plaintiff may rely to prove Midwest's alleged violations of the Lanham Act and Arizona's Common Law of Unfair Competition to the four documents it produced during discovery.

|   |   |
|---|---|
| | Respectfully Submitted |
| By: | /s/ Jill A. Bautista |
| | Craig A. Marvinney, 0004951 (OH) |
| | John M. Skeriotis, 0069263 (OH) |
| | Jill A. Bautista, 0075560 (OH) |
| | BROUSE MCDOWELL |
| | 388 S. Main Street, Suite 500 |
| | Akron, Ohio 44311-4407 |
| | Telephone: 330-535-5711 |
| | Facsimile: 330-253-8601 |
| | Email: cmarvinney@brouse.com, |
| | jskeriotis@brouse.com, |
| | jbautista@brouse.com |
| | *Admitted pro hac vice* |

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Facsimile: 602-263-1784
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant Midwest Industrial Supply, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION *IN LIMINE* TO LIMIT SOILWORKS, LLC'S EVIDENCE OF MIDWEST'S ALLEGED FALSE ADVERTISING TO THE FOUR DOCUMENTS IT PRODUCED DURING DISCOVERY** has been electronically filed on this 17th day of September, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jill A. Bautista
Jill A. Bautista

727346