Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone:  330-535-5711
Email:   cmarvinney@brouse.com,
         jskeriotis@brouse.com,
         jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone:  602-263-1700
Email:  dmyles@jshfirm.com
*Attorneys for Midwest Industrial Supply, Inc.*

# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>    Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>    Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE OFFERED BY SOILWORKS RELATED TO CERTAIN ELEMENTS OF SOILWORKS' FALSE ADVERTISING CLAIM** |

**I.     INTRODUCTION**

Midwest moves the Court for an order, *in limine*, barring Soilworks from introducing any evidence or testimony regarding the following elements of Soilworks' false advertising claim: (1) that Midwest's alleged statements deceived or had a tendency to deceive the consumer audience; (2) that the deception was material; (3) that Soilworks

was injured as a result; and (4) that Soilworks suffered damages.[1]

Midwest requested Soilworks to produce any information that it had on these elements of its false advertising claim during discovery. Soilworks produced no such evidence. Rule 37(c) bars Soilworks from now introducing such evidence at trial.

## II. ARGUMENT

Rule 26(e) of the Federal Rules of Civil Procedure requires a party who has responded to an interrogatory, request for production, or request for admission to supplement or correct its response. Rule 37(c)(1) provides that a party's failure to disclose information required by Rule 26(e), without substantial justification, bars the party from using that information as evidence at trial unless such failure is harmless.

Midwest requested, but Soilworks failed to produce during discovery, any information related to the above-identified elements of Soilworks' false advertising claim. For example, Midwest's document production requests asked for all documents that supported any and all of Soilworks' claims. In response, Soilworks' produced *no* documents related to any of these elements. (See Soilworks' Response to Production Request No. 27, the relevant pages of which are attached as Exhibit A.)

Midwest also served Soilworks with the following requests for admissions:

**Request No. 11:** Admit that the Defendant has not disseminated information and/or documentary materials in a manner likely to cause deception among customers of Plaintiffs' products regarding Plaintiff's conduct and products.
**Request No. 16:** Admit that Plaintiff has not been damaged monetarily by any action of Defendant as set forth in the Complaint.

---

[1] Midwest has filed a separate motion *in limine* to bar Soilworks from attempting to introduce, in support of its false advertising claim, any allegedly false statements by Midwest that were not produced or disclosed by Soilworks during discovery.

2

Soilworks denied these requested admissions. (See Soilworks' Responses to Requests for Admissions Nos. 11 and 16, attached as Exhibit B.) In answering the corresponding interrogatories, which requested Soilworks to set forth each and every reason for the denial of any requested admissions, Soilworks responded as follows:

11. Request for Admission No. 11 is denied because Defendant has disseminated information in a manner that is likely to cause deception among consumers of Plaintiff's products regarding Plaintiff's conduct and products.

16. Request for Admission No. 16 is denied because Plaintiff has most certainly suffered monetary damages as a result of the actions taken by Defendant. The precise amount of said damages has yet to be calculated and continues to amount.

(See Soilworks' Responses to Second Set of Interrogatories, attached as Exhibit C.)

Soilworks produced no substantive information in response to either of these interrogatories concerning the alleged deception and Soilworks' purported injury and damages. Soilworks did not supplement supplemented its responses. Furthermore, when deposed, Soilworks' corporate representative stated that he did not know what irreparable harm to Soilworks that Midwest has allegedly caused by its statements and he could not estimate the damage that has been caused to Soilworks. (See C. Falkenberg Dep., the relevant pages of which are attached as Exhibit D.) Information requested and not disclosed during discovery cannot be used as trial evidence under Rule 37(c).

**III. CONCLUSION**

The Court should preclude Soilworks from presenting any evidence or testimony regarding the specific elements of Soilworks' false advertising claim identified in Section I above (deception, materiality, injury and damages).

3

By: /s/ Jill Bautista
Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: cmarvinney@brouse.com,
jskeriotis@brouse.com,
jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Facsimile: 602-263-1784
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant Midwest Industrial Supply, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION *IN LIMINE* TO BAR TESTIMONY AND EVIDENCE OFFERED BY SOILWORKS RELATED TO CERTAIN ELEMENTS OF ITS FALSE ADVERTISING CLAIM** has been electronically filed on this 17th day of September, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jill Bautista
Jill Bautista

727338.2