Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Email: cmarvinney@brouse.com,
 jskeriotis@brouse.com,
 jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant*
*Midwest Industrial Supply, Inc.*

**UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br><br><br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION *IN LIMINE* TO BAR EVIDENCE CONCERNING SOILWORKS, LLC'S COSTS** |

**I.   INTRODUCTION**

Defendant Midwest Industrial Supply, Inc. ("Midwest") moves this Court *in limine* to preclude Plaintiff Soiworks, LLC ("Plaintiff") from presenting any evidence regarding Plaintiff's costs for producing and marketing its products.

## II. ARGUMENT

As part of its First Requests for Production of Documents and Things, Midwest asked Plaintiff to produce documents which would evidence its costs:

> 21. [Provide] [a]nnual, quarterly, and monthly documents, things, and electronically stored information from which the following may be determined for all of Plaintiff's Products: the amount of product sold, sales figures, gross receipts, production costs, manufacturing costs, material costs, and/or labor costs.
>
> 31. All documents, things, and electronically stored information regarding impressions, purchasing of keywords, Keywords and "costs per click" from all search engines Plaintiff advertises upon related to Plaintiffs Products.

(Soilworks, LLC's Repsonses to Midwests Industrial Supply, Inc.'s First Request for Production of Documents and Things ("Plaintiff's Response"), Requests 21 and 31, relevant pages attached as Exhibit A). Plaintiff did not initially provide any documents in response to these requests, and further, it failed to supplement its responses to provide responsive documents. Plaintiff, thus, is precluded pursuant to Fed. Civ. R. 37(c) from introducing any evidence at trial of its costs for producing and marketing its products.

Rule 26(e) of the Federal Rules of Civil Procedure requires that "[a] party who has … responded to … [a] request for production … must supplement or correct its disclosure or response." Rule 37(c) of the Federal Rules of Civil Procedure provides that a party which fails to supplement its answers with new information – if its failure is not substantially justified or harmless – is "not allowed to use that information." *See Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003) (holding that non-disclosed manual was excluded pursuant to Fed.Civ.R. 37(c)); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2007); *International Flora Technologies, Ltd. v. Clarins U.S.A., Inc.*, Case No. 06-1372-PHX-ROS, 2008 WL 4174894 (D.Ariz. 2008)

(holding that a non-disclosed patent claim was excluded pursuant to Fed. Civ. 37(c)(1)).

In response to Midwest's Request for Production 21, Plaintiff answered that it would "make responsive documents available" after the Court entered a Protective Order. (Plaintiff's Response, 21, Ex. A). Again, Plaintiff failed to supplement its response to provide any responsive documents. Thus, Plaintiff is precluded, pursuant to Fed.Civ.R. 37(c), from introducing any evidence at trial concerning its production costs, manufacturing costs, material costs, and/or labor costs.

In response to Midwest's Request for Production 31, Plaintiff summarily objected and did not provide any responsive documents. (Plaintiff's Response, 31, Ex. A). Furthermore, Plaintiff completely failed to provide *any* documents in response to this request. Plaintiff, thus, is likewise precluded from introducing any evidence at trial concerning its purchasing of keywords and its costs for its other internet-based advertising.

### III. CONCLUSION

For the foregoing reasons, Midwest respectfully submits that the Court should enter an order precluding Plaintiff from presenting any evidence regarding Plaintiff's costs for producing and marketing its products.

Respectfully Submitted,

By: /s/ Jill A. Bautista
Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711

| | |
|---|---|
| 1 | Facsimile: 330-253-8601 |
| 2 | Email:   cmarvinney@brouse.com, |
|   |            jskeriotis@brouse.com, |
| 3 |            jbautista@brouse.com |
|   | *Admitted pro hac vice* |

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Facsimile: 602-263-1784
Email:   dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant
Midwest Industrial Supply, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION *IN LIMINE* TO BAR TESTIMONY AND EVIDENCE CONCERNIG SOILWORKS, LLC'S COSTS** has been electronically filed on this 17th day of September, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jill A. Bautista
Jill A. Bautista

727258