Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Email: cmarvinney@brouse.com,
       jskeriotis@brouse.com,
       jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant
Midwest Industrial Supply, Inc.*

# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>    Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>    Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION IN LIMINE TO BAR TESTIMONY AND EVIDENCE REGARDING THE VALIDITY OR CONSTRUCTION OF MIDWEST'S PATENTS** |

**I. INTRODUCTION**

Defendant Midwest Industrial Supply, Inc. ("Midwest") moves this Court for an order, *in limine*, barring Plaintiff Soilworks, LLC ("Plaintiff") from introducing any evidence or testimony regarding the validity or construction of Midwest's patents' claims.

## II. ARGUMENT

Rule 26(e) of the Federal Rules of Civil Procedure requires a party who has responded to an interrogatory, request for production, or request for admission to supplement or correct its disclosure or response. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that a party's failure to disclose information required by rule 26(e), without substantial justification, bars use of that evidence at trial or in any motion unless such failure is harmless. *See also, Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1027 (9th Cir. 2003); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *E.E.O.C. v. GLC Restaurants, Inc.*, Case No. CV05-618, 2007 WL 30269 (D.Ariz. 2007) (excluding evidence based on Fed.R.Civ.P. 37(c)).

Midwest requested Plaintiff to identify the claims that are ambiguous or required definition or construction and a detailed statement setting forth the meaning that Plaintiff contends is the correct construction. (See Soilworks, LLC's Answers to Midwest Industrial Supply, Inc.'s First Set of Interrogatories, Interrogatory 10, relevant pages attached as Exhibit A). Midwest also requested any opinions, reports, studies, documents, and patent searches requested, obtained, or drafted by Plaintiff related to Midwest's Patents. (See Id., Interrogatory 15). Plaintiff replied, in both instances, that the interrogatories were premature and that it would provide documents in answer to the interrogatories. Plaintiff has not provided any relevant documents in reply to these interrogatories or supplemented its initial reply. Therefore, Plaintiff should be barred from producing any evidence related to these interrogatories at trial.

On August 7, 2008, this Court granted Midwest's claim for a declaratory judgment that its two patents were valid. As a result, Plaintiff should be barred from presenting any evidence which challenges the validity of Midwest's patents, including any defenses to Midwest's claim of patent infringement based on invalidity (i.e., obviousness).

Finally, Plaintiff should be barred from presenting any evidence challenging or varying the construction of Midwest's patents. If Plaintiff wishes to challenge the construction or interpretation of Midwest's patents, the proper procedure for such a challenge is a *Markman* hearing. While Plaintiff may still request a *Markman* hearing in accordance with this Court's Case Management Order (ECF Docket No. 28), the hearing, at this juncture, would be useless as a *Markman* hearing necessarily requires expert testimony. Plaintiff did not disclose any expert witnesses by December 14, 2007, the date required in the Court's Case Management Order. Further, as stated above, Plaintiff has not supplemented its response to Midwest's request for Plaintiff's contentions to its claim construction or its contended interpretation of Midwest's patents. Thus, Plaintiff would be barred from presenting any evidence at the *Markman* hearing. Finally, Plaintiff has failed to request a *Markman* hearing since this case was filed. Therefore, the Court should bar Plaintiff from presenting any evidence of claim construction at trial and Midwest's patents should be interpreted in accordance with their ordinary meaning.

### III. CONCLUSION

For the foregoing reasons, the Court should enter an order precluding Plaintiff from presenting any evidence or testimony regarding the construction or validity of Midwest's patents.

Respectfully Submitted,

By: /s/ Jill A. Bautista
Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: cmarvinney@brouse.com,
jskeriotis@brouse.com,
jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Facsimile: 602-263-1784
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant Midwest Industrial Supply, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION IN LIMINE TO BAR TESTIMONY AND EVIDENCE REGARDING THE VALIDITY OR CONSTRUCTION OF MIDWEST'S PATENTS** has been electronically filed on this 17th day of September, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  /s/ Jill A. Bautista
                                                  Jill A. Bautista

727187