Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Email: cmarvinney@brouse.com,
      jskeriotis@brouse.com,
      jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant
Midwest Industrial Supply, Inc.*

**UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>    Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>    Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION *IN LIMINE* TO BAR EVIDENCE REGARDING ANY LEGAL ADVICE SOILWORKS, LLC MAY HAVE RECEIVED CONCERNING MIDWEST'S PATENTS** |

**I.    INTRODUCTION**

Defendant Midwest Industrial Supply, Inc. ("Midwest") moves this Court *in limine* to preclude Plaintiff Soilworks, LLC ("Plaintiff") from presenting any evidence regarding any legal advice it may have received concerning Midwest's Patents.

## II. ARGUMENT

In its First Set of Interrogatories, Midwest asked Plaintiff whether it received any advice from counsel "pertaining to the infringement, validity and/or enforceability … of the Midwest Patents." (Soilworks, LLC's Answers to Midwests Industrial Supply, Inc.'s First Set of Interrogatories ("Plaintiff's Answer"), Interrogatory 11, relevant pages attached as Exhibit A). Additionally, in its First Requests for Production of Documents and Things, Midwest asked Plaintiff for documents pertaining to any legal advice it may have received concerning Midwest's patents. (Soilworks, LLC'S Responses to Midwest Industrial Supply, Inc.'s First Request for Production of Documents and Things ("Plaintiff's Response"), Request 20, relevant pages attached as Exhibit B).

Plaintiff did not initially respond to either the interrogatory or the document request, and further, it later failed to supplement its answer to the interrogatory and its response to the document request to add new information. Plaintiff, thus, is precluded pursuant to Fed. Civ. R. 37(c) from introducing any evidence at trial of any "Advice of Counsel" defense or any other evidence suggesting any reliance by Soilworks on input of Counsel regarding Midwest's Patents in any way.

Rule 26(e) of the Federal Rules of Civil Procedure requires that "[a] party who has … responded to an interrogatory [or a] request for production … must supplement or correct its disclosure or response." Rule 37(c) of the Federal Rules of Civil Procedure provides that a party which fails to supplement its answers with new information – if its failure is not substantially justified or harmless – is "not allowed to use that information." *See Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003) (holding that non-

disclosed manual was excluded pursuant to Fed.Civ.R. 37(c)); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2007); *International Flora Technologies, Ltd. v. Clarins U.S.A., Inc.*, Case No. 06-1372-PHX-ROS, 2008 WL 4174894 (D.Ariz. 2008) (holding that a non-disclosed patent claim was excluded pursuant to Fed. Civ. 37(c)(1)).

In response to Midwest's Interrogatory 11, Plaintiff answered that the request was not applicable. (Plaintiff's Answer, 11, Ex. A). Again, Plaintiff failed to supplement its answer to provide any further response. Thus, and for this reason as well, Plaintiff is precluded, pursuant to Fed.Civ.R. 37(c), from introducing any evidence at trial that it received any legal advice concerning Midwest's Patents.

In response to Midwest's Request for Production 20, Plaintiff objected that the documents were protected by privilege and asserted that, if there were responsive documents, it would provide a privilege log. (Plaintiff's Response, 20, Ex. B). Despite Midwest's multiple inquiries, however, Plaintiff also failed to provid a privilege log. Thus, according to Fed. Civ. R. 37(c), Plaintiff, again, is precluded from introducing any documents at trial regarding any legal advice it received concerning Midwest's Patents.

### III. CONCLUSION

For the foregoing reasons, Midwest respectfully submits that the Court should enter an order precluding Plaintiff from presenting any evidence regarding any legal advice it may have received concerning Midwest's Patents.

Respectfully Submitted,

By: /s/ Jill A. Bautista
Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: cmarvinney@brouse.com,
jskeriotis@brouse.com,
jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Facsimile: 602-263-1784
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant Midwest Industrial Supply, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION *IN LIMINE* TO BAR EVIDENCE REGARDING ANY LEGAL ADVICE SOILWORKS, LLC MAY HAVE RECEIVED CONCERNING MIDWEST'S PATENTS** has been electronically filed on this 17th day of September, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jill A. Bautista
Jill A. Bautista

727343