Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Email: cmarvinney@brouse.com,
        jskeriotis@brouse.com,
        jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant*
*Midwest Industrial Supply, Inc.*

# UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>        Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>        Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION IN LIMINE TO BAR TESTIMONY AND EVIDENCE OF LIABILITY INSURANCE** |

## I.     INTRODUCTION

Defendant Midwest Industrial Supply, Inc. ("Midwest") moves this Court for an order, *in limine*, barring Plaintiff Soilworks, LLC ("Plaintiff") from introducing any evidence or testimony regarding Midwest's liability insurance.

## II.    ARGUMENT

Rule 402 of the Federal Rules of Evidence prohibit a party from introducing any evidence that is not relevant.  According to Fed.R.Evid. 401:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

In this case, Plaintiff has remaining claims against Midwest involve false advertising under the Lanham Act, unfair state competition, and a declaratory judgment for patent noninfringement.  Midwest's remaining claims are for false advertising under the Lanham Act, unfair state competition, patent infringement, and damages for trademark infringement.  Midwest's possession of liability insurance is not likely to make the existence of any fact needed for the determination of these claims more or less probable.  Therefore, evidence of Midwest's insurance is not relevant to this case and Plaintiff should be barred from introducing it at trial.

Further, Fed.R.Evid. 403 allows the exclusion of relevant evidence if the probative value of the evidence is substantially outweighed by its prejudicial effect.  In this case, any potential probative value of the evidence regarding Midwest's insurance coverage is minimal.  Either party can prove its claims without a necessary reference to Midwest's liability insurance.   The prejudicial effect of the liability insurance, however, is substantial.  Evidence of a party's insurance coverage is likely to be misused by the jury. *Eichel v. New York Cent.R.Co.*, 375 U.S. 253, 255 (1963)("It has long been recognized that evidence showing the defendant is insured creates a substantial likelihood of misuse [by the jury]").  Therefore, the prejudicial effect of the evidence of Midwest's insurance

substantially outweighs any probative value and the Court should exclude the evidence from admission at trial.

Finally, Fed.R.Evid. 411 states:

> Evidence that a person was or was not insured against liability is not admissible upon the issue of whether the person acted negligently or otherwise wrongfully.

In this motion, Midwest is seeking to preclude any evidence of its liability insurance. In accordance with Rule 411, the Court should, at the very least, preclude any evidence of Midwest's liability insurance when presented to prove Midwest acted negligently or wrongfully.

## III.    CONCLUSION

For the foregoing reasons, the Court should enter an order precluding Plaintiff from presenting any evidence or testimony of Midwest's liability insurance.

Respectfully Submitted

By:     /s/ Jill A. Bautista
        Craig A. Marvinney, 0004951 (OH)
        John M. Skeriotis, 0069263 (OH)
        Jill A. Bautista, 0075560 (OH)
        BROUSE MCDOWELL
        388 S. Main Street, Suite 500
        Akron, Ohio 44311-4407
        Telephone:  330-535-5711
        Facsimile: 330-253-8601
        Email:  cmarvinney@brouse.com,
                jskeriotis@brouse.com,
                jbautista@brouse.com
        *Admitted pro hac vice*

        Donald L. Myles, Jr., 007464 (AZ)
        JONES, SKELTON & HOCHULI, P.L.C.
        2901 N. Central Ave., Suite 800
        Phoenix, Arizona 85012
        Telephone:  602-263-1700
        Facsimile: 602-263-1784
        Email:   dmyles@jshfirm.com

        *Attorneys for Defendant/Counterclaimant*
        *Midwest Industrial Supply, Inc.*

1

2 <u>**CERTIFICATE OF SERVICE**</u>

3     The undersigned hereby certifies that a copy of the foregoing **MIDWEST**

4 **INDUSTRIAL SUPPLY, INC.'S MOTION IN LIMINE TO BAR TESTIMONY AND**

5 **EVIDENCE OF LIABILITY INSURANCE** has been electronically filed on this 17th day

6 of September, 2008.  Notice of this filing will be sent to all parties by operation of the

7 Court's electronic filing system.  Parties may access this filing through the Court's system.

8

9

10

11                                        /s/ Jill A. Bautista
                                        Jill A. Bautista

12

13

14 727340

15

16

17

18

19

20

21

22

23

24

25

26

27

28