| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | E. SCOTT DOSEK #012114<br>JOHN P. PASSARELLI #16018 (NE)<br>KUTAK ROCK LLP<br>Suite 300<br>8601 North Scottsdale Road<br>Scottsdale, AZ 85253-2742<br>(480) 429-5000<br>Facsimile: (480) 429-5001<br><br>*Attorneys for Plaintiff / Counterdefendant /*<br>*Counterclaimant Soilworks, LLC* |

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>    Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>    Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**SOILWORKS, LLC'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ITS SALES OF DURASOIL**<br><br>(Before the Honorable David G. Campbell) |

Evidence of the total volume of sales recorded by Soilworks, LLC ("Soilworks") for its Durasoil product is totally irrelevant to any issue pending before this Court unless there is finding that Durasoil infringes one or the other of the patents at issue. In this case, there is no evidence, and can be no competent evidence, of any such infringement.

Midwest Industrial Supply, Inc. ("Midwest") has identified one witness which it intends to call — Robert Vitale, the CEO and founder of Midwest. His deposition was taken in his individual capacity and he was the only witness produced by Midwest in response to Soilworks' Rule 30(b)(6) notice. According to the parties' Joint Proposed Final Pretrial Order, Mr. Vitale is expected to testify as a <u>fact</u> witness and about Midwest's patents. Midwest may call one other witness to testify as a <u>fact</u> witness regarding Midwest's patents— Mr. Todd Hawkins, identified in the patents at issue as one of the inventors.

Midwest has identified no expert witness to testify that Durasoil infringes Midwest's

patents.[1]

Midwest has made no investigation, conducted no test or evaluation, and has offered no evidence whatsoever that Durasoil infringes upon its patents. It is undisputed that Midwest as the patent holder bears the burden of proving infringement. *Deere & Co. v. Sperry Rand Corp.*, 322 F. Supp. 397 (E.D.Cal.1970), *aff'd,* 513 F.2d 1131 (9th Cir. 1975).

Conducting such an investigation is a necessary prerequisite to maintaining a claim for patent infringement. *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981 (Fed. Cir. 2000).

Midwest bases its claim of patent infringement upon "available public information." *See* Midwest's Response to Soilworks Second Set of Interrogatories attached hereto as **Exhibit 1** at pp.2-5. Such was precisely the standard employed by *Robotic* in the above-referenced case. "(Robotic's)…belief that View infringed Robotic's patents was "based on what we could learn about View's machines from publicly available information and View's literature."" On such a level of inquiry and analysis, Robotic not only failed in its claims of patent infringement, its lawyers were subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure.

Mr. Vitale has testified that, based upon ingredients identified in Soilworks' Material Safety Data Sheet and Soilworks' description of its ingredients as revealed in documents provided in discovery, that, in fact, Durasoil does **not** infringe.

> **Q.** Okay, Well, I guess what I am getting at is, based upon your reading of the Material Safety Data Sheet and Soilworks' description of the ingredients in its Durasoil product, have you been able to conclude one way or another if you believe that the Durasoil product infringes patent '270?
>
> **MR. SKERIOTIS:** Objection.
>
> **THE WITNESS:** If we take the information that was provided us in answer to one of our lists of questions, that would indicate that it does not infringe. *See* Vitale deposition transcript dated February 19, 2008 attached hereto as **Exhibit 2** at 90:6-17.

---

[1] Durasoil is the only product which Midwest even claims infringes its patents.

In this case, deposition testimony has also been taken from Mr. Hawkins, and Ms. Cheryl Detloff, who is identified as Midwest's "chief chemist." Each of these witnesses was asked whether any testing had been done by or on behalf of Midwest to determine whether Durasoil, in fact, infringes Midwest's patents. The response from the Midwest witnesses to this line of questioning was consistent. No such testing had been done which yielded results which Midwest would agree to share with Soilworks.

In response to the inquiry of each of these witnesses as to whether any testing had been done, Midwest's counsel instructed each and every one of them not to answer the questions with respect to any such testing which may have been done in the presence of Midwest's counsel or under the direction of Midwest's counsel. In each case, the witness followed the advice and instruction of Midwest's counsel.[2]

*See* Vitale's deposition transcript dated February 20, 2008 attached hereto as **Exhibit 3** at 36:5-25, 37:1-23, 39:21-25 and 40:1-24; *see also* Detloff's deposition transcript attached hereto as **Exhibit 4** at 28:9-32:25; *and* Hawkins' deposition transcript attached hereto as **Exhibit 5** at 122:5-125:25, 126:1-4; 126:21-128:24.

Since there is no competent evidence that Durasoil infringes Midwest's patents, there remains no relevance to any issue in this case of Soilworks' sales of its Durasoil product and Plaintiff respectfully requests that this Court enter its Order, *in limine*, precluding the introduction by Midwest of any such evidence.

Dated this 17th day of September, 2008.

KUTAK ROCK LLP

By  /s E. Scott Dosek
    E. Scott Dosek, Esq.
    John P. Passarelli, Esq.
    8601 North Scottsdale Road #300
    Scottsdale, AZ  85253-2742
    *Attorneys for Plaintiff Soilworks, LLC*

---

[2] The unmistakable conclusion to be drawn from Midwest's claim of privilege with respect to any potential testing is that such testing was in fact done, and the test results indicated no infringement. Clearly, had the results of any scientific tests revealed infringement, those results would have been disclosed by Midwest.

4821-9960-2435.1      3

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2008, the foregoing **SOILWORKS, LLC'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ITS SALES OF DURASOIL** was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Amy S. Fletcher
Amy S. Fletcher