E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018 (NE)
KUTAK ROCK LLP
8601 North Scottsdale Road #300
Scottsdale, AZ  85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
*SOILWORKS, LLC, an Arizona corporation*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>     Plaintiff / Counterdefendant/ Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>     Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**SOILWORKS, LLC'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ITS SALES OF SOILTAC AND GORILLA SNOT**<br><br>(Before the Honorable David G. Campbell) |

This Court should exclude evidence of Soilworks' sales of Gorilla Snot and Soiltac because, as a threshold matter, Midwest (i) has failed to meet its evidentiary burden necessary for this Court to order an accounting of profits (i.e., evidence of willfulness and/or the *fact* and *amount* of damage *caused* by Soilworks' conduct) and (ii) is not entitled to seek damages for "the statement that Soilworks is a manufacturer of Durasoil." *See* Court's Order dated August 7, 2008 ("Order").

But for its Patent infringement claim, Midwest's case for liability and damages arises from Soilworks use of "soil sement" in its Web Site meta tags and its purchase of "soil sement" as a "Keyword" from Google's AdWords program (collectively with the statement that Soilworks is a "manufacturer of Durasoil", the "Alleged Wrongs").  It is undisputed that the Alleged Wrongs form the sole and exclusive basis for Midwest's Counts I, II, IV and V. Midwest will not (because it cannot) show a single piece of evidence which would entitle it to an accounting of Soilworks' profits under Counts I, II, IV and V.  Evidence of Soilworks'

4841-1816-8067.1

1  sales are, therefore, irrelevant and/or prejudicial under FED. R. CIV. P. 402 and/or 403.

In 2003, Soilworks purchased "Soil-Sement" from Google's AdWords program for use as a "keyword." So, when an Internet user enters a Google search for the words "soil sement" Midwest's Web site appears on the search results page along with Soilworks' www.soiltac.com Web site, which appears as a Google "Sponsored Link" or banner advertisement on the right hand side of Google's search results ["Banner Ads"]. *See* **Exhibits 1 and 2** attached hereto. Soilworks owns a federal trademark registration for Soiltac®. *See* **Exhibits 3 and 4 attached hereto.**

Midwest does not dispute that Soilworks' Banner Ads do not, and have never, contained any Midwest trademarks or words confusingly similar thereto. Instead, Soilworks' Banner Ads clearly displayed its own registered Soiltac® trademark and its own www.soiltac.com Web site.

This Court should exclude evidence of Soilworks' sales of Gorilla Snot and Soiltac because, as a threshold matter, Midwest has presented no evidence entitling it to an accounting of Soilworks' profits. The Lanham Act permits courts to order an accounting of profits under two circumstances: (1) as a remedy for a defendant's willful infringement or (2) as a measure of Plaintiff's damages. However, before a court can order an accounting of profits, the plaintiff must prove either (i) the defendant possessed a willful intent to *deceive* or (ii) "the *fact* and *amount* of [plaintiff's] damage" that was *caused* by Defendant's conduct. *See Lindy Pen Co. v. Bic Pen Corp.*, 892 F.2d 1400, 1406-1407 and 1407-1409 (9th Cir. 1993). Midwest cannot meet either evidentiary threshold. Therefore, this Court cannot order an accounting of profits.

Midwest cannot present any evidence that Soilworks possessed a willful intent to deceive. "Willful infringement carries a connotation of deliberate intent to deceive. Courts generally apply forceful labels such as "deliberate," "false," "misleading," or "fraudulent" to conduct that meets this standard." *Id.* at 1406; *See also National Lead Company v. Wolfe*, 223 F.2d 195, 203 (9th Cir. 1955), *cert. denied*, 350 U.S. 883. Soilworks' used Google's AdWords program "because [Soilworks] wanted someone searching for soil sement to see

1 Soiltac under the sponsored link" portion of the Google Search results and because people, particularly international customers, misspell the word "Cement."[1] *See* Falkenberg Depo. at 325:6-9 and 326:7-12. This is not evidence of an intent to *deceive*. Furthermore, Soilworks' Banner Ads demonstrate Soilworks had no intent to deceive. Soilworks' Banner Ads never contained any Midwest marks or any words confusingly similar thereto. Instead, Soilworks' Banner Ads clearly displayed its own federally-registered trademark, Soiltac® and www.soiltac.com.

Midwest is not entitled to an accounting of Soilworks' profits as a remedy for willful infringement because no intent to deceive exists. Therefore, evidence of Soilworks' sales are wholly irrelevant and will only confuse and/or prejudice the jury.

2. Midwest has failed to present any evidence showing either the fact and/or amount of its damage let alone that any such damage was caused by Soilworks' use of Soil-Sement. Nor can Midwest show the required "prima facie showing of reasonably forecast profits" which would entitle it to an accounting of Soilworks' profits. *See Lindy Pen Co.*, 892 F.2d at 1407; *See* Midwest 30(b)(6) Depo. at 62:1-9. In addition, Midwest has failed to show any evidence of loss of goodwill arising from the Alleged Wrongs. *See Id.* at 63:5-25-64:1-2. For these reasons, Midwest is not entitled to an accounting of Soilworks' profits as a measure of Midwest's damages. Therefore, evidence of Soilworks' sales are wholly irrelevant and will only confuse and/or prejudice the jury.

With regard to Soilworks' use of Soil-Sement as a keyword, the Ninth Circuit unequivocally states that "[i]f a [Google AdWords] banner advertisement clearly identifie[s] its source . . . no confusion would occur under the [initial interest confusion] theory." *Playboy Enterprises, Inc. v. NetScape Comm. Corp.*, 354 F.3d 1020, 1025 n.16 (9th Cir. 2004); *see also Finance Express LLC v. NowCom Corp.*, 2008 WL 2477430 at *13 (C. D. Cal. June 18, 2008) ("[I]t is true that a clearly-labeled banner advertisement [does] not create initial interest confusion"); *see also Storus Corp. v. Aroa Marketing, Inc.*, 2008 WL 449835

---

[1] This fact highlights the descriptive (and, therefore, weak) nature of Midwest's Soil-Sement trademark. Indeed, its own federal trademark registrations use "cementing" to describe what the product does.

4841-1816-8067.1                   3

at *4 (N. D. Cal. Feb. 15, 2008). Damages are unavailable if no likelihood of confusion exists. So, for this reason as well, Midwest is not entitled to an accounting of profits.

This Court has already held that Midwest is not entitled to damages for Durasoil's statement that it is a manufacturer of Durasoil. No more need be said on this.

For the reasons stated herein, Midwest should be prevented from introducing any evidence of Soilworks' sales of its Soiltac and Gorilla Snot products at trial.

Dated this 17th day of September, 2008.

KUTAK ROCK LLP


By /s E. Scott Dosek
E. Scott Dosek
John P. Passarelli *(Pro Hac Vice)*
Suite 300
8601 North Scottsdale road
Scottsdale, AZ 85253-2742

*Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2008, the foregoing Soilworks, LLC's Motion *in Limine* to Exclude Evidence of its Sales of Soiltac and Gorilla Snot was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

          /s Amy S. Fletcher
          Amy S. Fletcher