Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Email: cmarvinney@brouse.com,
      jskeriotis@brouse.com,
      jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant
Midwest Industrial Supply, Inc.*

**UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>    Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>    Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

In accordance with the Court's Ordering Setting Final Pretrial Conference (ECF Docket No. 95), Midwest Industrial Supply, Inc. ("Midwest") sets forth the following proposed findings of fact and conclusions of law pertaining to the legal and equitable

issues to be resolved by the Court in this case. Midwest's findings of fact and conclusions are included by reference in Section M of the Parties' Joint Proposed Final Pretrial Order:

**Findings of Fact:**

a. The Court finds that Midwest has not unfairly competed with Soilworks under Arizona common law and, therefore, finds against Soilworks and in favor of Midwest on Count III of Soilworks' Complaint.

b. The Court finds that Soilworks has unfairly competed with Midwest under Arizona Common law and, therefore, finds against Soilworks and in favor of Midwest on Count IV of Midwest's Counterclaims. The Court will enter an award of monetary damages in favor of Midwest and against Soilworks in the amount recommended by the jury in its advisory verdict.

**Conclusions of Law:**

c. If the jury determines as a matter of fact that Soilworks has proven the requisite elements of its Lanham Act false advertising claim (Count I of Soilworks' Complaint) with respect to one or more of Midwest's statements in issue, Midwest proposes that the Court's associated conclusion concerning injunctive relief should be made in the following form:

"Because jury has determined that Midwest's statements _____, _____, and _____ constitute false advertising in violation of the Lanham Act and Arizona common law for unfair competition, Midwest is hereby ordered to cease

and refrain from making the following statements that _____, _____, and _____ in its commercial advertising and promotions."

      d. If the jury determines as a matter of fact that Midwest has proven the requisite elements of its Lanham Act false advertising claim (Count II of Midwest's Counterclaims), Midwest proposes that the Court's associated conclusion concerning injunctive relief should be made as follows:

"Because the jury has determined that Soilworks' statement that it is a 'manufacturer' of Durasoil constitutes false advertising in violation of the Lanham Act, Soilworks is hereby ordered to (1) cease commercially advertising or promoting itself as a "manufacturer" of Durasoil and (2) undertake corrective advertising notifying the relevant purchasing public that Soilworks is not a 'manufacturer' of Durasoil."

      e. Having determined on summary judgment that Soilworks' use of Midwest's Soil-Sement® trademark constitutes trademark infringement, false designation of origin and unfair competition in violation of the Lanham Act as alleged in Count I of Midwest's Counterclaims, Midwest proposes that the Court's associated conclusion concerning injunctive relief should be made as follows:

"Because the Court has determined on summary judgment Soilworks' use of Midwest's Soil-Sement® trademark constitutes trademark infringement, false designation of origin and unfair competition in violation of the Lanham Act, Soilworks is

herby ordered to cease and refrain from the unauthorized use of Midwest's trademarks in commerce."

  f. Having determined on summary judgment that Soilworks' use of Midwest's Soil-Sement® trademark was willful as alleged in Count I of Midwest's Counterclaims, Midwest proposes that the Court's associated conclusion concerning Midwest's request for an award of the costs of the action and attorneys fees should be made as follows:

"Because the Court has determined on summary judgment Soilworks' use of Midwest's Soil-Sement® trademark was willful, Soilworks is herby ordered to pay the costs of this action and Midwest's attorneys' fees. The costs of this action and Midwest's attorneys' fees may be established by Midwest in proper post-trial motion practice."

  g. If the jury determines as a matter of fact that Soilworks' Durasoil® product infringes Midwest's Patents, Midwest proposes that the Court's associated conclusion concerning injunctive relief should be as follows:

"Because the jury has determined that Soilworks' Durasoil® product infringes Midwest's Patents, Soilworks is hereby ordered to cease and refraining from having made, making, using, selling, importing, or offering for sale its current Durasoil® product and any future derivation thereof that infringes Midwest's Patents."

  h. If the jury determines as a matter of fact that Soilworks' Durasoil® product

infringes Midwest's Patents, Midwest proposed that the Court's associated conclusion concerning Midwest's request for the cost of the action, attorneys' fees and prejudgment interest should be as follows:

"Because the jury has determined that Soilworks' Durasoil® product infringes Midwest's Patents, Soilworks is hereby ordered to pay the costs of this action, Midwest's attorneys' fees, and prejudgment interest. The costs of this action and Midwest's attorneys' fees may be established by Midwest in proper post-trial motion practice."

Respectfully Submitted,


By: /s/ Jill Bautista
    Craig A. Marvinney, 0004951 (OH)
    John M. Skeriotis, 0069263 (OH)
    Jill A. Bautista, 0075560 (OH)
    BROUSE MCDOWELL
    388 S. Main Street, Suite 500
    Akron, Ohio 44311-4407
    Telephone: 330-535-5711
    Facsimile: 330-253-8601
    Email: cmarvinney@brouse.com,
            jskeriotis@brouse.com,
            jbautista@brouse.com
    *Admitted pro hac vice*

    Donald L. Myles, Jr., 007464 (AZ)
    JONES, SKELTON & HOCHULI, P.L.C.
    2901 N. Central Ave., Suite 800
    Phoenix, Arizona 85012
    Telephone: 602-263-1700
    Facsimile: 602-263-1784
    Email: dmyles@jshfirm.com

    *Attorneys for Defendant/Counterclaimant Midwest Industrial Supply, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MIDWEST INDUSTRIAL SUPPLY, INC.'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** has been electronically filed on this 19th day of September, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jill Bautista
Jill Bautista