E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018 (NE)
KUTAK ROCK LLP
8601 North Scottsdale Road #300
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
*SOILWORKS, LLC, an Arizona corporation*

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>    Plaintiff / Counterdefendant/ Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>    Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**SOILWORKS, LLC'S OPPOSITION TO MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION *IN LIMINE* (DOC.104) TO BAR TESTIMONY AND EVIDENCE REGARDING THE VALIDITY OR CONSTRUCTION OF MIDWEST'S PATENTS**<br><br>(Before the Honorable David G. Campbell) |

Midwest's Motion *in limine* to Bar Testimony and Evidence Regarding the Validity or Construction of Midwest's Patents ("Motion") should be denied because it ignores the record and facts before this Court and wholly misstates the law addressing expert testimony in claims construction.

Midwest argues that this Court should grant its Motion because Soilworks failed to provide "any relevant documents" that "identify the claims that are ambiguous or required definition or construction." Midwest's argument fails under the weight of its own trial exhibits. On July 23, 2007, a full five (5) months before Midwest provided any type of claims chart or construction of its own, Soilworks responded to Midwest's interrogatories and requests for production by producing a claims chart for each of the Midwest Patents ("Soilworks Claims Charts").[1] *See* Midwest's Trial Exhibit No. 87, as well as Soilworks'

---
[1] It should not be lost on this Court that the party alleging patent infringement-who has the burden of proof on infringement-failed to produce any claims chart whatsoever until December 27, 2007, just 15 days before the close of discovery. To this day, Midwest has

4843-1130-5987.1

Trial Exhibit Nos. 6 and 7.

The parties Joint Pretrial makes it clear that Midwest does not oppose the Soilworks Claims Charts as admissible exhibits at trial! *Id.* Furthermore, Mr. Skeriotis, Midwest's outside counsel, used the Soilworks Claims Charts in his Fed.R.Civ.P.30(b)(6) deposition of Soilworks, and his deposition of Soilworks' President, Chad Falkenberg. Mr. Skeriotis questioned Mr. Falkenberg extensively on the meaning of the Midwest Patents' claims and the Soilworks Claims Charts. (*See* Falkenberg Depo. at 161:18-25-187:1-25, attached hereto as **Exhibit 1**). Mr. Falkenberg reasserted the same claim construction questions and ambiguities identified in the Soilworks Claims Charts, to which Midwest has never responded. Midwest's statement of the facts must be ignored.

The Soilworks Claims Charts do exactly what Midwest's Motion claims Soilworks has *not* done: i.e., "identify the claims that are ambiguous or required definition." (Motion at 2). Soilworks Claims Charts identify no less than five (5) ambiguous terms set forth in more than half of the Midwest Patents' claims. *See* Midwest's Trial Exhibit No. 87, as well as Soilworks' Trial Exhibit Nos. 6 and 7. It shocks the conscious that Midwest would ask this Court to Bar Soilworks from presenting evidence of its claim construction when Midwest barely provided its own construction and never addressed the terms that Soilworks identified as ambiguous or requiring definition. Midwest's Motion should be denied.

Midwest next argues that Soilworks "should be barred from presenting any evidence challenging or varying the construction of Midwest's patents" because "a *Markman* hearing necessarily requires expert testimony" and no such testimony is available. (Motion at 3). Midwest has fabricated its own self-serving rule of law without any citation. This is understandable because no such law exists. Instead, the Federal Circuit is unequivocal about the roll of expert testimony in claim construction.

The Federal Circuit holds that "[a] trial judge has **sole discretion** to decide whether or not he needs, or even just desires, an expert's assistance to understand a patent." *Seattle Box*

---

failed to provide Soilworks or this Court its basis/analysis for its infringement claims or identified the claims which it asserts Soilworks' Durasoil product infringes.

*Co. v. Industrial Crating & Packing, Inc.*, 731 F.2d 818, 826 (Fed. Cir. 1984) (emphasis added). "In determining the meaning of the claims, which is a question of law, **the court should look at the claim language, the specification, and the prosecution history**" not expert testimony. *Markman v. Westview Instr., Inc.,* 52 F.3d 967, 979 (Fed. Cir. 1995) (emphasis added) (citing *Unique Concepts, Inc. v. Brown,* 939 F.2d 1558, 1561 (Fed. Cir. 1991)). "**If** necessary to ascertain the true meaning of the disputed claims, the court, **in its discretion**, may also look to extrinsic evidence such as expert [] testimony . . ." *Markman*, 52 F.3d at 980 (citing *Brown v. Piper*, 91 U.S. 37, 41, (1875)) (emphasis added). The Federal Circuit's foundational case regarding claims construction, *Markman*, holds that expert testimony is not required. Instead the Court should first look to the claim language itself, the specification and prosecution history as the primary sources for determining the meaning of a patent's claim language. Whether expert testimony is warranted is solely within the discretion of this Court.

For these reasons, Midwest's Motion should be denied.

Dated this 24th day of September, 2008.

KUTAK ROCK LLP


By   /s E. Scott Dosek
     E. Scott Dosek
     John P. Passarelli *(Pro Hac Vice)*
     Suite 300
     8601 North Scottsdale road
     Scottsdale, AZ 85253-2742

*Attorneys for Plaintiff Soilworks, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2008, the foregoing **Soilworks, LLC's Opposition to Midwest Industrial Supply, Inc.'s Motion *In Limine* to Bar Testimony And Evidence Regarding the Validity or Construction of Midwest's Patents** was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Amy S. Fletcher
Amy S. Fletcher