E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018 (NE)
KUTAK ROCK LLP
8601 North Scottsdale Road #300
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
*SOILWORKS, LLC, an Arizona corporation*

# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>Plaintiff / Counterdefendant/ Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**SOILWORKS, LLC'S OPPOSITION TO MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION *IN LIMINE* (DOC.110) TO BAR EVIDENCE REGARDING INNOCENT INFRINGEMENT**<br><br>(Before the Honorable David G. Campbell) |

This last minute Motion *In Limine* ("Motion") by Midwest Industrial Supply ("Midwest") is ill-founded and should be denied. It is no more than a thinly veiled effort to mislead this Court into adopting findings it has not made: (1) that this case is "exceptional" and (2) that Soilworks' trademark infringement was "willful." Neither finding was briefed or argued by Midwest. Neither finding was addressed by this Court in its August 7, 2008 Order ("Order"). This Court has reviewed Soilworks' intent only in the context of its likelihood of confusion analysis under the *Sleekcraft* factors.[1]

---

[1] This Court is not alone in its recognition of the criticism of the holding in *Brookfield Communications, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036 (9th Cir. 1999). (Note 5 of the Order). "If a [Google AdWords] banner advertisement clearly identifie[s] its source . . . no confusion would occur under the [initial interest confusion] theory." *Playboy Enterprises, Inc. v. NetScape Comm. Corp.*, 354 F.3d 1020, 1025 n.16 (9th Cir. 2004); *see also Finance Express LLC v. NowCom Corp.*, 2008 WL 2477430 at *13 (C. D. Cal. June 18, 2008) ("[I]t is true that a clearly-labeled banner advertisement [does] not create initial interest confusion").

4835-8837-7603.1

This Court has yet to even address Soilworks' intent with regard to the following still-to-be-determined matters: (i) whether Soilworks' use of Soil-Sement in its metatags and as a keyword in Google's AdWords program constitutes "willful" infringement; (ii) Soilworks' "justification" under Midwest's unjust enrichment claim; (iii) whether any award of damages is appropriate; and (iv) whether the case is "exceptional" for purposes of awarding attorneys fees. Ninth Circuit law requires this Court and/or the jury review evidence related to Soilworks' intent in all of the above. None of this review has occurred. Midwest's Motion must be denied because granting it would erroneously and unfairly prevent Soilworks' from presenting evidence of its intent as that intent bears upon all of these matters.

**Granting Midwest's Motion would result in reversible error because barring such evidence is premature.** Midwest concedes in its Motion that this Court has not addressed "damages or other relief" with respect to Midwest's Lanham Act claim, its unjust enrichment claim and its unfair competition claim. (Motion at 2). Indeed, this Court addressed damages only in the context of Midwest's False Advertising claim. Midwest is not entitled to damages under that claim. (Order at 19).

"The intent of the infringer is relevant evidence on the issue of awarding profits and damages and the amount." *Lindy Pen Co. v. Bic Pen Corp.*, 892 F.2d 1400, 1405 (9th Cir. 1993). Additionally, assuming, without conceding, that Midwest can meet its prima facie case for unjust enrichment, evidence of a "justification" on the part of Soilworks is relevant under its prima facie case. *Cmty. Guardian Bank v. Hamlin*, 898 P.2d 1005, 1008 (Ariz. Ct. App. 1995) (Order at 22). Furthermore, in determining whether a case is "exceptional, the district court must first find that the defendant acted maliciously, fraudulently, deliberately, or willfully. *See Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210, 1216 (9th Cir. 2003) ("A district court's failure to articulate its findings underlying its award of attorney's fees can be an abuse of discretion"). This Court has not addressed any of these issues.

**Midwest's legal analysis is fatally flawed.** Midwest argues that this court has already found that Soilworks willfully infringed Midwest's trademark. The Court made no

such finding. Midwest relies upon *Sicilia Di R. Biebow & Co. v. Cox*, 732 F.2d 417, 431 (5th Cir. 1984) for the proposition that the "the proper focus is whether defendant had the intent to derive benefit from the reputation or goodwill of plaintiff." *See* Motion at 3. *Sicilia* is a Fifth Circuit decision from 1984 and it stands for no such thing. In this case, the Fifth Circuit addressed the proper inquiry in determining whether a likelihood of confusion exists in trademark infringement. *Sicilia* does not address "willfulness" or whether its case is "exceptional." Nor does *Sicilia* stand for the proposition that once a court has reviewed a defendant's intent under the eight-factor likelihood of confusion test, evidence of a defendant's intent (innocent or otherwise) is no longer admissible. Yet, Midwest's Motion proposes this Court embrace such a proposition.

The law in the Ninth Circuit is that "[w]illful infringement carries a connotation of deliberate intent to deceive. Courts generally apply forceful labels such as 'deliberate,' 'false,' 'misleading,' or 'fraudulent' to conduct that meets this standard." *Lindy Pen Co*, 892 F.2d at 1406; *See also National Lead Company v. Wolfe*, 223 F.2d 195, 203 (9th Cir. 1955), *cert. denied*, 350 U.S. 883. This Court made no such finding in its Order. Indeed, Midwest's Motion for Partial Summary Judgment did not even seek or address a finding of willfulness.

Midwest next posits the untenable argument that because the Court stated "Soilworks clearly uses the [Soil-Sement] mark to attract customers to Soilworks' websites" Soilworks has willfully infringed the mark. *See* Motion at 3. Midwest is wrong. By Midwest's logic, a competitor who uses the trademark of another in a legal comparative advertising claim would be liable for willful trademark infringement.

What Midwest doesn't want this Court and the Jury to see is the clear evidence that Soilworks used Google's AdWords program "because [Soilworks] wanted someone searching for soil sement to see Soiltac under the "sponsored link" portion of the Google Search results and because people, particularly international customers, misspell the word "Cement, as Sement." *See* Falkenberg Depo. (**Exhibit 1**) at 325:6-9 and 326:7-12. This is not evidence of an intent to *deceive* or "exceptional" conduct as Midwest argues. Soilworks'

sponsored links contained <u>no</u> Midwest marks or any words confusingly similar.  Instead, Soilworks' sponsored links clearly displayed its own federally-registered trademark, Soiltac® and www.soiltac.com.

For these reasons, Midwest's Motion should be denied.

Dated this 24th day of September, 2008.

KUTAK ROCK LLP

By   /s E. Scott Dosek
E. Scott Dosek
John P. Passarelli *(Pro Hac Vice)*
Suite 300
8601 North Scottsdale road
Scottsdale, AZ  85253-2742

*Attorneys for Plaintiff Soilworks, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2008, the foregoing **Soilworks, LLC's Opposition to Midwest Industrial Supply, Inc.'s Motion *In Limine* to Bar Evidence Regarding Innocent Infringement** was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

          /s Amy S. Fletcher
          Amy S. Fletcher