# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Soilworks, LLC, an Arizona corporation, )<br>)<br>Plaintiff/Counterdefendant/ )<br>Counterclaimant, )<br>)<br>vs. )<br>)<br>Midwest Industrial Supply, Inc., an Ohio )<br>corporation authorized to do business in )<br>Arizona, )<br>)<br>Defendant/Counterclaimant/ )<br>Counterdefendant. )<br>)<br>_____)  | No. CV-06-2141-PHX-DGC<br><br>**ORDER SETTING TRIAL** |

A Final Pretrial Conference was held on October 9, 2008. Counsel appeared on behalf of Plaintiff and Defendant. On the basis of the parties' written submissions and the hearing,

**IT IS HEREBY ORDERED:**

1. Trial in this matter shall begin on **January 20, 2009, at 8:30 a.m.**

2. The trial shall last **4** days (January 20-23, 2009). Plaintiffs shall be allotted **9** hours of trial time and Defendants shall be allotted **9** hours of trial time. The Court will keep track of each side's time. Opening and closing statements, direct examination, and cross-examination shall be counted against the parties' allotted time.

3. A final conference shall be held on **January 15, 2009, at 4:00 p.m.** in Courtroom 603, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003. Out-of-state counsel may participate by telephone.

4. The parties' proposed final pretrial order was approved by the Court as the final pretrial order in this case. The order shall govern the presentation of evidence and other trial issues, and, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, shall be modified only to prevent manifest injustice. Evidence, objections, legal arguments, and relief not requested or identified in the order shall not be available at trial, except to prevent manifest injustice.

5. The Court considered Soilworks' motion in limine to exclude evidence of its sales of Durasoil. Dkt. #108. For reasons stated on the record, the Court **denied** this motion. The Court views this as a second motion for summary judgment that is not permitted under the Court's case management schedule.

6. The Court considered Soilworks' motion in limine to exclude evidence of sales of Soiltac and Gorilla Snot. Dkt. #109. For reasons stated on the record, the Court **denied** the motion. Willful trademark infringement can include deliberate infringement, bad faith, and an attempt to gain value of a competitor's established trademarks. *Lindy Pen Co., Inc. v. Bic Pen Corp*, 982 F.2d 1400, 1406 (9th Cir. 1993). Midwest need not necessarily prove an intent to deceive.

7. The Court considered Midwest's motion in limine to limit Soilworks' false advertising evidence to four documents. Dkt. #101. For reasons stated on the record, the Court **granted** this motion. Counsel for Soilworks stated that Soilworks' false advertising claim is predicated on the four documents and no others. The four documents include two letters written to an Alaskan customer, a press release, and a chart that appeared on Midwest's website.

8. The Court considered Midwest's motion in limine to exclude certain evidence of Soilworks' false advertising claim. The Court **granted** the motion with respect to the issue of damages. Counsel for Soilworks indicated that they presently have no evidence of damage from Midwest's false advertising, although they will seek injunctive relief. The Court **denied** the motion with respect to other categories of evidence because it found

Midwest's written discovery requests for that evidence to be too vague to justify an exclusion of evidence.

9. The Court considered Midwest's motion in limine to bar evidence of Soilworks' production costs. Dkt. #103. For reasons stated on the record, the Court **granted** the motion. Soilworks will not be permitted to use any documents that were not produced during the course of discovery. Soilworks' counsel indicated that they did not intend to do so.

10. The Court considered Midwest's motion in limine to bar testimony and evidence regarding the validity or construction of Midwest's patents. Dkt. #104. For reasons stated on the record, the Court **granted** the motion. Soilworks will not be permitted to use documentary evidence other than the patents themselves and Soilworks' July 2007 claim chart. In addition, the Court found Midwest's patents to be valid in its summary judgment ruling.

The Court and parties engaged in a discussion about this patent case. Counsel for Soilworks stated that they do not know how Midwest claims that the Soilworks products violate the patents. Nor do they know what claims are at issue. Moreover, both sides agreed that there has not been a request for claims construction in this case. Because no side has sought claims construction, Midwest will bear the risk of any ambiguity arising from patent claims during the trial. If the jury cannot find infringement because the meaning of the claims is not clear, Midwest will not prevail on its infringement claims. The discussion also made clear that both sides intend to present patent infringement evidence through lay witnesses and documents. The Court is concerned that this could prove quite confusing to the jury, particularly when no claims have been construed, but the time for summary judgment motions or *Markman* hearings has passed. Evidentiary objections and requests for judgment may be made during the course of trial.

11. The Court considered Midwest's motion in limine regarding the advice-of-counsel defense. Dkt. #105. The Court **denied** this motion as moot. Soilworks does not assert such a defense.

12. The Court considered Midwest's motion in limine to bar testimony and evidence regarding the composition of Durasoil. Dkt. #106. The Court **granted** the motion. Soilworks' evidence concerning the components of Durasoil will be limited to the three-ingredient list produced during discovery and the Material Safety Data Sheets produced during discovery. Soilworks agreed that it does not intend to produce additional documentary evidence.

13. The Court considered Midwest's motion in limine to bar testimony regarding liability insurance. Dkt. #107. For reasons stated on the record, the Court **granted** the motion. Soilworks does not intend to present such evidence.

14. The Court considered Midwest's motion in limine regarding innocent trademark infringement. Dkt. #110. For reasons stated on the record, the Court **denied** the motion. The Court's summary judgment ruling did not conclude that Soilworks' trademark infringement has been willful. That issue will be decided at trial.

15. The Court distributed proposed voir dire and preliminary jury instructions to the parties. These will be addressed at the final conference on **January 15, 2009**.

16. The parties shall engage in a face-to-face settlement conference, assisted by a Magistrate Judge or paid mediator, on or before **December 15, 2008**. Clients are required to attend. The parties shall promptly notify the Court if a settlement is reached.

DATED this 16th day of October, 2008.

_David G. Campbell_
David G. Campbell
United States District Judge