Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Anastasia J. Wade, 0082797 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Email: cmarvinney@brouse.com,
      jskeriotis@brouse.com,
      awade@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant
Midwest Industrial Supply, Inc.*

## UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>    Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>    Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS** |

    Based on the Court's statements at the Final Pretrial Conference on October 9, 2008 that it did not find Plaintiff Soilworks, LLC ("Soilworks") liable for willful trademark infringement in its August 7, 2008 Order regarding the dispositive motions (ECF Docket No. 94) and a recent decision of the First Circuit Court of Appeals,

Defendant Midwest Industrial Supply, Inc. ("Midwest") respectfully seeks to submit supplemental proposed jury instructions on the issues of willful trademark infringement and resultant monetary damages.

When the parties originally submitted their joint proposed jury instructions, Midwest believed that the Court had held Soilworks, LLC liable for intentional, i.e., willful, trademark infringement in the August 7, 2008 Order. As a result, Midwest did not submit a jury instruction on willful infringement. During the Pretrial Conference, the Court clarified that its August 7, 2008 Order found Soilworks liable for trademark infringement, but not willful trademark infringement. (See Transcript of Final Pretrial Conference (ECF Docket No. 136), p. 42.) In light of this statement, Midwest now submits an instruction on proof of willful trademark infringement to be added to the proposed jury instructions.

In addition, the Court also indicated its understanding during the Final Pretrial Conference that <u>Midwest</u> had the burden of proving which of Soilworks' profits were caused by Soilworks infringement in order to obtain an accounting of profits. (See Transcript of Final Pretrial Conference, p. 61.) However, a recent Court of Appeals decision shows the Lanham Act places this burden on <u>Soilworks.</u>

On August 23, 2008, the First Circuit Court of Appeals rendered a decision in the case of *Venture Tape Corp. v. McGills Glass Warehouse,* 540 F.3d 56 (1st Cir. 2008), whose facts are almost identical to those at issue in this case. This case was not available at the time of this Court's summary judgment ruling sixteen days earlier. The Court of Appeals affirmed an award of the defendant's profits for the use of plaintiff's trademark in

the defendant's website's metatags. The defendant fruitlessly argued that the plaintiff was not entitled to the defendant's profits because the plaintiff failed to prove which sales of the defendant's product were the direct result of defendant's infringement. The Court of Appeals held that:

> This argument entirely misplaces the burden of proof for a profit award under the Lanham Act. We have held that "once the plaintiff has shown direct competition and infringement, the statute places the burden on the infringer to show the limits of the direct competition." This allocation of burdens arises from the language of the Lanham Act itself: "In assessing profits, the plaintiff shall be required to prove defendant's sales only; defendant must prove all element of cost or deduction claimed." 15 U.S.C.§ 1117(a). Here, [plaintiff] met its burden by introducing tax returns showing [defendant's] gross sales over the relevant time period. [Defendant] then had the burden of producing evidentiary documentation that some of those sales were unrelated to and unaided by [defendant's] illicit use of [plaintiff's] mark.

*Id.* at 64 (citations omitted).

Thus, since the parties here are direct competitors, the Lanham Act clearly places this burden upon Soilworks to show, by documentary evidence, which sales were unrelated and unaided by Soilworks' illicit use of Midwest's mark in Soilworks' website metatags. This decision comports with decisions rendered by the Ninth Circuit Court of Appeals and the U.S. Supreme Court. *See Nintendo of Am., Inc. v. Dragon Pacific Intern.*, 40 F.3d 1007, 1012 (9th Cir. 1994); *Wolfe v. Nat'l Lead Co.*, 272 F.2d 867, 872 (9th Cir. 1959); and *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*,316 U.S. 203, 206 (1942).

For these reasons, and pursuant to law, this Court should issue the attached instructions on damages for willful trademark infringement. These instructions are included below.

# DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 1[1]

## PROOF OF WILLFUL TRADEMARK INFRINGEMENT

Before Midwest can obtain Soilworks' profits for Soilworks' trademark infringement, it must first prove that Soilworks' trademark infringement was deliberate or willful. A finding of willful infringement is proper if Soilworks attempted to gain the value of Midwest's established trademark. Therefore, if Soilworks' intent in using the phrase 'soil sement' on the Internet was to trade off on Midwest's goodwill in its Soil-Sement mark by diverting potential customers searching for Midwest's product to Soilworks' website and Soiltac and Gorilla-Snot products, Soilworks willfully infringed Midwest's trademark.

**Source:** *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1405 (9th Cir. 1993); *Maier Brewing Co. v. Fleischman Distilling Corp.*, 390 F.2d 117, 123 (9th Cir. 1968).

GIVEN               _____
GIVEN AS MODIFIED   _____
REFUSED             _____
WITHDRAWN           _____

---

[1] These proposed instructions are to be inserted into Section IV Non-Model Instructions Requested by Defendant.

# DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 2

# DAMAGES FOR WILLFUL TRADEMARK INFRINGEMENT

If you find that Soilworks willfully infringed Midwest's trademark, then you must consider the amount of monetary damages to be awarded to Midwest for that willful infringement. Midwest is entitled to an award of monetary damages in the amount of Soilworks' profits derived from its infringing acts. To recover the amount of Soilworks' profits, Midwest need only prove Soilworks' gross sales. Soilworks has the burden to prove any costs or deductions from its gross sales.

Profit is determined by deducting costs of the product from gross revenue. Gross revenue is all of Soilworks' receipts from using the trademark in question in the sale of a product. Costs are all those monetary costs incurred in producing the gross revenue. Soilworks has the burden of proving these costs and the portion of the profit attributable to factors other than Soilworks' infringement of Midwest's trademark by a preponderance of the documentary evidence.

If the actual sales by Soilworks cannot be precisely determined, you may resolve any doubts against Soilworks in calculating profits, particularly if you find that the uncertainty is due to Soilworks inadequate record keeping or failure to produce documentary evidence.

**Source:** *Nintendo of Am., Inc. v. Dragon Pacific Intern.*, 40 F.3d 1007, 1012 (9th Cir. 1994); *Wolfe v. Nat'l Lead Co.*, 272 F.2d 867, 872 (9th Cir. 1959); *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206 (1942); *Venture Tape Corp. v. McGills Glass Warehouse*, 540 F.3d 56 (1st Cir. 2008).

GIVEN                        _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

Respectfully Submitted

By: /s/ Anastasia J. Wade
Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Anastasia J. Wade, 0082797 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: cmarvinney@brouse.com,
jskeriotis@brouse.com,
awade@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Facsimile: 602-263-1784
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant Midwest Industrial Supply, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **MIDWEST INDUSTRIAL SUPPLY, INC.'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS** has been electronically filed on this 20th day of January, 2009. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Anastasia J. Wade