E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018 (NE)
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff / Counterdefendant /
Counterclaimant Soilworks, LLC*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**SOILWORKS' MOTION FOR LEAVE TO ADD EXHIBIT AND WITNESS TO FINAL PRETRIAL ORDER**<br><br>(Before the Honorable David G. Campbell) |

Soilworks respectfully requests leave of Court to permit the addition of the Report of Analysis (as described below and attached hereto as **Exhibit 1**) to its list of exhibits and add Neal E. Spingarn, Ph.D., the author of the report as a witness to testify at trial. In support of this Motion, Soilworks submits the following:

On January 9, 2009, for the first time in this litigation, Midwest Industrial Supply, Inc., ("Midwest"), identified its infringement claims against Soilworks, LLC. Midwest now asserts that Soilworks has infringed (a) claims 1, 7, 8, and 9 of U.S. Patent No. 7,074,266 and (B) Claims 1 and 3 of U.S. Patent No. 7,081,270. 9. (*See* Midwest's Pretrial Memorandum Per the Court's October 16, 2008 Order at 20). Prior to January 9, 2009, Midwest had repeatedly refused to identify to Soilworks which claims of the Midwest Patents it has allegedly infringed. Midwest also failed and refused to disclose just exactly what it was about Durasoil that constituted an infringement. Midwest intentionally obscured

4824-2238-8995.1

1 these fundamental components of its patent infringement claim for more than two years, despite repeated requests from Soilworks since its demand for a claims chart in July of 2006 (*See* timeline attached as **Exhibit 2**).

This Court addressed the uncertainty derived from Midwest's conduct. "… this is a very uncertain patent trial. We're going into this trial not even knowing what claims are at issue …." (See Pretrial Hearing Transcript, October 9, 2008, attached hereto as **Exhibit 3** at p. 62:7-9). As result, this Court rightfully ordered that Midwest will bear the risk of any ambiguity arising from its patent claims during trial. (See Order Setting Trial, dated October 16, 2008 at 3).

While Soilworks respects this Court's declaration that neither party may supplement the record at this late date, within a week of learning how it is that Midwest believes Durasoil infringes Midwest's patents, Soilworks caused a chemical analysis of its Durasoil product to be performed by an independent laboratory to address the specific claims finally asserted by Midwest. That analysis was completed four days later and showed that the Durasoil product revealed no evidence of esters or synthetic isoalkanes, and therefore, cannot infringe the Midwest patents.

Soilworks respectfully requests that this Court permit this evidence be added to Soilworks' list of exhibits to prevent the manifest injustice that would result if this Court were to allow, over Soilworks' objection, Midwest's introduction of any evidence that would support its infringement claim as set forth on January 9, 2009.

Admittedly, Soilworks could have taken the extraordinary step of disproving infringement of each and every claim of the Midwest Patents, but, based upon Midwest's own 30(b)(6) testimony, the deposition testimony of its in-house chemist and the utter absence of evidence supporting its infringement claim (i.e., no expert testimony, no claims chart, no chemical analysis, etc.), the so-called "patent infringement evidence" to be insufficient for this issue to be presented to a jury.

Notwithstanding this belief, Soilworks seeks to admit the Report of Analysis to counteract Midwest's intolerant refusal to identify the patent claims at issue. Even before

this litigation began, Midwest refused to respond to Soilworks' express requests for a claims chart. As far back as July 18, 2006, counsel for Soilworks expressly requested that Midwest provide a claims chart supporting its allegations. Again, on July 27, 2006, counsel for Soilworks asked Midwest to provide a claims chart. From June 8, 2006 until January 9, 2009, Midwest consistently refused to identify the claims allegedly infringed by Soilworks:

- "By our review, the claims of the two enclosed patents are not complicated . . . and I ask that you let me know the grounds for [Soilworks' **non**-infringement] position so we can put this matter aside." (See August 8, 2006 Letter from Skereotis).
- Soilworks' Durasoil product is "included within the elements of at least once independent claim" based upon "publicly available information." [See Midwest's Response to Soilworks' Second Set of Interrogatories, dated December 31, 2007.]
- "The evidence will demonstrate that Soilworks infringes one or more of the claims." [See the parties' Joint Final Pretrial, dated September 19, 2008
- "Plaintiff is infringing one or more claims of the Midwest Patents" based upon "publicly available information." [See Midwest's Settlement Conference Memorandum, dated December 30, 2008].

Midwest's 30(b)(6) deposition was equally unenlightening with regard to Midwest's patent infringement claims. In fact, any time Soilworks counsel directed questions towards whether Midwest performed any chemical analysis of Durasoil, counsel of Midwest instructed Midwest representatives (including 30(b)(6)) not to answer. (*See* Hawkins Deposition Transcript attached hereto as **Exhibit 4** at 122:5-128:4; Vitale 30(b)(6) Deposition Transcript attached hereto as **Exhibit 5** at 36:5-38:3, 39:21-40:24; Detloff Deposition Transcript attached as **Exhibit 6** at 28:9-31:7).

Midwest's discovery tactics are bizarre at best. For example, Midwest employs a chemist. Yet, she was never asked to perform any tests on the Durasoil product. (*Id.* at 29:21-25-30:1-8). Midwest never secured an expert to set forth the metes and bounds of its patents or to opine on the alleged infringement of Durasoil. And now, at this incredibly late hour, Midwest attempts to introduce evidence to prove its patent infringement claim, which

was not disclosed to Soilworks and this Court until January 9, 2009.

Soilworks moved as quickly as it possibly could to secure testing of its product in light of Midwest finally disclosing the substance of its patent claim. Now, Soilworks respectfully requests that this Court permit the addition of the Report of Analysis to its list of exhibits and add Neal E. Spingarn, Ph.D., the author of the report as a witness to testify at trial.

Dated this 25th day of February, 2009.

KUTAK ROCK LLP

By  /s E. Scott Dosek
E. Scott Dosek, Esq.
John P. Passarelli, Esq.
8601 North Scottsdale Road #300
Scottsdale, AZ 85253-2742
*Attorneys for Plaintiff Soilworks, LLC*

4824-2238-8995.1

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2009, the foregoing **SOILWORKS' MOTION FOR LEAVE TO ADD EXHIBIT AND WITNESS TO FINAL PRETRIAL ORDER** was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  /s Amy S. Fletcher
                                                  Amy S. Fletcher