Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Anastasia J. Wade, 0082797 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Email: cmarvinney@brouse.com,
   jskeriotis@brouse.com,
   awade@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant Midwest Industrial Supply, Inc.*

# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S OPPOSITION TO SOILWORKS, LLC'S UNTIMELY WITNESS AND REPORT AND MOTION *IN LIMINE* TO PREVENT EVIDENCE AND TESTIMONY OF THE SAME** |

I.     INTRODUCTION

Defendant Midwest Industrial Supply, Inc. ("Midwest") opposes Plaintiff Soilworks, LLC's ("Soilworks") untimely submission of a witness and report. At the eleventh hour of this case and after all associated Court dates have passed, Soilworks just moved to add a witness to its witness list and include a report among its exhibits. This report was authored and submitted just before trial and more than one year after the Court's deadline to disclose expert[1] witnesses and submit expert reports. Soilworks' delay in obtaining and submitting this witness and report is unjustifiable and highly prejudicial to Midwest. The exclusion of Soilworks' untimely witness and report is consistent with this Court's Case Management Order, Order Setting Final Pretrial Conference, and the Federal Rules of Civil Procedure. Finally, the report does not comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure and is necessarily unreliable because the report does not contain a chain of custody and because Soilworks admits that its Durasoil product formulation is inconsistent. Therefore, the Court should prohibit Soilworks from introducing this witness and report at trial.

II.    LAW AND ANALYSIS

   A.   Soilworks' Untimely Witness Should Be Excluded Under Fed.R.Civ.P. 37(c).

Rule 37(c) of the Federal Rules of Civil Procedure prevents a party from using a witness that was not disclosed as required by Rule 26(a) or (e) at trial unless the failure was substantially justified or is harmless to the opposing party. The imposition of

---

[1] Soilworks' motion does not state that the witness it is seeking to include is an expert witness. Midwest contends that Soilworks intends this witness to be an expert witness because the witness must necessarily offer an opinion based on scientific knowledge to offer an interpretation of the chemical test of Durasoil See Fed. R. Evid. 701 and 703.

2

sanctions under Rule 37 is left to the discretion of the district court. *Yeti By Molly Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The exclusion of a witness does not require the court to find willfulness, fault, or bad faith before imposing the sanction. *Id.* The burden of proving either substantial justification or harmlessness is on the party facing the sanction. *Id.* at 1107. The late disclosure of a witness will not be substantially justified if the disclosing party could have reasonably anticipated the need for the witness at an earlier point in the litigation. *Wong v. Regents of the University of California,* 410 F.3d 1052, 1060 (9th Cir. 2004); *Lemon v. Harlem Globetrotters Int'l, Inc.*, Nos. CV 04-0299 PHX DGC and CV 04-1023 PHX DGC, 2006 WL 3524379, at *8 (D. Ariz. Dec. 6, 2006). Further, a late disclosure of a witness will not be harmless if the opposing party would need to depose the witness and the late disclosure would disrupt the Court's trial schedule. *Yeti By Molly,* 259 F.3d at 1107; *Wong,* 410 F.3d at 1062; *EEOC v. Lennar Homes of Arizona,* No. CV-03-1827 PHX DGC, 2006 WL 1734594, at * 5 (D. Ariz. June 23, 2006).

Both the Ninth Circuit Court of Appeals and the Federal Circuit Court of Appeals have upheld a district court's exclusion of an expert witness who was untimely disclosed. *See Wong,* 410 F.3d at 1062; *Yeti By Molly,* 259 F.3d at 1107; *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006); *Trilogy Communications, Inc. v. Times Fiber Communications, Inc.*, 109 F.3d 739, 745 (Fed.Cir. 1997).

In this case, Soilworks attempts to justify its late disclosure by arguing that Midwest only recently revealed which patent claims Soilworks' Durasoil product infringes. This is not so. The patent claims involved are readily seen as essentially

3

Claim 1 of both the 7,074,266 patent ('266 patent) and the 7,081,270 patent ('270 patent).[2] Claim 1 of both patents is exactly the same and is the only independent claim in each patent. The claim states that the compound of the product must consist of (1) a synthetic isoalkane and (2) a binder consisting of a carboxylic acid, an ester, or a thermoplastic polyolefin. Thus, to infringe either patent, a party must necessarily infringe at least Claim 1 because every other claim in the two patents is dependent on Claim 1. Soilworks' Durasoil product infringes Midwest's patents if it contains a synthetic isoalkane and a binder which is a carboxylic acid, an ester, or a thermoplastic polyolefin. Therefore, the construction of the patents put Soilworks on notice of how its product infringed Midwest's patents. This has been plain since the first correspondence was sent in this case in July of 2006 and seen again in the Counterclaim.

Moreover, Midwest long ago informed Soilworks of how Midwest believed Soilworks' Durasoil product infringed Midwest's patents. On December 31, 2007, Midwest submitted answers to Soilworks, LLC's Second Set of Interrogatories and Second Request for Production of Documents and Things. (Midwest's Answers to Soilworks, LLC's Second Set of Interrogatories and Second Request for Production of Documents and Things is attached as Exhibit C.) Interrogatories No. 2(16) and 4(18) asked Midwest to state which of Soilworks' products infringes the '266 and '270 patents and the scope of the claimed infringement. Aside from an objection to this interrogatory based on various theories including confidentiality and attorney-client privilege and/or work product, Midwest noted that, based on public information and marketing materials,

---

[2] Claims charts for the '266 and '270 patents are attached as Exhibits A and B, respectively.

4

Soilworks' Durasoil product infringed at least one independent claim of Midwest's patents. As stated above, Midwest's patents only contain a single independent claim and that is Claim 1. Therefore, Midwest's answer indicates that Soilworks' Durasoil product infringed at least Claim 1 of the '260 and '277 patents.

Soilworks also deposed Midwest's 30(b)(6), Robert Vitale, witness on February 20, 2008. During the deposition, Soilworks questioned Midwest at length on Soilworks' response to Midwest's claim chart. Midwest stated that it took Soilworks' response to Midwest's claim chart at face value because other sources, including Soilworks' marketing materials, contradicted Soilworks' responses. (See Deposition of Robert Vitale taken on February 20, 2008 ("(30(b)(6) Vitale Depo."), pp. 45-59 and Exhibits 8 and 9, relevant pages and exhibits are attached as Exhibit D.) Midwest did not concede that Soilworks' responses were true or that Durasoil did not infringe Midwest's patents.

In the same deposition, Midwest stated that Soilworks' contribution to the Army and Air Force handbooks indicate that the Durasoil product is synthetic, an isoalkane, and contains a binder. (Id. at 122-123.) Also, Midwest testified that Soilworks replied to a bid specification issued by the Alaskan Department of Transportation, which required a synthetic product with a reworkable binder and an isoalkane. (Id. at 124-125.) Midwest later stated at the Final Pretrial Conference on October 9, 2008 that Soilworks' Durasoil product infringed Midwest's patents because it has a binder and a synthetic isoalkane. (See Transcript of Final Pretrial Conference (ECF Docket No. 136), pp. 35-37, relevant pages attached as Exhibit E.)

Based on this information, Soilworks had notice that Midwest's patent

5

infringement claim was based on infringement of Claim 1 of the '260 and '277 patent for at lease two and a half years before the mediation on December 9, 2008, and at least certainly months previously.

Soilworks has also acknowledged that Claim 1 is the basis of Midwest's patent infringement claim. During the deposition of Chad Falkenberg and Soilworks' 30(b)(6) witness, Soilworks repeatedly stated that its Durasoil product did not infringe Midwest's patents because Durasoil does not contain a binder and Midwest's patents require a binder. (See Deposition of Chad Falkenberg taken on April 9, 2008 ("Falkenberg Depo.), pp. 104-105, 142-144, and 173-177, relevant pages attached as Exhibit F.) In arguing for summary judgment on Midwest's patent infringement claim, Soilworks stated that Midwest's patents must consist of a binder and a synthetic isoalkane. (See Plaintiff's Memorandum in Support of Motion for Summary Judgment (ECF Docket No. 79), p. 4.)

In support of its motion, Soilworks submitted an "expert report" from Edward Funk.[3] This expert and expert report were never disclosed to Midwest and were untimely in accordance with the deadlines. As a result, the Court did not consider the report. The information contained in Mr. Funk's is very similar to the report of Neil E. Spingarn, which Soilworks' now seeks to admit into evidence, as both argue that Durasoil purportedly does not contain a synthetic isoalkane or a binder. Further, Soilworks' earlier untimely "expert report" by Mr. Funk contradicts Soilworks' current assertion that it only recently realized the need for a report on this issue. On the face of their motion hereafter, Soilworks reasonably anticipated the need for this witness and report months before its

---

[3] Mr. Funk's Expert Report is attached as Exhibit G.

untimely disclosure and Soilworks' late disclosure is not substantially justified.[4]

Further, the inclusion of Soilworks' untimely expert witness and report is not harmless. Soilworks first submitted this report on January 9, 2009 and did not move to include the witness or report until February 25, 2009. This was done after the Court moved its trial date to March 17, 2009 from the earlier January 2009 date. Midwest has never seen this report before nor heard of this witness.

The Court has now scheduled the trial of this case to start on March 17, 2009. Midwest would necessarily need to depose this additional witness, review the findings, and possibly add a rebuttal witness and report, which Soilworks would likely need to depose. Thus, the addition of this witness and report would disrupt the Court's schedule and extend this case into the second half of the year at a minimum. Therefore, the inclusion of this witness and report is not harmless and the Court should exclude Soilworks untimely witness and report under Fed.R.Civ.P. 37(c).

B. <u>Exclusion of Soilworks' Untimely Witness and Report is Consistent with This Court's Case Management Order, Order Setting Final Pretrial Conference, and the Federal Rules of Civil Procedure.</u>

At the beginning of this litigation, the Court issued a Case Management Order with a schedule for how this case would proceed. (ECF Docket No. 28.) The deadline for disclosing expert witnesses under Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure was December 14, 2007. The depositions of expert witnesses had to be

---

[4] In addition to alleging that it did not know that Midwest was asserting infringement of Claim 1 of Midwest's Patent, Soilworks also asserts in its current motion that it did not know that its product infringed Claim 1 because it contained a synthetic isoalkane and an ester as a binder. The necessity of a synthetic isoalkane is clear from the language of the patent. Additionally, Soilworks admitted that its Durasoil product contains esters (See 30(b)(6) Vitale Depo, Ex. 8 and Falkenberg Depo., pp. 173-175.) Therefore, Soilworks cannot claim it was "surprised" that Midwest was alleging that Durasoil infringes Midwest's patents because it contains esters.

7

completed no later than April 11, 2008. The Court warned the parties that the deadlines are real and the Court intends to enforce the deadlines as set forth in the Order. The Court later issued an Order Setting Final Pretrial Conference on August 7, 2008. (ECF Docket No. 95.) The Order stated that "[t]he Court will not allow the parties to offer any exhibit, witness, or other evidence that was not disclosed in accordance with the provision of this Order and the Federal Rules of Civil Procedure and listed in the Proposed Final Pretrial Order, except to prevent manifest injustice."

Soilworks' first disclosed Neal Spingarn as an expert witness along with his expert report as an attachment to its Pretrial Memorandum filed on January 9, 2009. This disclosure is more than one year after the deadline for disclosure of expert witnesses by December 14, 2007. Further, Mr. Spingarn was not disclosed in accordance with the Order Setting Final Pretrial Conference or included in the Proposed Final Pretrial Order. As Soilworks' cannot provide any justification for its untimely disclosure, the exclusion of this witness will not result in manifest injustice. Therefore, the Court should exclude Soilworks' untimely disclosed expert witness and report.

In the alternative, if Soilworks' witness is determined not to be an expert witness, Rule 26(a)(3) requires the disclosure of all witnesses who may testify at least thirty days before trial. Soilworks filed its Motion to Supplement the Record on February 25, 2009, a mere twenty days prior to the recently reset trial date. Thus, the exclusion of Soilworks witness at trial is consistent with the Federal Rules of Civil Procedure.

C. <u>Soilworks' Untimely Witness and Report Should Be Excluded Because the Evidence and Testimony is Unreliable.</u>

Soilworks' untimely expert witness and report should be excluded because the

report does not meet the requirements of Rule 26(a)(2) and is necessarily unreliable. Fed.R.Civ.P. 26(a)(2) requires every expert witness to submit a written report. The report must contain a complete statement of all opinions the witness will testify about, all data and information considered by the witness, any exhibits used to summarize the data, the witness's qualifications, a list of all other cases the witness has testified in, and a statement of compensation. The "report" submitted by Soilworks only contains the results of an analysis and does not state the qualifications of the witness, the other cases the witness testified in, or the amount of compensation for the testimony.

Further, the report is necessarily unreliable because it does not state which formulation of Durasoil was tested or that the product was in its original form when tested. The report does not include a chain of custody, which would show that the product was in its original form and was untainted at the time of testing. Additionally, the report states that the product does not contain synthetic isoalkanes. While isoalkanes can be tested for in a product, there is no method of testing to determine whether the isoalkanes are synthetic. Moreover, Soilworks has testified that Durasoil is an inconsistent formulation of three possible ingredients. (See Falkenberg Depo., pp. 162-173.) Thus, at any time, Durasoil can contain one or two of these three possible ingredients in varying amounts. (Id.) Midwest has no possible way of determining which formulation of Durasoil purportedly was tested by this Mr. Spingarn as opposed to the formulation given to the Alaskan Department of Transportation in response to a bid specification calling for a product which met the claims of Midwest's patents. In fact, the test states that the product tested was "New Durasoil." Therefore, the report is unreliable

and the Court should exclude both Soilworks' untimely witness and report.

      D.     <u>The Court Should Issue an Order *In Limine* Preventing Soilworks From Presenting Any Evidence or Testimony About This Witness or Report.</u>

For the reasons stated above, Midwest also moves *in limine* for an order preventing Soilworks from introducing any evidence or testimony regarding this witness and report at trial. Any such introduction would be highly prejudicial to Midwest's case.

## III. CONCLUSION

For the foregoing reasons, the Court should prohibit Soilworks from supplementing the record with its untimely witness and report and should issue an order *in limine* to prevent Soilworks from presenting any testimony or evidence on this witness or report at trial.

Respectfully Submitted

By: /s/ Anastasia J. Wade
Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Anastasia J. Wade, 0082797 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: cmarvinney@brouse.com,
jskeriotis@brouse.com,
awade@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Facsimile: 602-263-1784
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant Midwest Industrial Supply, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **MIDWEST INDUSTRIAL SUPPLY, INC.'S OPPOSITION TO SOILWORKS, LLC'S UNTIMELY WITNESS AND REPORT AND MOTION IN LIMINE TO PREVENT EVIDENCE AND TESTIMONY OF THE SAME** has been electronically filed on this 11th day of March, 2009. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Anastasia J. Wade
Anastasia J. Wade

739031 v1