IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES DYMOND and JUDI DYMOND,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>SILVER SADDLES ENTERPRISES OF TUCSON, INC.,<br><br>　　　　Defendant. | No. CIV 08-184-TUC-CKJ<br><br>**ORDER** |

The Court, having reviewed the parties' Joint Report and having conducted a Scheduling Conference on July 17, 2008, **HEREBY ORDERS** that the parties abide by the following schedule and rules:

A. **Initial disclosures**, under Federal Rules of Civil Procedure ("Federal Rules") 26(a)(1), and the Corporate Disclosure Statement, under Federal Rules 7.1, shall be filed on or before **July 31, 2008**. The Court reminds the parties that to satisfy the requirement of Rule 26, the parties shall file a Notice of Service of discovery papers with the Clerk of the Court, rather than copies of actual disclosures. *See* Rules of Practice of the United States District Court for the District of Arizona, Civil ("Local Rules") 5.2.[1]

---

[1]As of August 1, 2005, CM/ECF was instituted in the District of Arizona. Although the parties file documents electronically under CM/ECF, they are still required to submit courtesy paper copies to Chambers for any document exceeding ten pages; courtesy copies are required for all filings except notices of discovery.

B. All parties are granted until **July 20, 2008**, to move to **join** additional parties or to **amend** their pleadings.

C. Plaintiffs' disclosure of **initial expert testimony** pursuant to Federal Rule 26(a)(2) shall take place on or before **November 17, 2008**. Defendants' disclosure of **expert testimony** pursuant to Federal Rule 26(a)(2) shall take place on or before **December 17, 2008**. Disclosure of Plaintiffs' rebuttal expert testimony shall take place on or before **January 17, 2009**.

D. Parties shall disclose the names of all **fact witnesses** to be used at trial pursuant to the provisions of Federal Rule 26(a)(3) on or before **October 17, 2008**.

E. All **discovery**, including depositions of parties, witnesses and experts, shall be completed by **January 17, 2009**.

    1. Generally, the limits on discovery by as set forth in Federal Rules 30, 31, and 33 shall apply: twenty-five (25) single-part question interrogatories, depositions of parties and respective experts, and not more than ten non-party fact witness depositions per party.

    2. Notwithstanding any provisions of the Federal Rules or any other provisions of this Order, non-party witnesses shall *not* be allowed to attend, physically, electronically or otherwise, the deposition of any other witness in this case without an Order of the Court to the contrary.

    3. Counsel are reminded of their duty under Federal Rule 26(e) to supplement all Rule 26(a) disclosures and responses to discovery requests. Pursuant to Rule 26(e)(1), any additions or other changes to information previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial Disclosures are due. *This Order contemplates that all exhibits and witnesses that may be offered at trial will have been disclosed before the close of discovery.* This Order, therefore, supersedes the "30 days before trial" disclosure deadline contained in Rule 26(a)(3). Therefore, (1) failure to timely supplement Rule 26(a) disclosure, including but not limited to witnesses and exhibits, or (2) failure to timely supplement responses to any valid discovery requests, or (3) attempting to include any

witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner as to allow for meaningful discovery prior to the discovery cutoff date, may result in the exclusion of such evidence at trial or the imposition of sanctions.

    4. Pursuant to Local Rule 7.2(j), parties must personally consult and make a sincere effort to resolve a discovery dispute before seeking the Court's assistance. If the parties are unable to resolve a discovery dispute, the parties shall notify the Court by telephone at (520) 205-4550, and the Court will schedule a telephonic conference. Written briefs shall be filed only at the direction of the Court.

  F. **Dispositive motions** shall be filed on or before **February 17, 2009**.

    1. If a party seeks oral argument on a motion, he shall request it at the time the motion or response is filed, pursuant to Local Rule 7.2(f).

    2. Pursuant to Local Rule 7.2, parties may file a motion, response and reply. No additional briefing on a motion is allowed unless leave of Court is granted. Failure to file a response may be deemed a consent to a granting of the motion. A response must be served and filed within ten (10) days of service of the motion; the moving party has five (5) days from service to serve and file a reply. Federal Rule 56 motions for summary judgment and Federal Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction provide an exception to the above time limits – time for response is thirty (30) days and for reply fifteen (15) days. Unless otherwise permitted by the Court, a motion or response, inclusive of supporting memorandum but exclusive of attachments and statement of facts, shall not exceed seventeen (17) pages; a reply shall not exceed eleven (11) pages.

    3. Any pleading which is submitted with more than one exhibit must be accompanied by a Table of Contents. The exhibits must be **indexed with tabs** that correspond to the Table of Contents.

    4. Absent exigent circumstances, the Court will not consider pleadings which do not conform to these requirements.

  G. Counsel shall file a brief **Joint Settlement Status Report** (containing no specific settlement terms or offers) on or before **September 30, 2008**, and every **three (3)**

1 **months** thereafter. Should this action be resolved through settlement, the parties shall advise
2 the Court within ten (10) days of settlement. Should the parties wish to participate in a
3 Settlement Conference through the Court, they are directed to contact the Court at (520) 205-
4 4550. The parties are advised that the referral to a specific magistrate judge may be arranged
5 if so stipulated by the parties. Alternatively, referral will be made randomly.

6       H.     Counsel shall file a **Joint Proposed Pretrial Order** within **thirty (30) days after resolution of the dispositive motions** filed after the end of discovery. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **March 31, 2009**. The content of the proposed pretrial order shall include, but not be limited to, that prescribed in the **Form of Pretrial Order** attached hereto.

          1.     Pursuant to Federal Rule 37(c), the Court will not allow the parties to offer any exhibits, witnesses or other information that were not previously disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure, or not listed in the Proposed Pretrial Order, except for good cause.

          2.     The attorneys for each party who will be responsible for trial of the lawsuit shall appear and participate in a Pretrial Conference to be scheduled by the Court after receipt of the pretrial order. Because Pretrial Conferences are held for the parties' benefit, and because the parties' presence will facilitate frank discussion of the pertinent issues in the lawsuit, each party or a representative with binding settlement authority shall attend the Pretrial Conference.

          3.     At the Pretrial Conference, or within twenty-four (24) hours of it, parties shall contact the Court's Deputy Clerk for exhibit tags and forms for witness and exhibit lists. Counsel shall submit the witness and exhibit forms to the Deputy Clerk on the morning of trial. Copies of exhibits for the Judge shall be in a tabbed binder.

      I.     If the case will be tried to the Court, rather than to a jury, the parties shall submit with their Proposed Pretrial Order, **Proposed Findings of Fact and Conclusions of Law**. They shall be submitted in both written format and on disk in a format compatible with Corel WordPerfect.

1     J.     All non-dispositive motions shall be accompanied by a **form of order** for the Court's signature. Pursuant to Local Rule 7.1(b)(2), the form of order shall be prepared on a separate document containing the case caption. The form of order shall not contain the parties' letterhead.

    K.     **Motions for extensions** of any of the deadlines set forth above shall be governed by Federal Rule 16 and Local Rule 7.3. A motion for continuance shall be filed prior to the expiration of the deadline. *See* Local Rule 7.3. The schedule set forth in this Order may only be modified with leave of Court and upon a showing of good cause. *See* Federal Rule 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-10 (9th Cir. 1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond the scheduling order deadline). Additionally, any motion for continuance of a discovery deadline, including a stipulation, shall set forth specifically what discovery has been conducted to date, the discovery to be completed, and the reasons why discovery has not been completed within the deadline.

    L.     This order contemplates that each party will conduct discovery in such a manner as to complete, within the deadline, any and all discovery. "Last minute or eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

DATED this 17th day of July, 2008.

_____
Cindy K. Jorgenson
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| , | ) | |
| Plaintiff, | ) | |
| | ) | No. CIV    -TUC-CKJ |
| vs. | ) | |
| | ) | **PROPOSED JOINT PRETRIAL ORDER** |
| , | ) | |
| Defendant. | ) | |

Pursuant to the Scheduling Order entered _____, 20__, following is the Joint Proposed Final Pretrial Order to be considered at the pretrial conference.

**A.  COUNSEL FOR THE PARTIES**

Plaintiff(s):

Defendant(s):

**B.  STATEMENT OF JURISDICTION**

Cite the statute(s) that gives the Court jurisdiction, and whether jurisdiction is disputed.

(E.g.: Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. § 1332. Jurisdiction is (not) disputed.)

**C.  NATURE OF ACTION**

Provide a concise statement of the type of case, the cause of the action, and the relief sought.

(E.g.: This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift. The

| | | |
|---|---|---|
| 1 | | plaintiff contends that the forklift was defectively designed and manufactured by |
| 2 | | the defendant and that the defects were a producing cause of his injuries and |
| 3 | | damages.) |
| 4 | **D.** | **CONTENTIONS OF THE PARTIES** |
| 5 | | With respect to each count of the complaint, counterclaim or cross-claim, and to |
| 6 | | any defense, affirmative defense, or the rebuttal of a presumption where the burden |
| 7 | | of proof has shifted, the party having the burden of proof shall list the elements or |
| 8 | | standards that must be proved in order for the party to prevail on that claim or |
| 9 | | defense. |
| 10 | | (E.g.: In order to prevail on this products liability case, the plaintiff must prove the |
| 11 | | following elements . . . ) |
| 12 | | (E.g.: In order to defeat this products liability claim based on the statute of repose, |
| 13 | | the defendant must prove the following elements . . . ) |
| 14 | **E.** | **STIPULATIONS AND UNCONTESTED FACTS** |
| 15 | **F.** | **CONTESTED ISSUES OF FACT AND LAW** |
| 16 | **G.** | **LISTS OF WITNESSES** |
| 17 | | A jointly prepared list of witnesses, identifying each as either plaintiff's or |
| 18 | | defendant's and indicating whether a fact or expert witness, must accompany this |
| 19 | | proposed order. |
| 20 | | A brief statement as to the testimony of each expert witness must be included. |
| 21 | **H.** | **LIST OF EXHIBITS** |
| 22 | | Each party must submit with this proposed order a list of numbered exhibits, with a |
| 23 | | description of each containing sufficient information to identify the exhibit, and |
| 24 | | indicating whether an objection to its admission is anticipated. |
| 25 | | Exhibits should be marked according to instructions received from the court. |
| 26 | **I.** | **MOTIONS IN LIMINE** |
| 27 | | Motions in limine shall be filed and served upon each party with this proposed |
| 28 | | order. Any opposition shall be filed and served within ten (10) days. |

| | |
|---|---|
| **J.** | **LIST OF ANY PENDING MOTIONS** |
| **K.** | **PROBABLE LENGTH OF TRIAL** |
| **L.** | **FOR A BENCH TRIAL** |

Proposed findings of fact and conclusions of law shall be served and filed on each party with this proposed order.

**M.   FOR A JURY TRIAL**

Stipulated jury instructions shall be filed thirty (30) days before trial. Instructions which are not agreed upon, and a concise argument in support of the instruction, shall be filed and served upon each party thirty (30) days before trial. Objections to the non-agreed upon instructions shall be filed and served upon each party within ten (10) days.

**N.   CERTIFICATION**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1. All discovery has been completed.
2. The identity of each witness has been disclosed to opposing counsel.
3. Each exhibit listed herein: (a) is in existence; (b) is numbered, and: (c) has been disclosed and shown to opposing counsel.

**O.   ADOPTION**

The Court may adopt this proposed Joint Pretrial Order at the Pre-Trial Conference or subsequent hearing.

DATED this _____ day of _____, 20___.

APPROVED AS TO FORM AND CONTENT

_____          _____
Attorney for Plaintiff                                         Attorney for Defendant