Timothy A. Shimko (PRO HAC VICE) (OSBN 0006736)
TIMOTHY A. SHIMKO & ASSOCIATES
2010 Huntington Building
925 Euclid Ave.
Cleveland, Ohio 44115
Tel. (216) 241-8300
Fax (216) 241-2702

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| SHIMKO & PISCITELLI, et al., | ) | CASE NO. CV-04-78-PHX-FJM |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S REPLY TO** |
| | ) | **DEFENDANT WOODCOCK'S** |
| | ) | **MOTIONS TO COMPEL AND FOR** |
| | ) | **SANCTIONS** |
| PAUL WOODCOCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

NOW COME Plaintiffs and in response to Defendant Woodcocks' Motions to Compel and for Sanctions, respectfully requests that the Court deny their motions. Plaintiff has fully complied with the requests that Defendants Woodcocks cited in their brief to which they claim Plaintiff has failed to respond.

In the Woodcocks' brief, they claim that Plaintiff did not respond to the following interrogatory served on Plaintiff on February 15, 2008.

1. Itemize in detail all payments received from any Defendants or CORF related entities, including date, amount, and manner of payment (check, wire, etc.)

Defendants corresponding request for production of documents asked for:

1. Copies of all checks, wire transaction records, or other documents showing all payments, retainers, deposits, or other monies received from any of the Defendants or CORF related entities.
2. Copies of all internal accounting and bookkeeping records regarding all payments received in #1 above.
3. Copies of all bank account statement for the relevant periods showing any payments or wire transfers or other monies received from Defendants or CORF related entities.

In response to the interrogatory and these requests, Plaintiff provided **Exhibit B** to the Defendants, which is attached hereto for the Court's convenience. Exhibit B is a record of all payments received by the Plaintiffs, whether the checks were for the repayment of the Loan the Defendants now find so objectionable, or payments on account. Exhibit B reflects that Defendants wired funds or wrote checks to the Plaintiff totaling $603,816.80. (Of the checks deposited, checks totaling over $200,000 were returned for non-sufficient funds.)Exhibit B provided to the Woodcocks in February of this year sets forth whether the payment was by wire or by check, and it sets forth the date of the transaction with the bank, and the amount of each payment.

As support for that information, Plaintiff also provided copies of the firm's bank statements that Plaintiff had in its possession responsive to the interrogatory and the request. **Exhibit E,** attached hereto provided the statements from the Firm's bank recording all of the payments received by the Plaintiff that were deposited into that account. At the end of Exhibit E are copies of the only checks that plaintiff received from Defendants and retained. Taken, together, Exhibit B and Exhibit E fully answer the Woodcocks' interrogatories and requests that they cited in their brief, as not having been answered.

Additionally, the Woodcocks made no effort to work this dispute out with Plaintiff on an informal basis. Counsel made a demand for Plaintiff to supplement its interrogatories and requests, but did so without any specificity as to what he wanted supplemented. (See, Exhibit 1) Plaintiff

could not locate interrogatories or requests that had previously requested the information or records that the Woodcocks requested in their counsel's July 2, 2008 letter, relating to records of returned checks or payments. However, in his original production to Defendants in February, Plaintiff had already attached copies of five checks totaling $197,500.00 that were returned for non-sufficient funds to the end of Exhibit E.

Therefore, Plaintiff, believing that he had fully complied with all of the Defendants' previous requests, asked the Woodcocks to identify the interrogatories and requests they thought were unanswered. (See, Exhibit 2) Instead of attempting to work out whatever imaginary dispute he thought he was having with Plaintiff, Counsel for the Woodcocks responded by filing his motion to compel and his motion for sanctions. However, it is clear that the information and the documents that the Woodcocks requested in February of this year was timely and fully provided. The information Defendants had requested in response to the requests cited in their brief in support of this motion had been in Defendants' possession since February of this year.

Unless the Woodcocks can demonstrate how Plaintiff has failed to respond to their previous discovery requests, there is no basis for their motion to compel nor for their motion for sanctions. In fact, it is the Woodcocks' motion that violate Rule 11. There was never any basis for the Woodcocks' motions. Had their Counsel made any reasonable effort to work out whatever imaginary concerns he was having with Plaintiffs' previous production, this motion might never have been filed and Plaintiff would not have had to expend time responding to the motion, and the Court would not have to waste its resources and time on such a non-issue.

Plaintiff requests that the Court order sanctions against the Woodcocks and their Counsel for filing such a frivolous motion and requiring the Plaintiff and the Court to have to spend time and money to resolve what should never have been an issue.

RESPECTFULLY SUBMITTED ON this 13th day of August, 2008.

**TIMOTHY A. SHIMKO & ASSOCIATES**

By:   /s/ Timothy A. Shimko
     Timothy A. Shimko (OSBN 0006736)
     David A. Welling (OSBN 0075934)
     2010 Huntington Building
     925 Euclid Ave.
     Cleveland, Ohio 44115
     Tel. (216) 241-8300
     Fax (216) 241-2702

*Counsel for Plaintiffs*

**Certificate of Service**

COPY of the foregoing electronically filed and served this 13th day of August, 2008 upon:

Roger L. Cohen, Esq.
Jaburg & Wilk, P.C.
3200 North Central Avenue, Ste. 2000
Phoenix, Arizona 85012
rlc@jaburgwilk.com
*Counsel for Defendant Ross*

Richard J. McDaniel, Esq.
11811 N. Tatum Blvd., Ste. 1051
Phoenix, Arizona 84208
*Counsel for Defendants Woodcock*

*Served via regular U.S. Mail upon the following:*
Mr. and Mrs. David Goldfarb
11437 N. 53rd Place
Phoenix, Arizona 85254
*Defendants*

Milton and Kathi Guenther
3642 E. Rockwood
Phoenix, Arizona 84032
*Defendants in pro per*

/s/ Mildred Pacheco