**ROOFING WHOLESALE COMPANY, INC.**
**adv. JULIO CESAR CASTILLO**

**INDEX OF EXHIBITS**

**Exhibit**

A.      Summons, Complaint, Plaintiff's Certificate of Compulsory
Arbitration and Affidavit of Service

B.      Answer and Certificate Regarding Compulsory Arbitration

C.      Notice of Removal of Action Under 28 U.S.C. §§ 1331 and 1441(a)
filed in Maricopa County Superior Court

609522

# EXHIBIT A

SERVED 2/27/08

1  **YEN PILCH KOMADINA & FLEMMING, P.C.**
   6017 N. 15th Street
2  Phoenix, Arizona 85014
   (602) 241-0474
3  State Bar No. 00407400
   Caroline A. Pilch, State Bar No. 011041
4  Attorneys for Plaintiff

5  [ORIGINAL]

6                **MARICOPA COUNTY SUPERIOR COURT**

7                         **STATE OF ARIZONA**

8

9  JULIO CESAR CASTILLO,                     )   Case No.   CV 2008-003188
                                             )
10                   Plaintiff,              )
                                             )   **SUMMONS**
11  vs.                                      )
                                             )
12  ROOFING WHOLESALE COMPANY,               )
    INC., an Arizona corporation,            )   IF YOU WANT THE ADVICE OF A
13                                           )   LAWYER, YOU MAY WISH TO CONTACT
                     Defendant.              )   THE LAWYER REFERRAL SERVICE AT
14                                           )   602-257-4434 OR ON-LINE AT
    ─────────────────────────────           )   WWW.LAWYERFINDERS.ORG. LRS IS
15                                               SPONSORED BY THE MARICOPA
                                                 COUNTY BAR ASSOCIATION

16  THE STATE OF ARIZONA TO THE DEFENDANTS:

17            **ROOFING WHOLESALE COMPANY, INC.**

18       YOU ARE HEREBY SUMMONED and required to appear and defend, within the
    time applicable, in this action in this Court. If served within Arizona, you shall appear and
19  defend within 20 days after the service of the Summons and Complaint upon you, exclusive
    of the day of service. If served out of the State of Arizona--whether by direct service, by
20  registered or certified mail, or by publication--you shall appear and defend within 30 days
    after the service of the Summons and Complaint upon you is complete, exclusive of the day
21  of service. Where process is served upon the Arizona Director of Insurance as an insurer's
    attorney to receive service of legal process against it in this state, the insurer shall not be
22  required to appear, answer or plead until expiration of 40 days after date of such service
    upon the Director. Service by registered or certified mail without the State of Arizona is
23  complete 30 days after the date of filing the receipt and affidavit of service with the Court.
    Service by publication is complete 30 days after the date of first publication. Direct service is
24  complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete
    30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP**
25  **4; ARS §20-222, §28-502, §28-503.**

26       YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend
    within the time applicable, judgment by default may be rendered against you for the relief
    demanded in the Complaint.

1    YOU ARE CAUTIONED that in order to appear and defend, you must file an
2  Answer or proper response in writing with the Clerk of this Court, accompanied by the
   necessary filing fee, within the time required, and you are required to serve a copy of any
3  Answer or response upon the Plaintiff's attorney. **RCP 10(d); ARS §12-311; RCP 5.**

4    Requests for reasonable accommodation for persons with disabilities must be made to
   the division assigned to the case by parties at least three judicial days in advance of a
5  scheduled court proceeding.

6    You may obtain a copy of the summons and complaint from plaintiffs attorney:

7    Caroline A. Pilch, Esq.
     YEN PILCH KOMADINA & FLEMMING, P.C.
8    6017 North 15th Street
     Phoenix, Arizona 85014        FEB 1 1 2008
9
     SIGNED AND SEALED this date: _____
10
     MICHAEL K. JEANES, Clerk of the Superior Court
11

12    By _____
           Deputy Clerk
13

14

15

16

17

18
   S:\Active\Castillo,Julio\Pleadings\Summons.wpd
19

20

21

22

23

24

25

26

                                2

COPY

1   **YEN PILCH KOMADINA & FLEMMING, P.C.**
    6017 N. 15ᵗʰ Street
2   Phoenix, Arizona 85014              FEB 1 1 2008
    (602) 241-0474
3   State Bar No. 00407400
    Caroline A. Pilch, State Bar No. 011041
4   Attorneys for Plaintiff

5

6                **MARICOPA COUNTY SUPERIOR COURT**

7                        **STATE OF ARIZONA**

8

9   JULIO CESAR CASTILLO,              )   Case No.    CV2008-003188
                                       )
10                 Plaintiff,          )
                                       )   **COMPLAINT**
11  vs.                                )
                                       )   **(Wrongful Termination)**
12  ROOFING WHOLESALE COMPANY,         )   **(FMLA)**
    INC., an Arizona corporation,      )
13                                     )
                   Defendant.          )
14  ─────────────────────────────────  )

15       Plaintiff alleges:

16       1.    Plaintiff is a resident of Maricopa County, Arizona, and all events giving rise to

17             this action arose in Maricopa County, Arizona.

18       2.    Defendant Roofing Wholesale Company, Inc. is an Arizona corporation

19             authorized to do and doing business in Maricopa County, Arizona. Defendant

20             employs more than 50 people in the State of Arizona.

21       3.    All events herein alleged occurred in Maricopa County, Arizona.

22       4.    Plaintiff was formerly employed by Roofing Wholesale Company, Inc. as a

23             driver, having started employment with the company in May, 1997.

24       5.    On March 11, 2006 plaintiff was involved in a traffic accident while employed

25             by, and within the course and scope of his employment with, defendant. As a

26             result of this accident, plaintiff was injured.

1    6.  On April 18, 2007 plaintiff informed defendant that plaintiff had a serious

2        health condition which required plaintiff to have back surgery. Said surgery

3        would cause plaintiff to be unable to perform his job for a period of time, and

4        *Not Trw 2* thus, plaintiff had a need to be put on Family Medical Leave. Plaintiff also

5        advised defendant that plaintiff intended to file paperwork seeking to re-open

6        his workman's compensation case because his ongoing medical problems

7        related to the accident of March, 2006.

8    7.  Defendant, through its employee Michael O'Day, advised plaintiff to go home

9        and return to work once plaintiff's doctor had cleared plaintiff to return to

10       work. Defendant advised plaintiff that the appropriate paperwork for Family

11       Medical Leave would be mailed to plaintiff.  *Not Trw 2*

12   8.  Instead of placing plaintiff on FMLA as required by law, once requested,

13       *Not Trw 2* defendant fired plaintiff but did not bother to inform plaintiff for several

14       weeks.

15   9.  On May 2, 2007, plaintiff underwent surgery. While at home recovering,

16       plaintiff received a certified letter, on June 12, 2007, notifying plaintiff that his

17       insurance had been terminated effective May 31, 2007.

18   10. Plaintiff called the defendant to inquire and was advised that he was

19       terminated from his employment effective April 24, 2007.

20              **COUNT I – WRONGFUL TERMINATION**
                       **A.R.S. § 23-1501**
21

22   11. Plaintiff incorporates herein all allegations set forth in paragraphs 1 - 10 above.

23   *No* 12. Defendant terminated plaintiff in retaliation for plaintiff's exercise of his rights

24       under the workers compensation statutes contained in Title 23 of Arizona

25       Revised Statutes.

26

2

1   13.   Defendant wrongfully terminated the employment relationship in violation of
2         A.R.S. § 23-1501(3)(c)(iii)

3         **COUNT II – VIOLATION OF FAMILY MEDICAL LEAVE ACT**
          **(29 U.S.C. § 2601, et seq.)**
4
5   14.   Plaintiff incorporates herein all the allegations in paragraphs 1 through 10
          above.
6
7   15.   Plaintiff, on April 18, 2007, provided defendant notice of plaintiff's need for
8         Family Medical Leave Act. Plaintiff had a right to the benefits provided to
          employees pursuant to the Family Medical Leave Act.
9
10  16.   Defendant did not place plaintiff on family medical leave; but rather,
          defendant terminated plaintiff's employment.
11
12  17.   Defendant acted purposefully and in bad faith and intentionally denied
          plaintiffs his Family Medical Leave Act rights.
13
14  18.   Plaintiff is entitled to an award of liquidated damages due to plaintiff's
          unreasonable and wilful actions.
15
16                                          **DAMAGES**

17  19.   As a result of defendants' wrongful actions, plaintiff has lost wages and will
18        continue to lose wages in the future. Additionally, plaintiff has lost all of the
          benefits that come from full time employment.
19
20  20.   Plaintiff has suffered mental and emotional harm due to defendant's
21        outrageous conduct, and will continue to suffer mental and emotional harm in
          the future.
22
23  21.   Defendants acted intentionally, wilfully, wantonly, and with retaliatory animus
24        and did so without any regard to the harm such actions would cause the
          plaintiff, thus entitling plaintiff to punitive damages against defendants.
25
26  22.   Plaintiff has had to pay medical bills and expenses out of his own pocket, and

3

1           will continue to have to pay medical bills in the future.

2           23.     Plaintiff is entitled to an award of attorneys' fees and costs.

3           WHEREFORE, plaintiff requests that this Court: (a) reinstate plaintiff to his position

4   with the company, (b) award plaintiff compensatory damages including back pay and front

5   pay, (c) award plaintiff special damages, (d) award plaintiff liquidated damages, and (e) award

6   plaintiff punitive damages, (f) award plaintiff interest on the wages owed, (g) award plaintiff

7   attorneys' fees and costs, and (h) award plaintiff any other relief that may be appropriate,

8   pursuant to law.

9           DATED this ____ day of February, 2008.

10                                  **YEN PILCH KOMADINA & FLEMMING, P.C.**

11                          By _____

12                              Caroline A. Pilch
                                6017 N. 15th Street
13                              Phoenix, Arizona 85014
                                Attorneys for Plaintiff
14

15   S:\Active\Castillo.Julio\Pleadings\Complaint.Castillo.wpd

16

17

18

19

20

21

22

23

24

25

26

                                        4

| 1 | YEN PILCH KOMADINA & FLEMMING, P.C. | COPY |
|---|---|---|

1 | YEN PILCH KOMADINA & FLEMMING, P.C.
6017 N. 15th Street
2 | Phoenix, Arizona 85014
(602) 241-0474                                              FEB 1 1 2008
3 | State Bar No. 00407400
Caroline A. Pilch, State Bar No. 011041
4 | Attorneys for Plaintiff

YEN PILCH KOMADINA & FLEMMING, P.C.
6017 N. 15th Street
Phoenix, Arizona 85014
(602) 241-0474
State Bar No. 00407400
Caroline A. Pilch, State Bar No. 011041
Attorneys for Plaintiff

COPY

FEB 1 1 2008

## MARICOPA COUNTY SUPERIOR COURT

## STATE OF ARIZONA

| JULIO CESAR CASTILLO, | ) | Case No.   CV2008-003188 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **PLAINTIFF'S CERTIFICATE OF COMPULSORY ARBITRATION** |
| ROOFING WHOLESALE COMPANY, INC., an Arizona corporation, | ) | |
| Defendant. | ) | |

The undersigned certifies that he or she knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case is not subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

DATED this ____ day of February, 2008.

YEN PILCH KOMADINA & FLEMMING, P.C.

By _____
Caroline A. Pilch
6017 N. 15th Street
Phoenix, Arizona 85014
Attorneys for Plaintiff

S:\Active\Castillo,Julio\Pleadings\Cert.Arb.wpd

**LIDDY LEGAL SUPPORT SERVICES**

P.O. Box 2007
Phoenix, AZ 85001
Phone 602-297-0676 Fax 602-297-0670
www.LiddyLegal.com

Client File # Castillo v. Roofing

Account #   0070

Invoice #   74618

MICHAEL K. JEANES, CLERK
RECEIVED CCC #8
DOCUMENT DEPOSITORY

08 FEB 29 PM 3:46

FILED
BY M. Knot, DEP

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**JULIO CESAR CASTILLO**
**Plaintiff,**

vs.

**ROOFING WHOLESALE COMPANY,**
**INC., an Arizona corporation,**
**Defendants.**

**CERTIFICATE OF SERVICE**
**BY PRIVATE PROCESS SERVER**
**Case No. CV2008-003188**

**STATE OF ARIZONA**
**County of Maricopa**

The undersigned states: That I am a registered private process server in the county of MARICOPA, and an officer of the court.

On 2/25/08 I received a *Summons, Complaint and Certificate of Compulsory Arbitration* from the law offices of **Yen, Pilch Komadina & Flemming, P.C., (Caroline A. Pilch #011041)**, and in each instance I personally served a copy of each document listed above on those named below in the manner and at the time and place shown, that all services, except where noted were made within Maricopa County, Arizona.

Upon ROOFING WHOLESALE COMPANY, INC., on 2/27/08 at 2:08pm at 1649 E. Bethany Home Road, Phoenix, AZ 85016, by serving Roofing Wholesale Company, Inc., by leaving the set of documents with Thomas McLellan, Statutory Agent, a person authorized to accept service

**Date** February 27, 2008

Steve Incich #7401
Registered Officer of the Superior Court

| Item | Amount |
|------|--------|
| Service Of Process | 16.00 |
| Mileage | 21.60 |
| Doc. Prep Fee | 8.00 |

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

**Total**    $45.60

**Tax ID# 86-1021541**

# EXHIBIT B

BRYAN CAVE LLP, #00145700
Jay A. Zweig, #011153
Caroline K. Larsen, #022547
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
jay.zweig@bryancave.com
caroline.larsen@bryancave.com

Attorneys for Defendant

¹MICHAEL K. JEANES, CLERK
RECEIVED CCC #1
NIGHT DEPOSITORY

08 MAR 18 PM 5: 21

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JULIO CESAR CASTILLO,<br><br>Plaintiff,<br><br>vs.<br><br>ROOFING WHOLESALE COMPANY,<br>INC., an Arizona corporation,<br><br>Defendant. | Case No. CV2008-003188<br><br>**ANSWER**<br><br>(Assigned to Hon. Bethany Hicks) |

Defendant Roofing Wholesale Company, Inc. ("Roofing Wholesale") responds to the Complaint of Plaintiff Julio Cesar Castillo as follows:

1.      Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in ¶ 1 of the Complaint and, therefore, denies those allegations.

2.      Defendant admits the allegations in ¶ 2 of the Complaint

3.      Defendant denies the events alleged occurred, as those events are characterized in the Complaint.

4.      Defendant admits the allegations in ¶ 4 of the Complaint.

5.      To the extent the allegations in ¶ 5 of the Complaint state a legal conclusion, to which no response is necessary, Defendant denies those allegations.

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations in ¶ 5 of the Complaint and, therefore, denies the same.

6.      Defendant denies the allegations in ¶ 6 of the Complaint.

7.      Defendant denies the allegations in ¶ 7 of the Complaint.

8.      Defendant denies the allegations in ¶ 8 of the Complaint.

9.      Defendant avers that the letter speaks for itself. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations in ¶ 9 of the Complaint and, therefore, denies those allegations.

10.     Defendant denies the allegations in ¶ 10 of the Complaint.

## ANSWER TO COUNT I

11.     Defendant realleges and incorporates by reference its answering paragraphs 1 through 10, as if set forth herein in full.

12.     Defendant denies the allegations in ¶ 12 of the Complaint.

13.     Defendant denies the allegations in ¶ 13 of the Complaint.

## ANSWER TO COUNT II

14.     Defendant realleges and incorporates by reference its answering paragraphs 1 through 13, as if set forth herein in full.

15.     Defendant denies the allegations in ¶ 15 of the Complaint.

16.     Defendant denies the allegations in ¶ 16 of the Complaint.

17.     Defendant denies the allegations in ¶ 17 of the Complaint.

18.     Defendant denies the allegations in ¶ 18 of the Complaint.

## ANSWER TO DAMAGES CLAIMS

19.     Defendant denies the allegations in ¶ 19 of the Complaint.

20.     Defendant denies the allegations in ¶ 20 of the Complaint.

21.     Defendant denies the allegations in ¶ 21 of the Complaint.

22.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in ¶ 22 of the Complaint and, therefore, denies the same.

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

23.     Defendant denies the allegations in ¶ 23 of the Complaint.

**FURTHER AFFIRMATIVE DEFENSES**

In addition to its responses above, Defendant asserts the following affirmative defenses to Plaintiff's Complaint:

1.  Plaintiff is not entitled to any of the relief sought in his prayer for relief.

2.  Plaintiff fails to state a claim against Defendant upon which relief can be granted.

3.  Plaintiff's alleged damages, if any, were caused or contributed to by his own acts and omissions and not by Defendant.

4.  Plaintiff's claims are barred, in whole or in part, because of his failure to properly and adequately mitigate his damages, if any.

5.  The Complaint and each purported cause of action alleged therein fails to allege facts sufficient to allow the recovery of punitive damages from Defendant.

6.  Plaintiff is not entitled to recover the punitive damages alleged in the Complaint because such an award violates Defendant's rights under the Constitution of the United States of America and the Constitution of the State of Arizona, including but not limited to, Defendant's rights to (1) procedural due process under the Constitution of the State of Arizona and the Fourteenth Amendment of the Constitution of the United States of America; (2) substantive due process provided in the Constitution of the State of Arizona and the Fifth and Fourteenth Amendments of the Constitution of the United States of America; and (3) protection from excessive fines as provided by the Eighth Amendment of the Constitution of the United States of America.

7.  As discovery and further investigation of this matter may reveal affirmative defenses not presently known to Defendant, Defendant reserves the right to amend its Answer to add additional affirmative defenses that may be discovered during the course of this litigation, including, but not limited to, those listed in Rule 8(c), Arizona Rules of Civil Procedure.

1

**WHEREFORE,** Defendant prays for relief against Plaintiff as follows:

2    A.    that judgment be entered in Defendant's favor and that Plaintiff take

3    nothing thereby;

4    B.    that Defendant be awarded reasonable attorneys' fees and costs incurred

5    herein, pursuant to any and all applicable laws or court rules allowing such

6    recovery;

7    C.    that Defendant be awarded such further relief as the Court deems just and

8    proper.

9    DATED this 18th day of March, 2008.

10                                  BRYAN CAVE LLP

11

12                    By_____

13                          Jay A. Zweig
                            Caroline K. Larsen
14                          Two North Central Avenue, Suite 2200
                            Phoenix, AZ 85004-4406
15                          Attorneys for Defendant

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORIGINAL** of the foregoing filed
with the Clerk of the Superior Court
and a **COPY** mailed this 18th day
of March, 2008, to:

Caroline A. Pilch
Yen, Pilch, Komadina & Flemming, P.C.
6017 N. 15th Street
Phoenix, Arizona  85014
Attorneys for Plaintiff

BRYAN CAVE LLP, #00145700
Jay A. Zweig, #011153
Caroline K. Larsen, #022547
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
jay.zweig@bryancave.com
caroline.larsen@bryancave.com

Attorneys for Defendant

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JULIO CESAR CASTILLO, | Case No. CV2008-003188 |
| Plaintiff, | |
| vs. | **CERTIFICATE REGARDING COMPULSORY ARBITRATION** |
| ROOFING WHOLESALE COMPANY, INC., an Arizona corporation, | (Assigned to Hon. Bethany Hicks) |
| Defendant. | |

Pursuant to Rule 3.10(c), Maricopa County Local Rules of Practice, defendant Roofing Wholesale Company, Inc. certifies it does not controvert Plaintiff's certificate of compulsory arbitration stating that this case is not subject to compulsory arbitration.

DATED this 18th day of March, 2008.

BRYAN CAVE LLP

By _____

Jay A. Zweig
Caroline K. Larsen
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Attorneys for Defendant

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

**ORIGINAL** of the foregoing filed
with the Clerk of the Superior Court
and a **COPY** mailed this 18th day
of March, 2008, to:

Caroline A. Pilch
Yen, Pilch, Komadina & Flemming, P.C.
6017 N. 15th Street
Phoenix, Arizona 85014
Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

# EXHIBIT C

1 | BRYAN CAVE LLP, #00145700
2 | Jay A. Zweig, #011153
   | Caroline K. Larsen, #022547
3 | Two North Central Avenue, Suite 2200
   | Phoenix, Arizona 85004-4406
4 | Telephone: (602) 364-7000
5 | jay.zweig@bryancave.com
   | caroline.larsen@bryancave.com
6
7 | Attorneys for Defendant

8

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9

**IN AND FOR THE COUNTY OF MARICOPA**

10

11

JULIO CESAR CASTILLO,

12

Plaintiff,

Case No. CV2008-003188

13

vs.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 AND 1441(b)**

14

15 | ROOFING WHOLESALE COMPANY, INC., an Arizona corporation,

16

(Assigned to Hon. Bethany G. Hicks)

Defendant.

17

18

19 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20 | PLEASE TAKE NOTICE that Defendant Roofing Wholesale Company, Inc. has

21 | filed its Notice of Removal of this action with the United States District Court for the

22 | District of Arizona. A copy of the Notice of Removal filed with the United States

23 | District Court is attached hereto as Exhibit 1.

24

25

26

27

28

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

1    DATED this __19th__ day of March, 2008.

2                              BRYAN CAVE LLP

3

4                              By _____

5                                 Jay A. Zweig
                                  Caroline K. Larsen
6                                 Two North Central Avenue, Suite 2200
                                  Phoenix, AZ 85004-4406
7                                 Attorneys for Defendant

8

9    **ORIGINAL** filed and **COPY** of
     the foregoing hand-delivered
10   this 𝟷𝟷ᵗʰ day of March, 2008, to:

11   Honorable Bethany G. Hicks
12   MARICOPA COUNTY SUPERIOR COURT
     101 West Washington, Room 811
13   Phoenix, Arizona 85003

14   **COPY** of the foregoing mailed
15   this __19th__ day of March, 2008, to:

16   Caroline A. Pilch
17   Yen, Pilch, Komadina & Flemming, P.C.
     6017 N. 15th Street
18   Phoenix, Arizona 85014

19

20   _____

21

22

23

24

25

26

27

28

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

608715.1[0218823]                2